PL 94-583, 21 октября 1976 г., 90 Stat 2891

ОБЩИЕ ЗАКОНЫ СОЕДИНЕННЫХ ШТАТОВ

94-й Конгресс - Вторая сессия

Созыв 19 января 1976 г.

ДАННЫЕ ПРЕДОСТАВЛЕНЫ МИНИСТЕРСТВОМ ЮСТИЦИИ США. (СМ. ОБЪЕМ ОХВАТА)

Дополнения и удаления в этом документе не указаны.

PL 94-583 (HR 11315)

21 октября 1976 г.

Закон об определении юрисдикции судов Соединенных Штатов на предмет судебного преследования иностранных государств; обстоятельств, при которых иностранные государства пользуется иммунитетом от судебного преследования и при которых взыскание не может быть обращено на их имущество; и также других целей.

В том случае, если этот Закон будет принят Сенатом и Палатой представителей Соединенных Штатов Америки на собравшемся Конгрессе, этот закон может быть известен под названием «Закон об иностранном суверенном иммунитете 1976 г.». // титул 28 Свода законов США, 1 примечание. //

Раздел 2. (a) В эту главу 85 титула 28 Свода законов США вносятся поправки путем вставки непосредственно перед разделом 1331 следующего нового раздела:

«Раздел 1330.

// Титул 28 Свода законов США, 1330. //Иски против иностранных государств

"(a) Окружные суды имеют юрисдикцию суда первой инстанции вне зависимости от исковой суммы гражданского иска против иностранного государства, рассматриваемого без участия суда присяжных, как это определено в разделе 1603 (a) настоящего титула, в связи с любым требованием о защите прав в отношении конкретных лиц, касательно которых иностранное государство не имеет права иммунитета либо в соответствии с разделами 1605-1607 настоящего титула, либо в соответствии с применимым международным соглашении.

"(b) Персональная юрисдикция над иностранным государством существует в отношении каждого требования о защите прав, над которыми окружные суды имеют юрисдикцию в соответствии с подразделом (a), в тех случаях, когда вручение произошло в соответствии с разделом 1608 настоящего титула.

"(c) Для целей подраздела (b), подчинение юрисдикции суда со стороны иностранного государства не создает персональную юрисдикцию в отношении любого требования о защите прав, не возникающего в связи с любой сделкой или событием, перечисленными в разделе 1605-1607 настоящего титула."

(b) Путем вставки в главу анализа этой главы до:

"1331. Вопрос, относящийся к федеральной компетенции; исковая сумма; издержки."

следующего нового пункта:

"1330. Иски против иностранных государств.".

Раздел 3. В этот раздел 1332 титула 28 Свода законов США вносятся изменения путем вычеркивания подразделов (a) (2) и (3) с заменой их следующими формулировками:

"(2) гражданами Штата и гражданами или подданными иностранного государства;

"(3) гражданами разных Штатов, когда в качестве дополнительных сторон выступают граждане или подданные иностранных государств; и

"(4) иностранным государством, как определено в разделе 1603 (a) настоящего титула, выступающим в качестве истца, и гражданами Штата или разных Штатов.".

РАЗДЕЛ 4. (a) В титул 28 Свода законов США вносятся поправки путем вставки после главы 95 следующей новой главы:

"Глава 97. — ЮРИСДИКЦИОННЫЙ ИММУНИТЕТ ИНОСТРАННЫХ ГОСУДАРСТВ

"Раздел
"1602. Заключение и заявление о целевом назначении
"1603. Определения.
"1604. Иммунитет иностранного государства от юрисдикции.
"1605. Общие исключения из юрисдикционного иммунитета иностранного государства.
"1606. Степень ответственности.
1607. Встречные иски.
"1608. Вручение; срок для ответа, неявка.
"1609. Иммунитет от наложения ареста на имущество иностранного государства.
"1610. Исключения из иммунитета от наложения ареста на имущество.
"1611. Определенные виды имущества, пользующегося иммунитетом в исполнительном производстве

"Раздел 1602. // Титул 28 Свода законов США, 1602. // Заключение и заявление о целевом назначении

"Конгресс заключил, что рассмотрение судами США претензий иностранных государств на иммунитет от юрисдикции таких судов будет служить интересам правосудия и будет защищать права как иностранных государств, так и участников судебных споров в судах Соединенных Штатов. Согласно международному праву, государства не имеют иммунитета от юрисдикции иностранных судов в той мере, в какой это касается их коммерческой деятельности, и на их коммерческую собственность может быть обращено взыскание для удовлетворения судебных решений, вынесенных против них в связи с их коммерческой деятельностью. Претензии иностранных государств на иммунитет будут впредь рассматриваться судами США и судами Штатов в соответствии с принципами, изложенными в этой главе.

"Раздел 1603. // Титул 28 Свода законов США, 1603. // Определения

"Для целей настоящей главы:
"(a) «Иностранное государство», за исключением случаев, указанных в разделе 1608 настоящего титула, включает политическое образование иностранного государства, агентство или представительство иностранного государства, как они определяются в соответствии с подразделом (b).
(b) «Агентство или представительство иностранного государства» означает любое лицо, которое:
"(1) является самостоятельным юридическим лицом, корпорацией или другим юридическим лицом, и
"(2) является органом иностранного государства или его политическим образованием, или основная часть его акций или долевого участия в капитале принадлежит иностранному государству или его политическому образованию; и
"(3) не является ни гражданином Соединенных Штатов как определено в разделах 1332(c) и (e) настоящего титула, ни учреждено в соответствии с законодательством какой-либо третьей страны.
"(c) «Соединенные Штаты» включают в себя всю территорию и воды, континентальные или островные, подчиненные юрисдикции Соединенных Штатов.
"(d) «Коммерческая деятельность» означает постоянное ведение коммерческой деятельности или заключение отдельной коммерческой сделки или совершение действия. Коммерческий характер деятельности определяется природой ведения деятельности или заключенной отдельной сделки или совершенного действия, нежели их целью.
"(e) «Коммерческая деятельность, осуществляемая в Соединенных Штатах иностранным государством» означает коммерческую деятельность, осуществляемую таким государством и имеющую существенную связь с Соединенными Штатами.

"Раздел 1604.

// Титул 28 Свода законов США, 1604. // Иммунитет
иностранного государства от юрисдикции
С учетом международных соглашений, участником которых являются Соединенные Штаты, существующих во время вступления настоящего Закона в силу, иностранное государство обладает иммунитетом от юрисдикции в судах Соединенных Штатов и судах Штатов, за исключением положений, предусмотренных в разделах с 1605 по 1607 настоящей главы.

"Раздел 1605.

// Титул 28 Свода законов США, 1605. // Общие исключения из юрисдикционного иммунитета иностранного государства

"(a) Иностранное государство не пользуется иммунитетом от юрисдикции в судах Соединенных Штатов в любом деле: "(1) в котором иностранное государство отказалось от своего иммунитета явно выраженным или подразумеваемым образом, несмотря на любой отзыв данного отказа, которым иностранное государство намеревалось воспользоваться, за исключением тех случаев, когда это предусмотрено условиями отказа;

"(2) в котором иск основан на коммерческой деятельности, осуществляемой в Соединенных Штатах иностранным государством, или на действии, совершенном в Соединенных Штатах в связи с коммерческой деятельностью иностранного государства, осуществляемой в любом месте, или на действии, совершенном вне территории Соединенных Штатов в связи с коммерческой деятельностью иностранного государства в любом месте, и оказывающем непосредственный эффект на Соединенные Штаты;

"(3) в котором предметом разбирательства являются нарушенные согласно международному праву права собственности, и эта собственность или любая собственность, которая была обменена на такую собственность, находится в Соединенных Штатах и связана с коммерческой деятельностью, осуществляемой иностранным государством в Соединенных Штатах, или эта собственность или любая собственность, которая была обменена на такую собственность, принадлежит или используется агентством или представительством иностранного государства, и это агентство или представительство занимается коммерческой деятельностью в Соединенных Штатах;

"(4) в котором предметом разбирательства является право собственности в Соединенных Штатах, приобретенное путем правопреемства или дарения или право собственности на недвижимое имущество, находящееся в Соединенных Штатах;

"(5) в котором, если иное не предусмотрено в изложенном выше пункте (2), предъявлен иск о денежной компенсации за нанесение телесных повреждений или смерть, или имущественный (материальный) вред или убытки, причиненные в Соединенных Штатах и вызванные правонарушением или упущением иностранного государства или любого официального лица или сотрудника этого государства, действующего в пределах своих полномочии или должностных обязанностей:

"(A) любого искового требования, основанного либо на применении или осуществлении, либо на неспособности применения или осуществления дискреционных функций, независимо от того, имели ли место злоупотребления дискреционного усмотрения, или

"(B) любого искового требования, возникшего в связи со злонамеренным судебным преследованием, использованием судебной процедуры в незаконных целях, клеветой, оговором, искажением фактов, обманом или вмешательством в договорные права.

"(b) Иностранное государство не пользуется иммунитетом от юрисдикции в судах Соединенных Штатов в любом деле, в котором предъявляется иск в адмиралтейство для признания и удовлетворения права удержания судна или груза иностранного государства, которое вытекает из коммерческой деятельности иностранного государства: При условии, что:

"(1) уведомление об иске производится путем вручения копии повестки и искового заявления лицу (или его агенту), владеющему судном или грузом, в отношении которых заявлено право удержания судна или груза; при этом такое уведомление не считается доставленным и не может быть доставлено впоследствии, если судно или груз будут арестованы в соответствии с процессуальными документами, полученными от имени стороны, возбудившей иск, за исключением случая, когда такая сторона не была в курсе того, что судно или груз принадлежат соответствующему иностранному государству, и в этом случае считается, что получение процессуальных уведомлений является действительным вручением такого уведомления; и

"(2) уведомление иностранному государству о возбуждении иска, предусмотренное в разделе 1608 этого титула, инициируется в течение десяти дней либо с момента вручения уведомления, как указано в части (b) (1) настоящего раздела, либо в случае стороны, которая не была в курсе того, что судно или груз принадлежат иностранному государству, – с даты, когда такая сторона определила наличие интересов иностранного государства.

Во всех случаях, когда, когда уведомление доставляется в соответствии с подразделом (b) (1) настоящего раздела, морское залоговое право впоследствии считается личным (in personam) иском к иностранному государству, которое в это время является владельцем соответствующего судна или груза: Принимая во внимание, что суд не может вынести решение иностранному государству в размере, превышающем стоимость судна или груза, в отношении которого возникло морское залоговое право, в соответствии с подразделом (b) (1) этого раздела размер этой суммы должен быть определен на момент вручения уведомления.

"Раздел 1606.

// Титул 28 Свода законов США, 1606. // Степень ответственности

"|По любому требованию о защите прав, в отношении которого иностранное государство не обладает иммунитетом согласно разделу 1605 или 1607 настоящей главы, иностранное государство несет ответственность в такой же форме и степени, как и частное лицо в сходных обстоятельствах, при этом иностранное государство (за исключением его агентства или представительства) не несет ответственность по штрафным убыткам; тем не менее, в случае смерти, наступившей вследствие действия или упущения в месте, право которого прямо или посредством толкования предусматривает ответственность исключительно в виде штрафных убытков, иностранное государство несет

ответственность за реальные или фактические убытки, установленные по соображениям денежной заинтересованности в продолжении жизни умершего, которое имеет лицо, в чьих интересах предъявлен иск.

"Раздел 1607.

// Титул 28 Свода законов США, 1607. // Встречные иски

"В случае предъявления любого иска иностранным государством, или к которому иностранное государство присоединяется в судах Соединенных Штатов или судах Штата, иностранное государство не пользуется иммунитетом от встречного иска:

"a) на который иностранное государство не имело бы права согласно разделу 1605 настоящей главы, если бы требования были предъявлены в отдельном иске против иностранного государства; или

"b) возникающего из сделки или события, являющихся предметом требования иностранного государства; или "c) в той мере, в которой встречный иск не добивается защиты прав, превышающую по размеру суммы, или отличающуюся по характеру от той, которая испрашивается иностранным государством.

"Раздел 1608.

// Титул 28 Свода законов США, 1608. // Вручение; срок для ответа, неявка

"(a) Вручение в судах Соединенных Штатов и судах Штатов в адрес иностранного государства или политического подразделения иностранного государства должно производиться:

"(1) путем доставки копии повестки и искового заявления в соответствии с любой специальной договоренностью о вручении между истцом и иностранным государством или политическим образованием; или

"(2) в том случае, если никакой специальной договоренности не существует, – путем доставки копии повестки и искового заявления в соответствии с применимой международной конвенцией о вручении судебных документов; или

"(3) в том случае, если вручение не может быть произведено в соответствии с пунктами (1) или (2), –путем отправки копии повестки, искового заявления и уведомления об иске вместе с переводом каждого из этих документов на официальный язык иностранного государства посредством любого вида почтового отправления, требующего расписки в получении, которое должно быть адресовано и отправлено секретарем суда главе министерства иностранных дел соответствующего иностранного государства; или

"(4) если вручение не может быть произведено в течение 30 дней в соответствии с пунктом (3), – путем направления двух экземпляров повестки, искового заявления и уведомления об иске посредством любого вида почтового отправления, требующего расписки в получении, которое должно быть адресовано и отправлено секретарем суда Государственному секретарю в Вашингтоне, округ Колумбия, для передачи Директору отдела специальных консульских служб, при этом Государственный секретарь передает один экземпляр документов по дипломатическим каналам иностранному государству и направляют секретарю суда заверенную копию дипломатической ноты, указывающую, когда были переданы документы.

Как указано в этом подразделе, «уведомление об иске» означает адресованное иностранному государству уведомление по форме, установленной Государственным секретарем согласно нормативно-правовым положениям.

"(c) Вручение в судах Соединенных Штатов и судах Штатов в адрес агенства или представительства иностранного государства должно производиться:

"(1) путем доставки копии повестки и искового заявления в соответствии с любой специальной договоренностью о вручении между истцом и агенством или представительством иностранного государства; или

"(2) в том случае, если никакой специальной договоренности не существует, – путем доставки копии повестки и искового заявления либо должностному лицу, управляющему или генеральному агенту, либо любому иному агенту, уполномоченному в силу назначения или закона получать процессуальные документы в Соединенных Штатах; или в соответствии с применимой международной конвенцией о вручении судебных документов; или "(3) в том случае, если вручение не может быть произведено в соответствии с пунктами (1) или (2), но с обоснованным расчетом предназначено для предоставления фактического уведомления – путем вручения копии повестки и искового заявления вместе с переводом каждого из этих документов на официальный язык иностранного государства:

"(A) в соответствии с указаниями иностранного государства или политического образования в ответ на судебное поручение или запрос, или

"(B) посредством любого вида почтового отправления, требующего расписки в получении, которое должно быть адресовано и отправлено секретарем суда агенству или представительству, которым должно быть произведено вручение, или

"(C) согласно приказу суда в соответствии с законом места, где должно быть произведено вручение.

"(c) Вручение будет считаться произведенным:

"(1) в случае вручения согласно подразделу (a) (4) – на дату передачи, указанную в заверенной копии дипломатической ноты; и

"(2) в любом другом случае согласно настоящему разделу – на дату получения, указанную в подтверждающем документе, подписанном уведомлении о вручении или другом документе, подтверждающем вручение, применимом к используемому методу вручения.

"(d) По любому иску, возбужденному в суде Соединенных Штатов или суде Штата, иностранное государство, его политическое образование либо какое-либо агентство или представительство иностранного государства должны вручить ответ или другое ответное заявление на исковое заявление в течение шестидесяти дней после того, как было произведено вручение согласно этому разделу.

"(e) Против иностранного государства, политического образования, агентства или представительства иностранного государства судом Соединенных Штатов или судом Штата не выносится никакое решение в порядке заочного судопроизводства, за исключением случаев, когда истец обосновывает свое требование или право на защиту при помощи доказательств, удовлетворительных для суда. Копия любого такого судебного решения в пользу истца вследствие неявки ответчика должна быть направлена иностранному государству или его политическому образованию в порядке, установленном этим разделом для произведения вручения.

"Раздел 1609.

// Титул 28 Свода законов США, 1609. // Иммунитет от наложения ареста на имущество иностранного государства

"С учетом международных соглашений, участниками которых являются Соединенные Штаты, существующих в момент вступления в силу настоящего Закона, имущество иностранного государства в Соединенных Штатах пользуется иммунитетом от наложения ареста, за исключением положений, предусмотренных в разделах 1610 и 1611 настоящей главы.

"Раздел 1610.

// Титул 28 Свода законов США, 1610. //Исключения из иммунитета от наложения ареста на имущество

"(a) Имущество иностранного государства в Соединенных Штатах, как оно определено в разделе 1603 (a) настоящей главы, используемое для коммерческой деятельности в Соединенных Штатах, не пользуется иммунитетом от наложения ареста на имущество в исполнительном производстве или по исполнительному листу, по судебному решению, принятому судом Соединенных Штатов или судом Штата после вступления в силу настоящего Закона, если:

"(1) иностранное государство отказалось от своего иммунитета от наложения ареста на имущество в исполнительном производстве или по исполнительному листу явно выраженным или подразумеваемым способом, несмотря на любой отзыв отказа, которым иностранное государство намеревалось воспользоваться, за исключением тех случаев, когда это предусмотрено условиями отказа; или

"(2) имущество используется или использовалось для коммерческой деятельности, на которой основывается исковое требование, или

"(3) исполнительное производство осуществляется по судебному решению, устанавливающему право собственности, которое согласно международному праву было нарушено, или эта собственность была обменена на собственность, право на которую было нарушено, или

"(4) исполнительное производство осуществляется по судебному решению, устанавливающему право собственности,

"(A) которая приобретается путем правопреемства или дарения, или

"(B) которая является недвижимым имуществом с нахождением в Соединенных Штатах: При этом следует иметь в виду, что назначением такого имущества не является обеспечение дипломатической или консульской миссии или резиденции главы такой миссии, или

"(5) имущество состоит из любого договорного обязательства или выручки, поступающей из такого договорного обязательства для возмещения или восстановления ущерба иностранному государству или его работникам в соответствии с полисом о страховании автотранспортных средств или иной ответственности, или о страховании от несчастных случаев, представляющим собой страховое покрытие искового требования, по которому вынесено судебное решение.

"(b) В дополнение подразделу (4), любое имущество агентства или представительства иностранного государства в Соединенных Штатах, используемое для коммерческой деятельности в Соединенных Штатах, не пользуется иммунитетом от наложения ареста на имущество в исполнительном производстве или по исполнительному листу по судебному решению, вынесенному судом Соединенных Штатов или судом Штата после вступления в силу настоящего Закона, если:

"(1) агентство или представительство отказалось от своего иммунитета от наложения ареста на имущество в исполнительном производстве или по исполнительному листу явно выраженным или подразумеваемым образом, несмотря на любой отзыв отказа, которым агентство или представительство намеревалось воспользоваться, за исключением тех случаев, когда это предусмотрено условиями отказа; или

"(2) судебное решение касается требования, в отношении которого агентство или представительство не пользуется иммунитетом согласно разделам 1605 (a) 2, 3 или 5, или 1605 (b) настоящей главы, независимо от того используется/использовалось ли имущество в деятельности, на которой основано требование, или нет.

"(c) Никакое наложение ареста на имущество или исполнительное производство, предусмотренное в частях (a) и (b) настоящего раздела, не будет разрешено до тех пор, пока суд не вынесет приказ о таком наложении ареста на имущество в исполнительном производстве после установления того, что истек обоснованно необходимый срок после вынесения судебного решения и вручения любых уведомлений, предусмотренных разделом 1608 (a) настоящей главы.

"(d) Имущество иностранного государства, как оно определено в разделе 1603 (a) настоящей главы, используемое в коммерческой деятельности в Соединенных Штатах, не пользуется иммунитетом от наложения ареста до вынесения судебного решения по любому предъявленному иску в суде Соединенных Штатов или суде Штата или до истечения срока, предусмотренного в подразделе (c) настоящего раздела, если:

"(1) иностранное государство явно выраженным образом отказалось от иммунитета от наложения ареста на имущество до вынесения судебного решения, несмотря на любой отзыв отказа, которым агентство или представительство намеревалось воспользоваться, за исключением тех случаев, когда это предусмотрено условиями отказа; и

"(2) цель наложения ареста на имущество заключается в обеспечении исполнения судебного решения, которое было вынесено или в конечном итоге может быть вынесено против иностранного государства, а не в приобретении юрисдикции.

"Раздел 1611.

// Титул 28 Свода законов США, 1611. // Некоторые виды собственности, пользующиеся иммунитетом от принудительного исполнения

"(a) Несмотря на положения раздела 1610 настоящей главы, имущество тех организаций, которые определены Президентом как обладающие привилегиями, льготами и иммунитетом как предусмотрено Законом об иммунитетах и привилегиях международных организаций// Титул 22 Свода законов США, примечание. // не подлежат наложению ареста или любому другому судебному процессу, препятствующему выплатам из фондов иностранному государству или по его приказу как результат подачи иска в суд Соединенных Штатов или суд Штата.

"(b) Несмотря на положения раздела 1610 настоящей главы, имущество иностранного государства пользуется иммунитетом от наложения ареста и от исполнительного производства, если:

"(1) эта собственность является собственностью иностранного центрального банка или финансового органа, которой они владеют для своей собственной выгоды, за исключением тех случаев, когда такой банк или орган, или правительство иностранного государства, которому они принадлежат, не отказались явно выраженным образом от иммунитета от наложения ареста на имущество в исполнительном производстве или по исполнительному листу, несмотря на любой отзыв отказа, которым банк, государственный орган или правительство намеревались воспользоваться, за исключением тех случаев, когда это предусмотрено условиями отказа; и

"(2) имущество используется или его намеревались использовать в связи с военной деятельностью; и

"(A) в деятельности военного характера, или

"(B) в деятельности, контролируемой военным ведомством или органом обороны."

(b) что в анализ «ЧАСТИ IV. - ЮРИСДИКЦИЯ И МЕСТО РАССМОТРЕНИЯ СПОРОВ» Титула 28 Свода законов США, внесены поправки путем вставки после:

"95. Суд по таможенным делам", следующего нового пункта:

"97. Юрисдикционный иммунитет иностранных государств.".

РАЗДЕЛ 5. Что в раздел 1391 титула 28 Свода законов США вносятся поправки путем добавления в конце этого раздела следующего нового подраздела:

"(f) Гражданский иск против иностранного государства как определено в разделе 1603(a) настоящего титула, может быть возбужден:

"(1) в любом судебном округе, на юрисдикционной территории которого произошла значительная часть событий или бездействия, послуживших основанием для иска, или находится существенная часть имущества, являющегося предметом иска;

"(2) в любом судебном округе, в котором находится судно или груз иностранного государства, если иск подан в соответствии с разделом 1605(b) настоящего титула;

"(3) в любом судебном округе, в котором агентство или представительство лицензированы для ведения коммерческой деятельности или ведут коммерческую деятельность, если иск возбужден против агентства или представительства иностранного государства, как определено в соответствии с разделом 1603(b) настоящего титула; или

"(4) в окружном суде Соединенных Штатов по округу Колумбия, если иск возбужден против иностранного государства или его политического образования.

РАЗДЕЛ 6. Что в раздел 1441 титула 28 Свода законов США вносятся поправки путем добавления в конце этого раздела следующего нового подраздела:

"(d) Любой гражданский иск, возбужденный в суде Штата против иностранного государства, как это определено в

разделе 1603(a) настоящего титула, может быть передан иностранным государством в окружной суд Соединенных Штатов того округа и подразделения, в пределах территориальной юрисдикции которого такой иск подлежит рассмотрению. Когда иск передан, он рассматривается судом без участия присяжных. В тех случаях, когда передача основана на этом подразделе, временные ограничения раздела 1446 (b) // Титул 28 Свода законов США 1446. // этой главы могут быть увеличены в любое время по указанной причине.".

Раздел 7. // Титул 28 Свода законов США, 1602, примечание. // Если какое-либо положение настоящего Закона или применение его к любому иностранному государству будет признано недействительным, то такая недействительность не влияет на действительность других положений или применений Закона, которые могут быть введены в действие без недействительного положения или применения, и с этой целью положения настоящего Закона являются автономными.

Раздел 8. // Титул 28 Свода законов США, 1602, примечание. // Настоящий Закон вступает в силу через девяносто дней после даты его принятия.

Утверждено 21 октября 1976 г.

ИСТОРИЯ ПРИНЯТИЯ ЗАКОНА:

Отчет в Палате представителей № 94-1487 (Судебный комитет).

ОТЧЕТ СЕНАТА № 94-1310, сопровождающий С. 3553 (Судебный комитет).

ОФИЦИАЛЬНЫЙ БЮЛЛЕТЕНЬ КОНГРЕССА, том. 122 (1976): 29 сентября, рассмотрен и принят в Палате представителей. 1 октября рассмотрен и принят в Сенате.

ЕЖЕНЕДЕЛЬНЫЙ СБОРНИК ПРЕЗИДЕНТСКИХ ДОКУМЕНТОВ, том. 12, № 43: 22 октября, Заявление Президента.

PL 94–583, 1976 HR 11315

Конец документа

© 2018 Thomson Reuters. Без претензий на оригинальные материалы правительства США.