**March 2018**

## INDIVIDUAL PRACTICES OF JUDGE JOHN G. KOELTL

Unless otherwise ordered by Judge Koeltl, matters before Judge Koeltl shall be conducted in accordance with the following practices:

**1.     Communications with Chambers**

**A.     Letters.**  Except as otherwise provided below, communications with the Court should be by letter, with copies simultaneously delivered to all counsel.  Unless there is a request to file a letter under seal or a letter contains sensitive or confidential information, **letters should be filed electronically on ECF**.  Courtesy copies are no longer accepted.  Letters to be filed under seal or containing sensitive or confidential information should be delivered to the Court by mail.  Whether filed electronically or not, letters may not exceed 3 pages in length.  Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).

**B.     Telephone Calls.**  Except as provided below, telephone calls to Chambers are permitted only in emergency situations requiring immediate attention.  In such situations only, call Chambers at (212) 805-0222 or (212) 805-0107.

**C.     Faxes**.  If necessary, faxes to Chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than 20 pages may be faxed without prior authorization.  **Do not follow with a hardcopy.** The fax number is (212) 805-7912.

**D.     Docketing, Scheduling, and Calendar Matters.**  For docketing, scheduling and calendar matters, call the Court Clerk, Mr. Don Fletcher at (212) 805-0107 between 9:00 A.M. and 5:00 P.M.

**E.     Requests for Adjournments or Extensions of Time**.  All requests for adjournment or extensions of time must be made in writing and filed on ECF as letter-motions. Courtesy copies are no longer accepted.  If a request contains sensitive or confidential information, it may be submitted by fax or mail in lieu of being filed electronically.  The letter-motion must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.  If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached.  If the request is for an adjournment of a court appearance, absent an emergency, it shall be made at least 48 hours prior to the scheduled appearance.

**F.    Letter-Motions.**  Letter-motions may be filed via ECF if they comply with the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions.  In particular, all requests for adjournments, extensions, and pre-motion conferences (including pre-motion conferences with respect to discovery disputes) should be filed as letter-motions.  Courtesy copies are no longer accepted. Letter-motions, together with any related exhibits, should not exceed 3 pages in length.

**G.    Sentencing Submissions.**  Except for submissions to be filed under seal, every document in a sentencing submission, including letters, must be filed on ECF.  Parties should assure that all sentencing submissions filed on ECF are redacted as necessary, and comply with Rule 49.1 of the Federal Rules of Criminal Procedure.  Letters should be grouped and filed together with attachments to a single document marked SENTENCING MEMORANDUM with the caption and docket number clearly indicated.  The defendant is responsible for filing all letters submitted on behalf of the defendant, including those from friends and relatives.  The Government is responsible for filing all letters from victims. Courtesy copies of all sentencing submissions should be provided to the Court promptly after they are field.

**H.    Urgent Communications.**  As a general matter, materials filed via ECF are reviewed by the Court the business day after they have been filed.  If your submission requires immediate attention, please notify Chambers by telephone or fax after you file via ECF.

**2.    Motions**

**A.    Initial Pretrial Conferences.** The parties are expected to confer with each other pursuant to Rule 26(f) of the Federal Rules of Civil Procedure before the initial conference with the Court.  The parties are expected to provide a Rule 26(f) report to the Court before the initial conference.

**B.    Pre-Motion Conferences in Civil Cases.**  For discovery motions, follow Local Civil Rule 37.2.  For motions other than discovery motions, a pre-motion conference with the court is required only before making a motion to dismiss, motion to amend or a motion for summary judgment.

**C.    Courtesy Copies.**  The moving party should furnish to Chambers **one** courtesy copy of all the motion papers (including papers in opposition to the motion) after the motion has been fully briefed. Each submission related to the motion should be filed on the docket promptly after service, **but the full set of courtesy copies should be furnished to chambers only once the motion is fully briefed.** Courtesy copies of pleadings, marked as such, shall be submitted to Chambers as soon as practicable after filing. For documents that are too lengthy to be stapled, the Court has a preference for binding on the side.  Velo binding is discouraged.  Parties are encouraged to print declarations with lengthy exhibits double sided, but memoranda of law should be single sided.

**D.      Memoranda of Law in Civil Cases.**  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 7,000 words or fewer, and reply memoranda are limited to 2,800 words or fewer. All memoranda shall contain a certificate signed by counsel stating the number of words in the brief and certifying that the brief complies with these formatting rules. All memoranda shall contain a table of contents and a table of authorities. The cover page, certification of compliance, table of contents, and table of authorities shall not be included in any word count. All memoranda should be double spaced, in legible font, and with reasonable margins. All footnotes must be double spaced and in legible font. Parties should not omit statements of facts from memoranda submitted in connection with summary judgment motions; Local Rule 56.1 statements and supporting affidavits are not substitutes for statements of facts and should not be incorporated by reference.

**E.      Memoranda of Law in Criminal Cases.** There is no limitation with regard to pages or words for memoranda of law in criminal cases.

**F.      Filing of Motion Papers.**  Motion papers shall be filed and served on ECF for all ECF cases.  In non-ECF cases, such as Social Security cases and cases in which there is a Pro Se litigant, motion papers shall be filed in the Clerk's Office promptly after service.

**G.      Oral Argument on Motions.**  Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed.  The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**H.      Motion Schedule.**  Unless otherwise stipulated by the Court, the schedule for responses and replies to civil motions shall be that established by Local Civil Rule 6.1.

**3.      Notice of Court Orders and Judgments**

The Court will provide notice of entry of any order or judgment through the Electronic Filing System for all ECF cases.  The Court will no longer send facsimile copies of orders or judgments, except in cases which are not ECF cases and in extraordinary circumstances.  <u>See</u> Paragraph 10 of the Southern District Procedures for Electronic Case Filing.  <u>It remains the duty of the attorney for a party to review regularly the docket sheet of the case</u>.

**4.      Pretrial Procedures**

**A.      Joint Pretrial Orders**

In accordance with the Scheduling Order adopted by the Court, in all civil cases, the parties shall submit to the Court for its approval a joint pretrial order, which shall include the following:

iv.      The full caption of the action.

iv.     The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

v.      A brief statement by the plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

vi.     A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matters but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

vii.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

viii.   A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

ix.     Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

x.      A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

xi.     A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

xii.    A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B.      FLSA Actions**

Parties in FLSA actions that are not collective actions should abide by the attached Initial Discovery Protocols.

4

### C.      Filings Prior to Trial in Civil Cases

In accordance with the Scheduling Order adopted by the Court, in all civil cases, each party shall submit prior to the date scheduled for trial:

ii.      in jury cases, requests to charge and proposed voir dire questions.  When feasible, proposed jury charges should also be submitted on a  CD-ROM in Word or WordPerfect format;

iii.      in non-jury cases, proposed findings of fact and conclusions of law;

iv.      in all cases, motions addressing any evidentiary or other issues which should be resolved in limine; and

v.      in any case where a party believes it would be useful, a pretrial memorandum.

## 5.  Criminal Procedures

### A.      Presentence Referral/Investigation

1.      Defense counsel shall promptly schedule with the Probation Department a Pre‑Sentence interview of the defendant to occur within fourteen (14) days after the date of the defendant's guilty plea or verdict.

2.      The Assistant United States Attorney shall submit the prosecution case summary to the Probation Department within fourteen (14) days after the date of the defendant's guilty plea or verdict.

3.      Within twenty-eight (28) days of the plea or verdict, the Probation Department will complete its Pre-Sentence interview of the defendant or notify the judge why it was unable to do so.

4.      Fifty-five (55) days after the plea or verdict, the Probation Department will make its initial disclosure of the Pre-Sentence Investigation Report to the parties.

5.      Within fourteen (14) days of the initial disclosure, the parties must provide the Probation Department with any objections to the Pre-Sentence Investigation Report.

6.      Twenty-eight (28) days after its initial disclosure, the Probation Department will make its final disclosure of the Pre-Sentence Investigation Report to the parties; and,

7.      The time-table for preparation and completion of Pre-Sentence Investigation Reports is summarized as follows:

| Action | Date Completed |
|---|---|
| Guilty Plea or Verdict and Electronic Notification to Probation | Day 1 |
| Pre-Sentence Investigation Interview Scheduled and Prosecution Case Summary Submitted | Day 14 |
| Pre-Sentence-Investigation Interview Completed | Day 28 |
| Initial Disclosure of the Pre-Sentence Investigation Report | Day 55 |
| Objections by the Parties | Day 69 |
| Final Disclosure of the Pre-Sentence Investigation Report | Day 83 |

### B.    Timetable for Sentencing Submissions to the Court

1.    Defense submissions to the Court in connection with sentencing should be submitted 14 days prior to the sentencing date.

2.    The Government submissions to the Court in connection with sentencing should be submitted 8 days prior to the sentencing date.

3.    The defense and Government submissions should be filed on ECF after redacting any personal identifying information and any other information that may properly be redacted.  The parties should provide the Court courtesy copies of all sentencing submissions. The Court will file copies of the parties' submission in the record under seal along with the Pre-Sentence Report after sentencing.

# INITIAL DISCOVERY PROTOCOLS
## FOR FAIR LABOR STANDARDS ACT
## CASES NOT PLEADED AS COLLECTIVE ACTIONS

**January 2018**

The Federal Judicial Center is making this document available at the request of the Advisory Committee on Civil Rules, in furtherance of the Center's statutory mission to conduct and stimulate research and development for the improvement of judicial administration. While the Center regards the contents as responsible and valuable, this document does not reflect policy or recommendations of the Board of the Federal Judicial Center.

## <u>TABLE OF CONTENTS</u>

Page

Introduction ........................................................................................................ 1

FLSA Protocols Committee Roster ...................................................................... 3

Initial Discovery Protocols for Fair Labor Standards Act Cases ......................... 4

Standing Order for Certain Fair Labor Standards Act Cases ............................. 10

Interim Protective Order ................................................................................... 12

## INTRODUCTION

The Initial Discovery Protocols for Fair Labor Standards Act Cases Not Pleaded as Collective Actions (Initial Discovery Protocols) provide a new pretrial procedure for certain types of Fair Labor Standards Act (FLSA) cases. As described in the Initial Discovery Protocols, their intent is to "encourage the parties and their counsel to exchange information and documents early in the case, help frame the issues to be resolved, and plan for more efficient and targeted discovery." The Initial Discovery Protocols are designed to be implemented on an individual basis by judges throughout the United States District Courts.

The Initial Discovery Protocols are the second set of case-specific discovery protocols to be developed and implemented in the federal courts. The first set of protocols, the Initial Discovery Protocols for Employment Cases Alleging Adverse Action (Employment Protocols), were published as a pilot project by the FJC in November 2011.[1] The Employment Protocols were developed by a nationwide committee of attorneys with expertise in employment matters, and the project was facilitated by IAALS, the Institute for the Advancement of the American Legal System at the University of Denver. The Employment Protocols project grew out of the 2010 Conference on Civil Litigation at Duke University, sponsored by the Judicial Conference Advisory Committee on Civil Rules. During the conference, a wide range of attendees expressed support for the idea of case-type-specific "pattern discovery" as a possible solution to the problems of unnecessary cost and delay in the litigation process.

The Employment Protocols have been adopted by over 50 judges and on a district-wide basis in multiple jurisdictions around the country, including the District of Connecticut and the District of Oregon. The FJC issued a formal report on the pilot project in October 2015.[2] The report includes several key findings, including that there was less motions activity in pilot cases than in comparison cases. The average number of discovery motions filed was about half the average number in comparison cases, and both motions to dismiss and motions for summary judgment were less likely to be filed. In addition, the study found that it appears the pilot cases were more likely to settle.[3] The FJC issued a follow up Memorandum in 2016 noting the results of the FJC's ongoing research on the Employment Protocols pilot.[4]

Inspired by the results of the Initial Discovery Protocols for Employment Cases Alleging Adverse Action, and at the encouragement of Judge Lee Rosenthal, Chief Judge of the United States District Court of the Southern District of Texas, to consider pattern discovery for FLSA cases, IAALS formed a Committee with the goal of replicating the successes of the Employment

---

[1] FED. JUDICIAL CTR., PILOT PROJECT REGARDING INITIAL DISCOVERY PROTOCOLS FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTION (2011).
[2] EMERY G. LEE, III AND JASON A. CANTONE, FED. JUDICIAL CTR., REPORT ON PILOT PROJECT REGARDING INITIAL DISCOVERY PROTOCOLS FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTION (2015).
[3] *Id.* at 1.
[4] Memorandum from Emery G. Lee, III and Jason A. Cantone to the Judicial Conference Advisory Committee on Civil Rules (Oct. 26, 2016).

Protocols for another case type that is both prevalent in our federal district courts and lends itself well to pattern initial discovery.

As with the Employment Protocols, the committee was composed of a balanced group of highly experienced attorneys from across the country who regularly represent plaintiffs or defendants in FLSA matters. The Committee was co-chaired by Joseph Garrison and Chris Kitchel, who also co-chaired the Committee that developed the Employment Protocols, and IAALS supported and facilitated the effort throughout. Judge Lee Rosenthal and Judge John Koeltl, District Judge of the United States District Court of the Southern District of New York, played an instrumental role in this effort, each facilitating a meeting and providing important guidance and support.

The Committee worked diligently over the course of the project, meeting three times in person and holding numerous conference calls of the Plaintiff and Defense Sub-Committees. As with the Employment Protocols, the Committee's final product is the result of rigorous debate and compromise on both sides, inspired by the ultimate goal of improving the pretrial process in FLSA cases nationwide.

The Initial Discovery Protocols create a new category of information exchange, replacing initial disclosures with initial discovery specific to FLSA cases. This discovery is provided automatically by both sides within 30 days of the defendant's responsive pleading or motion. While the parties' subsequent right to discovery under the Federal Rules of Civil Procedure is not affected, the amount and type of information initially exchanged ought to focus the disputed issues, streamline the discovery process, and minimize opportunities for gamesmanship. The Initial Discovery Protocols are accompanied by a Standing Order for their implementation by individual judges, as well as an Interim Protective Order that the attorneys and the judge can use as a template for discussion.

The FJC's 2016 report noted that judges have applied the Employment Protocols "more widely than one would expect given the parameters in the pilot materials, such as in actions brought under the Fair Labor Standards Act or the Family Medical Leave Act."[5] It is the goal of these Initial Discovery Protocols to meet the needs of judges and litigants around the country seeking to implement pattern discovery in FLSA cases and to make the process in FLSA cases more efficient, more streamlined, and less costly.

---

[5] *Id.* at 1.

## FAIR LABOR STANDARDS ACT PROTOCOLS COMMITTEE ROSTER

William F. Allen
*Littler Mendelson*
*Washington, D.C.*

David Borgen
*Goldstein, Borgen, Dardarian & Ho*
*Oakland, CA*

Reena I. Desai
*Nichols Kaster*
*Minneapolis, MN*

Joseph D. Garrison
*Garrison, Levin-Epstein, Fitzgerald & Pirrotti, P.C.*
*New Haven, CT*

Chris Kitchel
*Stoel Rives*
*Portland, OR*

Michael D. Mandel
*McGuireWoods*
*Los Angeles, CA*

Dennis M. McClelland
*Phelps Dunbar LLP*
*Tampa, FL*

Camille Olson
*Seyfarth Shaw LLP*
*Chicago, IL*

Justin M. Swartz
*Outten & Golden LLP*
*New York, NY*

Douglas M. Werman
*Werman Salas PC*
*Chicago, IL*

**INITIAL DISCOVERY PROTOCOLS FOR FAIR LABOR STANDARDS ACT**
**<u>CASES NOT PLEADED AS COLLECTIVE ACTIONS</u>**

## PART 1: INTRODUCTION AND DEFINITIONS.

(1) Statement of purpose.

    a. These Initial Discovery Protocols apply to FLSA cases not pleaded as collective actions. The Protocols are designed to be implemented by trial judges throughout the United States District Courts. The Protocols encourage the parties and their counsel to exchange information and documents early in the case, help frame the issues to be resolved, and plan for more efficient and targeted discovery.

    b. Participating courts may implement the Initial Discovery Protocols by local rule or by standing, general, or individual case orders. The Protocols apply to cases alleging minimum wage and overtime violations under the FLSA (the "FLSA Claims"). If any party believes that there is good cause why a case should be exempted, in whole or in part, from the Protocols, that party may raise such reason with the Court.

    c. The Initial Discovery Protocols are not intended to preclude or modify the rights of any party for discovery as provided by the Federal Rules of Civil Procedure and other applicable local rules, but they are intended to supersede the parties' obligations to make initial disclosures under FRCP 26(a)(1) for the FLSA Claims.

    d. The Initial Discovery Protocols were prepared by a balanced group of highly experienced attorneys from across the country who regularly represent plaintiffs or defendants in FLSA matters. The Protocols require the exchange of information and documents routinely requested in FLSA cases. They are unlike initial disclosures under FRCP 26(a)(1) because they focus on the type of information most likely to be useful in narrowing the issues for FLSA cases.

(2) Definitions. The following definitions apply to cases proceeding under the Initial Discovery Protocols.

    a. ***Concerning***. The term "concerning" means referring to, describing, evidencing, or constituting.

    b. ***Document***. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in F.R.C.P. 34(a).

    c. ***Identify (Documents)***. When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document(or a copy) was to have been sent; or, alternatively, to produce the document.

    d. ***Identify (Persons)***. When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    e. ***Defendant***. Any person or entity alleged to be an employer or joint employer of the plaintiff(s) in the operative Complaint, unless otherwise specified.

    f. ***Plaintiff***. Any named individual(s) alleging FLSA Claim(s) in the operative Complaint.

(3) Instructions.

    a. For this Initial Discovery, the relevant time period begins two years before the date the initial Complaint was filed, or, if willfulness is alleged, three years. If the Plaintiff alleges a shorter relevant time period, then that is the time period for Initial Discovery.

    b. For this Initial Discovery, the relevant time period continues through the last date for which the Plaintiff seeks recovery or relief.

    c. This Initial Discovery is not subject to objections except for the reasons under FRCP 26(b)(2)(B) or on the grounds of privilege or work product. Documents withheld based on a claim of privilege or work product are subject to the provisions of FRCP 26(b)(5).

    d. If a partial or incomplete answer or production is provided, the responding party must state the reason that the answer or production is partial or incomplete.

    e. This Initial Discovery is subject to FRCP 26(e) on supplementation and FRCP 26(g) on certification of responses.

    f. This Initial Discovery is subject to FRCP 34(b)(2)(E) on form of production.

g. This Initial Discovery will be subject to the attached Interim Protective Order unless the parties agree or the court orders otherwise. The Interim Protective Order will remain in place only until the parties agree to or the court orders a different protective order. Absent agreement by the parties, the Interim Protective Order will not apply to subsequent discovery.

h. Prior to the production of documents by either Party to the other pursuant to the Initial Discovery Protocols, the Parties will meet and confer regarding the format (e.g. TIFF/text, searchable .pdf, Excel) for such production. This will not delay the timeframes for Initial Discovery absent ruling by the court.

## PART 2: PRODUCTION BY THE PLAINTIFF.

(1) Timing.

The Plaintiff's Initial Discovery must be provided within 30 days after the Defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

(2) Documents that the Plaintiff must produce to the Defendant.

a. Documents created or maintained by the Plaintiff recording time worked.

b. Documents created or maintained by the Plaintiff recording wages or other compensation paid or unpaid by the Defendant.[1]

c. If the Plaintiff reported or complained internally to the Defendant (including but not limited to supervisors or administrative departments, such as human resources, payroll, timekeeping or benefits) about the FLSA Claim(s), the report(s) or complaint(s) and any response that the Defendant provided to the Plaintiff.

d. Any offer letters, employment agreements, or compensation agreements for the Plaintiff.

e. Any sworn statements from individuals with information relevant to the FLSA Claim(s).

f. Documents that the Plaintiff relies on to support a claim of willful violation.

---

[1] This Initial Disclosure does not include personal tax returns or tax informational documents.

g.  All other documents that the Plaintiff relies on to support the Plaintiff's FLSA Claim(s).

(3) Information that the Plaintiff must produce to the Defendant.

a.  Identify persons the Plaintiff believes to have knowledge of the facts concerning the FLSA Claim(s) or defenses, and a brief description of that knowledge.

b.  Identify the start and end dates for the FLSA Claim(s);

c.  The Plaintiff's title or position and a brief description of the Plaintiff's job duties for the relevant time period.

d.  Describe the basis for the FLSA Claim(s).

e.  A computation of each category of damages claimed by the Plaintiff, including a) applicable dates, b) amounts of claimed unpaid wages, and c) the method used for computation (including applicable rates and hours).

f.  The names of the Plaintiff's supervisors during the relevant time period.

g.  If the Plaintiff reported or complained about the FLSA Claim(s) to any government agency, the identity of each such agency, the date(s) or such reports or complaints, and the outcome or status of each report or complaint.

h.  If the Plaintiff reported or complained to the Defendant (including but not limited to supervisors or administrative departments such as human resources, payroll, timekeeping or benefits) about the any FLSA Claim(s), state whether the report or complaint was written or oral, when the report or complaint(s) was made, to whom any report or complaint(s) were made, and any response provided by the Defendant.

## PART 3: PRODUCTION BY THE DEFENDANT.

(1) Timing.

The Defendant's Initial Discovery must be provided within 30 days after the Defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

(2) Documents that the Defendant must produce to the Plaintiff.

a.  Time and pay records created or maintained by the Defendant for the Plaintiff.

7

b.  If the Plaintiff reported or complained internally to the Defendant (including but not limited to supervisors or administrative departments, such as human resources, payroll, timekeeping or benefits) about the FLSA Claim(s), the report(s) or complaint(s) and any response that the Defendant provided to the Plaintiff.

c.  Any sworn statements from individuals with information relevant to the FLSA Claim(s).

d.  Documents that the Defendant relies on to support a claim that any alleged violation was in good faith.

e.  Any offer letters, employment agreements, or compensation agreements for the Plaintiff.

f.  Collective bargaining agreement(s) applicable to the Plaintiff.

g.  The job description for the position(s) the Plaintiff held during the relevant time period(s), if the job duties are at issue in the FLSA Claim(s).

h.  The Defendant's policies, procedures, or guidelines for compensation that are relevant to the FLSA Claim(s).

i.  The cover page, table of contents, and index of any employee handbook, code of conduct, or employment policies and procedures manual pertaining to compensation or time worked.

j.  Any other documents the Defendant relies on to support the defenses, affirmative defenses, and counterclaims to the FLSA Claim(s).

k.  Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(3)  Information that the Defendant must produce to the Plaintiff.

a.  Provide the following information related to the Plaintiff :
    1.  Start and end dates for work performed;
    2.  Work location(s);
    3.  Job title(s);
    4.  Employee or contractor identification number;

8

5. In cases alleging the misclassification of the Plaintiff, the classification status of the Plaintiff (i.e., exempt or non-exempt);

6. Immediate supervisor(s) and/or manager(s).

b. If the Defendant does not have a job description for the Plaintiff, a brief description of the Plaintiff's job duties for the relevant time period(s), if the job duties are at issue in the FLSA Claim(s).

c. Identify persons the Defendant believes to have knowledge of the facts concerning the FLSA Claim(s) or defenses, and a brief description of that knowledge.

d. If the Plaintiff reported or complained to the Defendant about the FLSA Claim(s), whether the report(s) or complaint(s) were written or oral, when the report(s) or complaint(s) were made, to whom any report(s) or complaint(s) were made, and any response(s) provided by the Defendant.

**UNITED STATES DISTRICT COURT**
**FOR THE _____ DISTRICT OF _____**
**_____ DIVISION**

| | |
|---|---|
| _____, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. _____ |
| | ) |
| _____, | )    Judge _____ |
| | ) |
| Defendant. | ) |

**STANDING ORDER FOR FAIR LABOR STANDARDS ACT CASES**
**NOT PLEADED AS COLLECTIVE ACTIONS**

This Court is implementing the **INITIAL DISCOVERY PROTOCOLS FOR FLSA CASES NOT PLEADED AS COLLECTIVE ACTIONS**, as supported by the Advisory Committee on Civil Rules. The Initial Discovery Protocols apply to FLSA cases not pleaded as collective actions.

Parties and counsel shall comply with the Initial Discovery Protocols, attached to this Order.  If any party believes that there is good cause why a particular case should be exempted from the Initial Discovery Protocols, in whole or in part, that party may raise the issue with the Court.

Within 30 days following the defendant's submission of a responsive pleading or motion, the parties shall provide to one another the documents and information described in the Initial Discovery Protocols for the relevant time period.  This obligation supersedes the parties' obligations to provide initial disclosures under FRCP 26(a)(1) for the FLSA Claims.  The parties

10

shall use the documents and information exchanged in accordance with the Initial Discovery Protocols to prepare the FRCP 26(f) discovery plan.

The parties' responses to the Initial Discovery Protocols shall comply with the FRCP obligations to certify and supplement discovery responses, as well as the form of production standards for documents and electronically stored information. As set forth in the Protocols, this Initial Discovery is not subject to objections, except upon the grounds set forth in FRCP 26(b)(2)(B) or on the grounds of privilege or work product. Documents withheld based on a claim of privilege or work product are subject to the provisions of FRCP 26(b)(5).

ENTER:

Dated:_____                _____

                                          [Name]

                                          United States [District/Magistrate] Judge

The Initial Discovery Protocols for FLSA Cases Not Pleaded as Collective Actions are designed to achieve the goal of more efficient and targeted discovery.  Immediate entry of a protective order will allow the parties to commence discovery without delay.  In furtherance of that goal, the FLSA Protocols Committee offers the following Interim Protective Order.  The Interim Protective Order will remain in place only until the parties agree to or the court orders a different protective order. Absent agreement by the parties, the Interim Protective Order will not apply to subsequent discovery. Recognizing that the decision to enter a protective order, as well as the parameters of any such order, rests within the Court's sound discretion and is subject to local practice, the following provisions are options from which the Court might select.

## <u>INTERIM PROTECTIVE ORDER</u>

It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. ☐  Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client.  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2. ☐  Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. ☐  In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. ☐  Information or documents designated as "confidential" shall not be disclosed to any person, except:

   a. ☐  The requesting party and counsel, including in-house counsel;

   b. ☐  Employees of such counsel assigned to and necessary to assist in the litigation;

    c.   ☐  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.   ☐  Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

    e.   ☐  The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5.   ☐  Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

    a.   ☐  inform the person of the confidential nature of the information and documents; and

    b.   ☐  inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6.   ☐  The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.  In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7.   ☐  The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.   ☐  All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any

applicable rules of court) and kept under seal until further order of the Court.  To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition.  Where possible, only confidential portions of filings with the Court shall be filed under seal.

9.  ☐   At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.  This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.


_____     DATED:

Signed in the presence of:



_____

(Attorney)

15