**Март 2018**

## ИНДИВИДУАЛЬНЫЕ ПРИНЦИПЫ СУДЬИ ДЖОНА Г. КОУЛТЛА

Если судьей Коултлом не было принято иное, дела будут рассматриваться судьей Коултлом в соответствии со следующими принципами:

### 1. Коммуникации с кабинетом судьи

**A.**     **Письма.** Если ниже не указано иное, коммуникация с Судом осуществляется в письменном виде. Копии всех писем одновременно доставляются всем адвокатам. Если не был направлен запрос о направлении письма, скрепленного печатью, и если письмо не содержит конфиденциальную информацию, то **письма должны направляться в электронном виде через систему электронной передачи документов (ECF)**. Копии более не принимаются. Письма, скрепленные печатью, и письма, содержащие конфиденциальную информацию, доставляются в Суд по почте. Вне зависимости от способы доставки письма его длина не должна превышать 3 страниц. Письма, которыми обмениваются исключительно стороны между собой либо стороны обмениваются со своими адвокатами или другими лицами, и не адресуемые Суду, запрещено подавать в электронном виде через систему электронной передачи документов (ECF) либо иным способом направлять в Суд, за исключением случаев, когда такие письма являются приложением к надлежащим образом направляемому документу.

**B.**     **Телефонные звонки.** За исключением случаев, описанных ниже, телефонные звонки в кабинет судьи допускаются только в экстренных ситуациях, требующих немедленного внимания. Только в таких ситуациях в кабинет судьи можно позвонить по телефону (212) 805-0222 или (212) 805-0107.

**C.**     **Факсимильная связь**. Отправка документов по факсимильной связи в кабинет судьи допускается при необходимости только при условии, что копии документов одновременно отправляются по факсимильной связи или доставляются всем адвокатам. Отправка по факсимильной связи документов свыше 20 страниц допускается только по предварительному разрешению. **Не следует направлять физическую копию документа, отправленного по факсимильной связи.** Номер факса: (212) 805-7912.

**D.**     **Подготовка досье производства по делу, график и регистрация в календаре.** По вопросам, связанным с подготовкой досье производства по делу, графиком и регистрацией в календаре, обращайтесь к секретарю г-ну Дону Флетчеру (Mr. Don Fletcher) по телефону (212) 805-0107 с 09:00 до 17:00.

**E.**     **Запросы перерыва в судебном слушании и продления сроков**. Все запросы перерывов в судебном слушании и продления сроков должны быть оформлены в письменном виде и направлены через систему электронной передачи документов (ECF) в форме письма-ходатайства. Копии более не принимаются. Если в запросе содержится конфиденциальная информация, его можно отправить по факсимильной связи или почте (вместо электронной передачи). Письмо-ходатайство должно содержать: (1) дату, (2) количество предыдущих запросов перерыва в судебном слушании или продления сроков, (3) были ли предыдущие запросы одобрены или отклонены, (4) одобрен ли запрос противником, и если нет, то указанные им причины. Если запрошенный перерыв в судебном слушании или продление сроков влияет на даты других мероприятий, необходимо также приложить исправленное постановление в отношении графика (с указанием только рабочих дней). В случае направления запроса на перенос явки в суд при отсутствии чрезвычайных обстоятельств, такой запрос должен быть направлен не позднее 48 часов до запланированной явки.

1

**F.     Письма-ходатайства.** Письма-ходатайства могут направляться через систему электронной передачи документов (ECF), если они соответствуют локальным правилам Южного судебного округа Нью-Йорка и правилам и инструкциям электронной подачи документов Южного судебного округа Нью-Йорка. В частности, все запросы перерывов в судебном слушании, продления сроков и совещаний перед подачей ходатайств (включая консультации перед подачей ходатайств в отношении споров, связанных с раскрытием доказательств) должны подаваться в форме писем-ходатайств. Копии более не принимаются. Длина писем-ходатайств, а также всех сопутствующих им приложения, не может превышать 3 страниц.

**G.     Предоставление документации для вынесения судебного решения.** За исключением документации, скрепляемой печатью, каждый документ для вынесения судебного решения, включая письма, должен быть подан через систему электронной передачи документов (ECF). Сторонам необходимо убедиться в том, что вся документация для вынесения судебного решения, поданная через систему электронной передачи документов (ECF), включает все необходимые корректировки и соответствует статье 49.1 Уголовно-процессуального кодекса США. Письма группируются и направляются вместе с приложениями к единому документу под названием SENTENCING MEMORANDUM (Меморандом о вынесении судебного решения). Кроме того, письма должны содержать четко указанные заголовок и номер согласно досье производства по делу. Ответчик несет ответственность за подачу всех писем от имени ответчика, включая письма от друзей и родственников. Обвинение несет ответственность за подачу всех писем от пострадавших. Суду должны быть незамедлительно предоставлены копии документации для вынесения судебного решения после ее подачи.

**H.     Срочные коммуникации.** Обычно материалы, направленные через систему электронной передачи документов (ECF), рассматриваются Судом на следующий рабочий день. Если ваши материалы необходимо рассмотреть в срочном порядке, сообщите об этом в кабинет судьи по телефону или факсимильной связи после их подачи через систему электронной передачи документов (ECF).

**2.     Ходатайства**

**A.     Первоначальные досудебные совещания.** В соответствии со статьей 26(f) Федерального гражданского процессуального кодекса США, стороны должны провести совещание между собой, прежде чем проводить первоначальное досудебное совещание с Судом. Перед первоначальным сообщением стороны должны предоставить Суду отчет согласно статье 26(f).

**B.     Совещания перед подачей ходатайств в гражданско-правовых спорах.** В случае с ходатайствами в связи с раскрытием доказательств следуйте согласно статье 37.2 Местного гражданского процессуального кодекса. В случае со всеми остальными ходатайствами совещание с судом требуется только перед подачей ходатайства о прекращении дела, ходатайства о внесении поправок в дело или ходатайства об ускоренном судопроизводстве.

**C.     Копии.** Стороне, заявившей ходатайство, необходимо предоставить кабинету суд **одну** копию всей документации по ходатайству (включая документы против ходатайства) после краткого изложения ходатайства. Каждый пакет документов, относящийся к ходатайству, должен быть предоставлен в производство в кратчайшие сроки после вручения, **однако полный комплект копий должен быть предоставлен в кабинет судьи только после завершения краткого изложения ходатайства.** Копии заявлений оснований иска или защиты против иска, помеченные надлежащим образом, предоставляются в кабинет судьи при первой возможности после подачи. В случае если документ невозможно скрепить скобками, предпочтителен переплет сбоку. Не рекомендуется использовать переплет гребенкой. Сторонам рекомендуется распечатывать заявления с длинными приложениями с использованием двусторонней печати. Для юридической справки рекомендуется использовать одностороннюю печать.

**D.      Юридические справки в гражданско-правовых спорах.** Если заранее не было предоставлено соответствующего разрешения, объем юридической справки в поддержку или против ходатайства не должен превышать 7000 слов, а объем ответной справки не должен превышать 2800 слов. Юридическая справка должна содержать удостоверительную надпись, подписанную адвокатом, с указанием количества слов и удостоверением того, что документ составлен с соблюдением правил форматирования. Справка должна включать содержание и таблицу полномочий. Титульная страница, удостоверительная надпись, содержание и таблица полномочий при подсчете количества слов не учитываются. Справка должна быть набрана через двойной интервал читаемым шрифтом, с полями разумной ширины. Все сноски должны быть набраны через двойной интервал читаемым шрифтом. Сторонам не следует исключать изложения фактов из справок, подаваемых в связи с ходатайством об ускоренном судопроизводстве. Заявления согласно статье 56.1 Местного гражданского процессуального кодекса и подкрепляющие аффидавиты не заменяют собой изложения фактов и не должны включаться в документ путем ссылки.

**E.      Юридические справки в уголовно-правовых спорах.** В отношении количества страниц и слов в юридических справках в уголовно-правовых спорах ограничения отсутствуют.

**F.      Подача документации по ходатайству.** Документация по ходатайствам во всех делах, обрабатываемых с использованием системы электронной передачи документов (ECF) подается и вручается через систему электронной передачи документов (ECF). В случае если дело не обрабатывается при помощи системы электронной передачи документов (ECF), например, в случае с делами по социальному страхованию и делами, в которых сторона действует от собственного имени, документация по ходатайству подается через секретариат в кратчайшие сроки после вручения.

**G.      Судебные прения при ходатайствах.** Стороны могут запросить судебные прения путем направления письма во время подачи ходатайства или оспаривания либо во время подачи ответной документации. Суд определит, будет ли проводиться слушание, и в случае положительного решения сообщит адвокату дату проведения судебных прений.

**H.      График ходатайств.** Если Судом не постановлено иное, график предоставления ответов на ходатайства по гражданско-правовым спорам определяется в соответствии со статьей 6.1 Местного гражданского процессуального кодекса.

**3.      Уведомление о судебных постановлениях и решениях**

Суд предоставляет уведомление о вынесении постановления или решения через систему электронной передачи документов (ECF) для всех дел, обрабатываемых с использованием системы электронной передачи документов (ECF). Суд более не высылает копии постановлений или решений по факсимильной связи. Исключение составляют дела, не обрабатываемые с использованием системы электронной передачи документов (ECF), а также исключительные обстоятельства. См. параграф 10 Правил Южного судебного округа Нью-Йорка об электронной передаче исков. Адвокат стороны несет ответственность за осуществление регулярной проверки досье производства по делу.

**4.      Досудебное производство**

**A.      Совместные досудебные постановления**

В соответствии с принятым Судом постановлением в отношении графика, во всех гражданско-правовых спорах стороны обязаны подать в Суд на одобрение совместное досудебное постановление, содержащее следующее:

iv.      Полный заголовок иска.

iv.     Имена, адреса (включая названия предприятий), номера телефона и факса адвоката.

v.     Краткое заявление истца об основании посудности спора, а также краткое заявление каждой стороны о наличии или отсутствия подсудности спора. Данные заявления должны содержать ссылки на все законы, на которые полагаются стороны, а также на релевантные факты гражданства и минимальной суммы для юрисдикции данного суда.

vi.     Предоставленное каждой стороной краткое описание подлежащих судебному рассмотрению претензий и возражений, без перечисления доказательств, но со ссылками на соответствующие законы. Описания также должны содержать все предыдущие претензии и возражения, не подлежащие судебному рассмотрению.

vii.     Заявление каждой стороны в отношении того, должен ли иск рассматриваться с использованием суда присяжных или без него, а также в отношении длительности судебного разбирательства в днях.

viii.     Заявление в отношении того, согласны ли все стороны на рассмотрение дела мировым судьей (без указания конкретных сторон).

ix.     Требования или согласованные всеми сторонами изложения фактов либо законов.

x.     Заявление каждой стороны в отношении свидетелей, чьи показания будут приведены в рамках основного аргумента с указанием того, будут ли свидетели давать показания лично или в письменном виде.

xi.     Предоставленное каждой стороной уведомление об используемых в рамках основного аргумента показаниях, предоставленных в письменном виде, включая предоставляемые встречные материалы и возражения прочих сторон.

xii.     Предоставленный каждой стороной список приложений, используемых в рамках основного аргумента. Приложения, в отношении подлинности которых у сторон отсутствуют возражения, отмечаются одной звездочкой. Приложения, в отношении которых у всех сторон отсутствуют любые возражения, отмечаются двумя звездочками.

**B.**     **Иски по Закону о справедливых трудовых стандартах (FLSA)**

Стороны исков по закону FLSA, не являющихся коллективными исками, должны соблюдать приложенные протоколы первоначального раскрытия доказательств.

**C.** **Досудебная подача документации в гражданско-правовых спорах**

В соответствии с принятым Судом постановлением в отношении графика, во всех гражданско-правовых спорах, до даты проведения суда каждая из сторон должна предоставить следующее:

ii.      если дело рассматривается с участием присяжных: напутственное обращение к присяжным и предлагаемые вопросы для проведения собеседования с кандидатами в присяжные заседатели. Если возможно, предлагаемые напутственные обращения к присяжным также должны быть предоставлены на CD-ROM в формате Word или WordPerfect;

iii.     если дело рассматривается без участия присяжных: предлагаемые фактические заключения и заключения о применимых нормах права;

iv.     во всех случаях: ходатайства в отношении любых доказательственных и прочих вопросов должны быть разрешены до начала разбирательства; и

v.      если какая-либо сторон считает, что таковое будет полезным, — досудебный меморандум.

**5.** **Уголовное судопроизводство**

**A.** **Передача на рассмотрение/расследование до вынесения приговора**

1.      Адвокату защиты следует в кратчайшие сроки назначить доприговорное собеседование подзащитного с Департаментом пробации в течение четырнадцати (14) дней с даты признания подзащитным вины либо вынесения решения о виновности.

2.      Помощник федерального прокурора США должен направить в Департамент пробации краткое изложение версии Обвинителя в течение четырнадцати (14) дней с даты признания подзащитным вины либо вынесения решения о виновности.

3.      В течение двадцати восьми (28) дней с даты признания подзащитным вины либо вынесения решения о виновности Департамент пробации проводит доприговорное собеседование с подзащитным либо уведомит судью о невозможности проведения такого собеседования.

4.      В течение пятидесяти пяти (55) дней с даты признания подзащитным вины либо вынесения решения о виновности Департамент пробации осуществляет первоначальное раскрытие сторонам Отчета о доприговорном расследовании.

5.      В течение четырнадцати (14) дней с даты первоначального раскрытия сторонам отчета стороны обязаны предоставить Департаменту пробации любые возражения в отношении Отчета о доприговорном расследовании.

6.      В течение двадцати восьми (28) дней с даты первоначального раскрытия сторонам отчета Департамент пробации осуществляет окончательное раскрытие сторонам Отчета о доприговорном расследовании; и

7.      График подготовки и завершения отчетов о доприговорных расследованиях:

| Иск | Дата завершения |
|---|---|
| Признание подзащитным вины либо вынесение решения о виновности и электронное уведомление Департамента пробации | День 1 |
| Назначается собеседование в рамках доприговорного расследования, подается краткое изложение версии Обвинителя | День 14 |
| Завершение собеседования в рамках доприговорного расследования | День 28 |
| Первоначальное раскрытие Отчета о доприговорном расследовании | День 55 |
| Прием возражений сторон | День 69 |
| Окончательное раскрытие Отчета о доприговорном расследовании | День 83 |

**B.      График подачи в Суд документации для вынесения судебного решения**

      1.      Защита должна предоставить в Суд документацию, относящуюся к вынесению судебного решения, за 14 дней до даты вынесения судебного решения.

      2.      Обвинение должно предоставить в Суд документацию, относящуюся к вынесению судебного решения, за 8 дней до даты вынесения судебного решения.

      3.      Защита и Обвинение должны предоставить документацию через систему электронной передачи документов (ECF), предварительно удалив персональные данные, позволяющие установить личность, а также прочую информацию, разрешенную к удалению. Сторонам следует предоставить в Суд копии всей документации для вынесения судебного решения. После вынесения судебного решения Суд приложит копии предоставленной сторонами документации к скрепленному печатью делу вместе с доприговорным отчетом.

**ПРОТОКОЛЫ ПЕРВОНАЧАЛЬНОГО РАСКРЫТИЯ ДОКАЗАТЕЛЬСТВ
ПО ЗАКОНУ О СПРАВЕДЛИВЫХ ТРУДОВЫХ СТАНДАРТАХ (FLSA)
ИСКИ, НЕ ЯВЛЯЮЩИЕСЯ ГРУППОВЫМИ**

**Январь 2018 г.**

Данный документ предоставлен Федеральным судебным центром по просьбе Консультативного совета по Гражданскому процессуальному кодексу в целях содействия исполнению законной миссии центра по проведению и поощрения исследовательской и развивающей деятельности для повышения качества работы судебной администрации. Несмотря на то, что Центр считает содержание данного документа ценным и ответственно составленным, данный документ не является правилом или рекомендацией Руководства Федерального судебного центра.

## **СОДЕРЖАНИЕ**

Страница

Введение ....................................................................................................................1

Реестр комитета по протоколам FLSA  ...............................................................3

Протоколы первоначального раскрытия доказательств исков по закону о справедливых трудовых стандартах (FLSA) ....................................................................................................................4

Регламент производства по некоторым искам по закону о справедливых трудовых стандартах ...... 10

Временный охранный судебный приказ..................................................................12

## **ВВЕДЕНИЕ**

Проколы первоначального раскрытия доказательств исков по закону о справедливых трудовых стандартах (FLSA), не являющихся коллективными (далее «Протоколы первоначального раскрытия доказательств») содержат новую досудебную процедуру, распространяющуюся на определенные виды исков FLSA. Как описано в Протоколах первоначального раскрытия доказательств, их целью являются «содействие обмену информацией и документацией между сторонами и их юридическими представителями на ранних этапах судопроизводства, оказание помощи в определении вопросов, подлежащих разрешению, и планирование более эффективного и целенаправленного процесса раскрытия доказательств». Протоколы первоначального раскрытия доказательств внедряются судьями в индивидуальном порядке во всех окружных судах США.

Протоколы первоначального раскрытия доказательств являются вторым видом протоколов первоначального раскрытия доказательств по конкретным искам. Эти протоколы разрабатываются и внедряются в федеральных судах. Первый тип протоколов — Протоколы первоначального раскрытия доказательств для исков, связанных с трудовой занятостью и вменяющих осуществление враждебных действий (далее «Трудовые протоколы») — публиковался Федеральным судебным центром в качестве пилотного проекта в ноябре 2011 г.[1] Трудовые протоколы были разработаны национальным комитетом адвокатов, обладающих значительным опытом в вопросах трудовой занятости. Проект был осуществлен при поддержке Института развития Американской юридической системы (IAALS) при Университете Денвера. Проект трудовых протоколов взял свое начало на конференции по гражданским процессам 2010 г. в Университете Дьюка при спонсорской поддержке Судебного консультативного комитета конференций по гражданскому процессуальному кодексу. Во время конференции многие участники поддержали идею создания типичного процесса раскрытия доказательств для конкретного типа исков. Такой процесс мог стать решением таких проблем, как неоправданные затраты и задержки судебного разбирательства.

Трудовые протоколы были приняты более чем 50 судьями, а также внедрены на всей территории судебных округов во многих юрисдикциях по всей стране, включая судебный округ штата Коннектикут и судебный округ штата Орегон. В октябре 2015 г. Федеральным судебным центром был опубликован официальный отчет о пилотном проекте.[2] Данный отчет включает несколько ключевых фактов, в том числе о том, что в пилотных исках осуществлялось меньше ходатайств в сравнении с аналогичными исками. Среднее количество поданных ходатайств в рамках раскрытия доказательств составило примерно половину числа ходатайств, поданных в аналогичных исках. Кроме того, сократилась вероятность подачи ходатайств о прекращении дела и об ускоренном судопроизводстве. Также исследование показало, что вероятность урегулирования была выше у исков, участвовавших в пилотном проекте.[3] В 2016 г. Федеральный судебный центр опубликовал меморандум о результатах текущего исследования пилотного проекта по трудовым протоколам.[4]

Вдохновившись результатами проекта, посвященного протоколам первоначального раскрытия доказательств по искам, связанным с трудовой занятостью и вменяющим осуществление враждебных действий, а также по совету судьи Ли Розенталь — старшей судьи окружного суда США Южного судебного округа штата Техас — рассмотреть типичный процесс раскрытия доказательств для исков по закону FLSA, институт IAALS создал комитет, целью которого стало повторение успеха пилотного проекта по трудовым протоколам в применении к другому типу исков, превалирующему в федеральных окружных судах страны и подходящему для использования типичного процесса раскрытия доказательств.

---

[1] ФЕДЕРАЛЬНЫЙ СУДЕБНЫЙ ЦЕНТР, ПИЛОТНЫЙ ПРОЕКТ ПО ПРОТОКОЛАМ ПЕРВОНАЧАЛЬНОГО РАСКРЫТИЯ ДОКАЗАТЕЛЬСТВ ПО ИСКАМ, СВЯЗАННЫМ С ТРУДОВОЙ ЗАНЯТОСТЬЮ И ВМЕНЯЮЩИМ ОСУЩЕСТВЛЕНИЕ ВРАЖДЕБНЫХ ДЕЙСТВИЙ (2011).

[2] ЭМЕРИ Г. ЛИ III И ДЖЕЙСОН А. КАНТОУН, ФЕДЕРАЛЬНЫЙ СУДЕБНЫЙ ЦЕНТР, ПИЛОТНЫЙ ПРОЕКТ ПО ПРОТОКОЛАМ ПЕРВОНАЧАЛЬНОГО РАСКРЫТИЯ ДОКАЗАТЕЛЬСТВ ПО ИСКАМ, СВЯЗАННЫМ С ТРУДОВОЙ ЗАНЯТОСТЬЮ И ВМЕНЯЮЩИМ ОСУЩЕСТВЛЕНИЕ ВРАЖДЕБНЫХ ДЕЙСТВИЙ (2015).

[3] *Id.* в 1.

[4] Меморандум Эмери Г. Ли III и Джейсона А. Кантоуна к Судебному консультативному комитету конференций по гражданскому процессуальному кодексу (26 октября 2016 г.).

Как и в случае с проектом по трудовым протоколам, в состав комитета вошла сбалансированная группа очень опытных адвокатов со всей страны, регулярно представляющих истцов и ответчиков по искам, связанным с FLSA. Председателями комитета стали Джозеф Гаррисон и Крис Китчел, которые также являлись председателями комитета, разработавшего трудовые протоколы. Институт IAALS в течение всего проекта оказывал поддержку комитету. Судья Ли Розенталь и судья Джон Коултл — окружной судья окружного суда США Южного судебного округа штата Нью-Йорк — сыграли важную роль в проекте за счет организации встреч и предоставления важных наставлений и поддержки.

Комитет прилежно работал в течение периода проекта: были проведены три личные встречи и многочисленные конференц-звонки подкомитетов истцов и ответчиков. Подобно проекту по трудовым протоколам, окончательный продукт работы комитета стал результатом активных дебатов и принятия компромиссов обеими сторонами. Все это делалось с конечной целью повышения качества досудебного процесса по искам FLSA по всей стране.

Протоколы первоначального раскрытия доказательств стали новой категорией обмена информацией, пришедшей на замену первоначальному раскрытию информации. Результатом стал процесс первоначального раскрытия доказательств, специально разработанный для исков FLSA. Раскрытие доказательств осуществляется обеими сторонами автоматически в течение 30 дней с даты ответного заявления или ходатайства обвиняемого. Стороны сохраняют права на раскрытие доказательств согласно Федеральному гражданскому процессуальному кодексу США, но при этом количество и тип информации, которой стороны обмениваются изначально, должны относиться строго к спорному вопросу, что ускоряет процесс раскрытия доказательств и сокращает возможности для использования сомнительных схем. Протоколы первоначального раскрытия доказательств сопровождаются регламентом по их внедрению для отдельных судей, а также временным охранным судебным приказом, который может использоваться адвокатами и судьей в качестве шаблона для ведения дискуссий.

В отчете Федерального судебного центра от 2016 года говорится, что судьи используют трудовые протоколы «активнее, чем можно было ожидать, учитывая параметры пилотных материалов, такие как количество исков, подпадающих под закон FLSA и Закон США об отпуске по семейным и медицинским причинам».[5] Целью настоящих протоколов первоначального раскрытия доказательств является удовлетворение потребностей судей и сторон судебных разбирательств в области внедрения типичного процесса раскрытия доказательств в исках FLSA, а также повышение эффективности, скорости и экономичности производства по искам FLSA.

---

[5] *Id.* в 1.

**РЕЕСТР КОМИТЕТА ПО ПРОТОКОЛАМ ПО ЗАКОНУ О СПРАВЕДЛИВЫХ ТРУДОВЫХ СТАНДАРТАХ**

Уильям Ф. Аллен
*Littler Mendelson*
*Вашингтон, округ Коламбия*

Дэвид Борген
*Goldstein, Borgen, Dardarian & Ho*
*Окленд, Калифорния*

Рина И. Десай
*Nichols Kaster*
*Миннеаполис, Миннесота*

Джозеф Д. Гаррисон
*Garrison, Levin-Epstein, Fitzgerald & Pirrotti, P.C.*
*Нью-Хейвен, Коннектикут*

Крис Китчел
*Stoel Rives*
*Портленд, Орегон*

Майкл Д. Мандел
*McGuireWoods*
*Лос-Анджелес, Калифорния*

Деннис М. МакКлелланд
*Phelps Dunbar LLP*
*Тампа, Флорида*

Камил Олсон
*Seyfarth Shaw LLP*
*Чикаго, Иллинойс*

Джастин М. Суортз
*Outten & Golden LLP*
*Нью-Йорк, Нью-Йорк*

Даглас М. Уэрман
*Werman Salas PC*
*Чикаго, Иллинойс*

**ПРОТОКОЛЫ ПЕРВОНАЧАЛЬНОГО РАСКРЫТИЯ ДОКАЗАТЕЛЬСТВ ПО ЗАКОНУ О СПРАВЕДЛИВЫХ ТРУДОВЫХ СТАНДАРТАХ (FLSA)**

**ИСКИ, НЕ ЯВЛЯЮЩИЕСЯ ГРУППОВЫМИ**

## ЧАСТЬ 1: ВВЕДЕНИЕ И ОПРЕДЕЛЕНИЯ.

(1)  Заявление о целях.

   a.  Протоколы первоначального раскрытия доказательств относятся ко всем искам по закону FLSA, не являющихся групповыми. Данные протоколы внедряются судьями первой инстанции во всех окружных судах США. Целью протоколов являются содействие обмену информацией и документацией между сторонами и их юридическими представителями на ранних этапах судопроизводства, оказание помощи в определении вопросов, подлежащих разрешению, и планирование более эффективного и целенаправленного процесса раскрытия доказательств.

   b.  Участвующие суды могут внедрить протоколы первоначального раскрытия доказательств в соответствии с правилами местной юрисдикции либо в соответствии с регламентами, правилами судопроизводства или правилами индивидуального иска. Протоколы применимы к искам в связи с нарушением FLSA в отношении минимальной заработной платы и сверхурочной работы (далее «иски FLSA»). Если у какой-либо из сторон имеется веское основание для того, чтобы иск частично или полностью не рассматривался с использованием протоколов, такая сторона может сообщить о таком основании Суду.

   c.  Протоколы первоначального раскрытия доказательств не отрицают и не изменяют права любой из сторон в отношении раскрытия доказательство согласно Федеральному гражданскому процессуальному кодексу США, а также другим применимым местным законам. Целью протоколов является заменить собой обязательства сторон и осуществить первоначальное раскрытие информации по искам FLSA согласно статье 26(a)(1) Федерального гражданского процессуального кодекса США.

   d.  Протоколы первоначального раскрытия доказательств были подготовлены сбалансированной группой очень опытных адвокатов со всей страны, регулярно представляющих истцов и ответчиков по искам, связанным с FLSA. Протоколы требуют осуществления обмена информацией и документами, обычно запрашиваемых в рамках исков FLSA. Такой обмен информацией и документами отличается от первоначального раскрытия информации согласно статье 26(a)(1) Федерального гражданского процессуального кодекса США, поскольку его целью является обмен информацией, которая с наибольшей вероятностью будет полезной для определения конкретных вопросов в рамках исков FLSA.

(2)  Определения. Следующие определения относятся к искам, рассматриваемым в соответствии с протоколами первоначального раскрытия доказательств.

   a.  **В отношении**. Словосочетание «в отношении» означает «в связи с», «относительно», «касательно», «свидетельствующий о», «отражающий».

   b.  **Документ**. Термины «документ», «документы» и «документация» являются синонимами и имеют то же значение, что и термины «документы» (documents) и «хранящаяся в электронном виде информация» (electronically stored information) в статье 34(a) Федерального гражданского процессуального кодекса США.

4

c. **_Указать (документы)_**. В отношении документов термин «указать» означает предоставить в известной мере: (i) тип документа; (ii) общую тему документа; (iii) дату документа; (iv) автора (-ов), согласно документу; и (v) лица (лиц), которым, согласно документу, адресовался документ (или его копия); либо предоставить сам документ.

d. **_Указать (лица)_**. В отношении физических лиц термин «указать» означает предоставить: (i) полное имя лица; (ii) текущий или последний известный адрес и номер телефона лица; (iii) текущее или последнее известное место работы; (iv) название текущей или последней известной должности; и (v) отношение, если таковое имеется, к истцу или обвиняемому. После указания лица в соответствии с данным разделом, в ответной документации на последующий запрос раскрытия доказательств с запросом указания такого лица достаточно предоставить только имя лица.

e. **_Обвиняемый_**. Любое физическое или юридическое лицо, указанное в иске как работодатель или совместный работодатель истца (истцов) в действующей жалобе, если не указано иное.

f. **_Истец_**. Любое (-ые) лицо (-а), подающее (-ие) иск (-и) FLSA в соответствии с действующей жалобой.

(3) Инструкции.

a. Период, относящийся к первоначальному раскрытию доказательств, начинается за два года до подачи первоначального иска либо, если в иске говорится об умышленном нарушении закона, то за три года. Если истец заявляет о том, что релевантный период короче указанного периода, то для первоначального раскрытия доказательств используется такой период.

b. Период, относящийся к первоначальному раскрытию доказательств, завершается в последнюю дату, за которую истец требует взыскание или возмещение.

c. В рамках первоначального раскрытия доказательств не допускаются возражения, за исключением возражений на основании статьи 26(b)(2)(B) Федерального гражданского процессуального кодекса США либо на основании привилегии или результата работы. На документы, изъятые на основании заявления о привилегии или результата работы, распространяются положения статьи 26(b)(5) Федерального гражданского процессуального кодекса США.

d. В случае предоставления частичного или неполного ответа либо документа отвечающей стороной должна быть указана причина предоставления частичного или неполного ответа или документа.

e. На первоначальное раскрытие доказательств распространяются положения статьи 26(e) Федерального гражданского процессуального кодекса США о предоставлении приложений и 26(g) Федерального гражданского процессуального кодекса США о заверении ответной корреспонденции.

f. На первоначальное раскрытие доказательств распространяются положения статьи 34(b)(2)(E) Федерального гражданского процессуального кодекса США о форме предоставления документации.

g. К первоначальному раскрытию доказательств относится приложенный временный охранный судебный приказ, если сторонами не согласовано либо судом не постановлено иное. Временный охранный судебный приказ действует только до согласования сторонами либо постановления судом другого охранного судебного приказа. В случае отсутствия соглашения сторон действие временного охранного судебного приказа не распространяется на последующий процесс раскрытия доказательств.

h. Прежде чем какая-либо из сторон предоставит другой стороне какие-либо документы в соответствии с протоколом первоначального раскрытия доказательств сторонам следует провести встречу и согласовать формат (например, TIFF, текстовый документ, файл .pdf с возможностью поиска, Excel) таких документов. В отсутствие соответствующего постановления суда данное требование не удлиняет период первоначального раскрытия доказательств.


**ЧАСТЬ 2: ПРЕДСТАВЛЕНИЕ ДОКУМЕНТОВ ИСТЦОМ.**

(1) Сроки.

Первоначальное раскрытие доказательств Истцом должно быть осуществлено в течение 30 дней после подачи Ответчиком ответного заявления или ходатайства, если суд не примет иного решения.

(2) Документы, которые Истец должен предоставить Ответчику.

a. Документы, созданные или находящиеся в ведении Истца, документирующие затраченное рабочее время.

b. Документы, созданные или находящиеся в ведении Истца, фиксирующие заработную плату или другую компенсацию, выплаченную или невыплаченную Ответчиком.[1]

c. Если Истец сообщал или жаловался внутри организации Ответчику (включая, помимо прочего, руководителей или административные отделы, такие как отделы кадров, отделы по расчету заработной платы, отделы табельного учета или отделы по вопросам пособий) относительно иска(ов), отчета(ов) или жалобы (жалоб), связанных с Законом о справедливых трудовых стандартах (Federal Labor Standards Act, FLSA), и любой ответ, который Ответчик предоставил Истцу.

d. Любые письма с предложением о работе, трудовые соглашения или компенсационные соглашения для Истца.

e. Любые показания под присягой лиц, имеющих информацию, применимую к иску(ам) FLSA.

f. Документы, на которые Истец полагается, чтобы поддержать заявление об умышленном нарушении.

---

[1] Это первоначальное раскрытие доказательств не включает налоговую декларацию на доходы физических лиц или документы, информирующие о налогах.

g.   Все другие документы, на которые Истец полагается, чтобы поддержать иск(и) FLSA Истца.

(3)   Информация, которую Истец должен предоставить Ответчику.

a.   Определите лиц, которые, как полагает Истец, знают о фактах, касающихся иска(ов) или возражений FLSA, и краткое описание этих знаний.

b.   Определите даты начала и окончания иска(ов) FLSA;

c.   Название должности или должность Истца и краткое описание должностных обязанностей Истца за применимый временной период.

d.   Опишите основание для иска(ов) FLSA.

e.   Расчет каждой категории убытков, заявленных Истцом, включая: а) применимые даты, б) суммы заявленной неоплаченной заработной платы и в) метод, используемый для расчета (включая применимые ставки и часы).

f.   Имена руководителей Истца за применимый временной период.

g.   Если Истец сообщал или жаловался на иск(и) FLSA любому государственному учреждению, название любого такого агентства, дата (даты) или такие отчеты или жалобы, а также результаты или статус каждого отчета или жалобы.

h.   Если Истец сообщал или жаловался Ответчику (включая, помимо прочего, руководителей или административные отделы, такие как отделы кадров, отделы по расчету заработной платы, отделы табельного учета или отделы по вопросам пособий) относительно любого иска(ов) FLSA, укажите, был ли отчет или жалоба выражены устно или письменно, когда отчет или жалоба(ы) были предоставлены, кому любой отчет или жалоба(ы) были предоставлены и любой ответ, предоставленный Ответчиком.

## ЧАСТЬ 3: ПРЕДСТАВЛЕНИЕ ДОКУМЕНТОВ ОТВЕТЧИКОМ.

(1)   Сроки.

Первоначальное раскрытие доказательств Ответчиком должно быть осуществлено в течение 30 дней после подачи Ответчиком ответного заявления или ходатайства, если суд не примет иного решения.

(2)   Документы, которые Ответчик должен предоставить Истцу.

a.   Табельные и платежные ведомости, созданные или находящиеся в ведении Ответчика на имя Истца.

b. Если Истец сообщал или жаловался внутри организации Ответчику (включая, помимо прочего, руководителей или административные отделы, такие как отделы кадров, отделы по расчету заработной платы, отделы табельного учета или отделы по вопросам пособий) относительно иска(ов), отчета(ов) или жалобы (жалоб), связанных с Законом о справедливых трудовых стандартах (Federal Labor Standards Act, FLSA), и любой ответ, который Ответчик предоставил Истцу.

c. Любые показания под присягой лиц, имеющих информацию, применимую к иску(ам) FLSA.

d. Документы, на которые Ответчик полагается, чтобы поддержать заявление, что любое заявленное нарушение произошло с честными намерениями.

e. Любые письма с предложением о работе, трудовые соглашения или компенсационные соглашения для Истца.

f. Коллективный(е) трудовой(ые) договор(ы), применимый(ые) к Истцу.

g. Описание обязанностей для должности(ей), занимаемой(ых) Истцом во время применимого(ых) временного(ых) периода (периодов), если должностные обязанности рассматриваются в иске(ах) FLSA.

h. Политики, процедуры или руководящие принципы Ответчика в отношении компенсации, которые являются применимыми к иску(ам) FLSA.

i. Титульный лист, оглавление и указатель любого руководства сотрудника, кодекса поведения или справочника правил внутреннего трудового распорядка, касающиеся компенсации или отработанного времени.

j. Любые другие документы, на которые Ответчик полагается, чтобы поддержать возражения, заявления в защиту и встречные претензии на иск(и) FLSA.

k. Любое соглашение о страховании, в соответствии с которым страховая компания может удовлетворить все или часть возможного решения по делу, а также возместить или компенсировать платежи, выплаченные для выполнения судебного решения.

(3) Информацию, которую Ответчик должен предоставить Истцу.

a. Предоставьте следующую информацию, связанную с Истцом:
   1. Даты начала и окончания выполненной работы;
   2. Местоположение(я) работы;
   3. Название(я) должности;
   4. Идентификационный номер сотрудника или подрядчика;

5. В случаях, связанных с неправильной классификацией Истца, статус классификации Истца (т.е., привилегированный или непривилегированный);

6. Непосредственный руководитель(и) и/или начальник(и).

b. Если у Ответчика нет описания работы Истца, краткое описание должностных обязанностей Истца в ходе применимого(ых) временного(ых) периода(ов), если должностные обязанности рассматриваются в иске(ах) FLSA.

c. Определите лиц, которые, как полагает Ответчик, знают о фактах, касающихся иска(ов) или возражений FLSA, и краткое описание этих знаний.

d. Если Истец сообщал или жаловался Ответчику относительно любого иска(ов) FLSA, укажите, был ли отчет(ы) или жалоба(ы) выражены устно или письменно, когда отчет(ы) или жалоба(ы) были предоставлены, кому любой отчет(ы) или жалоба(ы) были предоставлены и любой ответ(ы), предоставленный Ответчиком.

**ФЕДЕРАЛЬНЫЙ ОКРУЖНОЙ СУД США**
**ДЛЯ _____ ОКРУГА _____**
**_____ ПОДРАЗДЕЛЕНИЕ**

| | | |
|---|---|---|
| _____, | ) | |
| | ) | |
| Истец, | ) | |
| | ) | |
| против | ) | Дело № _____ |
| | ) | |
| _____, | ) | Судья _____ |
| | ) | |
| Ответчик. | ) | |


**РЕГЛАМЕНТ ДЛЯ ДЕЛ, КАСАЮЩИХСЯ ЗАКОНА О СПРАВЕДЛИВЫХ ТРУДОВЫХ СТАНДАРТАХ,**

**НЕ ПРЕДСТАВЛЕННЫХ В ВИДЕ КОЛЛЕКТИВНЫХ ДЕЙСТВИЙ**


Данный Суд вводит **ПРОТОКОЛЫ ПЕРВОНАЧАЛЬНОГО РАСКРЫТИЯ ДОКАЗАТЕЛЬСТВ ДЛЯ ДЕЛ FLSA, НЕ ПРЕДСТАВЛЕННЫХ В ВИДЕ КОЛЛЕКТИВНЫХ ДЕЙСТВИЙ**, при поддержке Консультативного Комитета по правилам гражданского судопроизводства. Протоколы первоначального раскрытия доказательств для дел FLSA, не представленных в виде коллективных действий.

Стороны и адвокаты будут следовать Протоколам первоначального раскрытия доказательств, приложенным к данному Приказу. Если какая-либо сторона считает, что есть хорошая причина, по которой конкретный случай должен стать исключением к Протоколам первоначальных раскрытий доказательств, полностью или частично, эта сторона может поднять этот вопрос в Суде.

В течение 30 дней после подачи ответчиком ответного заявления или ходатайства, стороны предоставят друг другу документы и информацию, описанные в Протоколах первоначального раскрытия доказательств за применимый временной период. Это обязательство заменяет обязательства сторон предоставлять первоначальные раскрытия доказательств в соответствии с Федеральными правилами гражданского процесса (Federal Rules of Civil Procedure, FRCP) 26 (a) (1) для исков FLSA.

Стороны будут использовать документы и информацию, обмениваемые в соответствии с Протоколами первоначального обнаружения, для подготовки плана раскрытия доказательств FRCP 26 (f).

Ответные заявления сторон на Протоколы первоначального обнаружения должны соответствовать требованиям FRCP сертифицировать и дополнить ответные заявления на обнаружение, а также форме стандартов предоставления документов и электронной информации. Как указано в Протоколах, это Первоначальное раскрытие доказательств не подлежит возражениям, за исключением оснований, указанных в FRCP 26 (b) (2) (B), или на основании привилегии или продукта работы. Документы, удержанные на основании требования привилегии или рабочего продукта, попадают под действие положений FRCP 26 (b) (5).

УКАЗАТЬ:

Дата: _____        _____

[Имя]

[Окружной/мировой] судья Соединенных Штатов

Протоколы первоначального раскрытия доказательств для дел FLSA, не представленных в виде коллективных действий, предназначены для достижения цели более эффективного и целенаправленного обнаружения. Незамедлительная регистрация защитного предписания позволит сторонам начать процедуру раскрытия доказательств без промедления. Во исполнение этой цели, Комитет по протоколам FLSA предлагает следующее временное Защитное предписание. Временное Защитное предписание останется в силе только до тех пор, пока стороны не договорятся или суд не издаст приказ о другом защитном предписании. При отсутствии согласия сторон, временное Защитное предписание не будет применяться к последующему раскрытию доказательств. Признавая, что решение о вводе защитного предписания, а также параметры любого такого предписания лежат в пределах разумного усмотрения Суда и попадают под действие местной практики, следующие положения являются вариантами, из которых Суд может выбрать.

## ВРЕМЕННОЕ ЗАЩИТНОЕ ПРЕДПИСАНИЕ

Настоящим Суд постановил, что следующие ограничения и процедуры применяются к определенной информации, документам и выдержкам из документов, предоставленных сторонами друг другу в ответ на запросы на обнаружение:

1. ☐ Адвокат любой стороны может обозначить любой документ, информацию, содержащуюся в документе, информацию, указанную в ответах на вопросы, или информацию, разглашенную во время дачи показаний, в качестве конфиденциальных, если адвокат добросовестно определяет, что такое обозначение необходимо для защиты интересов клиента. На информации и документах, обозначенных стороной в качестве конфиденциальных, будет поставлен штамп «КОНФИДЕНЦИАЛЬНО». «Конфиденциальная» информация или документы могут называться совместно «конфиденциальной информацией».

2. ☐ Если иное не предусмотрено Судом или иным образом указано в настоящем документе, раскрываемая конфиденциальная информация будет храниться и использоваться лицом, получающим такую информацию, исключительно для применения в связи с вышеупомянутым делом.

3. ☐ В случае, если одна сторона оспаривает конфиденциальное обозначение другой стороны, адвокат добросовестно приложит усилия для разрешения спора, и в случае отсутствия решения оспариваемая сторона может впоследствии добиваться решения Суда. Ничто в этом Защитном предписании не является признанием любой стороны, что конфиденциальная информация, раскрытая в этом деле, является релевантной или приемлемой. Каждая сторона, в частности, оставляет за собой право возражать против использования или допустимости всей раскрываемой конфиденциальной информации в соответствии с применимым законодательством и правилами Суда.

4. ☐ Информация или документы, обозначенные как «конфиденциальные», не должны быть раскрыты никому, кроме:

   a. ☐ Запрашивающей стороны и адвоката, в том числе внутреннего адвоката;

   b. ☐ Сотрудников такого адвоката, назначенных и необходимых для оказания помощи в судебном разбирательстве;

    c.   ☐ Консультантов или экспертов, помогающих в судебном преследовании или защите по делу, в той мере, в которой это требуется адвокатом;

    d.   ☐ Любого лица, у которого были взяты показания или у которого возьмут показания по этому делу, за исключением того, что такому лицу Конфиденциальная информация может быть показана только во время и в процессе подготовки к его/ее показаниям, и он не может сохранять себе Конфиденциальную информацию; а также

    e.   ☐ Суда (включая любого клерка, стенографиста или другого лица, имеющего доступ к любой Конфиденциальной информации в силу его или ее должности в Суде) или присяжных во время суда или в качестве приложений к ходатайствам.

5.   ☐ До разглашения или раскрытия Конфиденциальной информации любому лицу адвокат должен:

    a.   ☐ проинформировать лицо о конфиденциальном характере информации и документов; и

    b.   ☐ проинформировать лицо о том, что этот Суд наложил запрет на использование им/ей информации или документов в каких-либо иных целях, кроме этого судебного разбирательства, и запретил раскрытие этой информации или документов любому другому лицу.

6.   ☐ Конфиденциальная информация может быть представлена и обсуждена с лицами, указанными в пунктах 4 (c) и (d), только при условии, что до любого такого раскрытия или обсуждения каждого такого лица попросят подписать соглашение, обязывающее его/ее соблюдать настоящее Предписание в форме, прилагаемой здесь в качестве Приложения А. В случае, если такое лицо отказывается подписывать соглашение в форме, прилагаемой в качестве Приложения А, сторона, желающая раскрывать Конфиденциальную информацию, может обратиться за надлежащей помощью от Суда.

7.   ☐ Раскрытие документа или информации без пометки «конфиденциально» не является отказом от права обозначить такой документ или информацию как конфиденциальную информацию при условии, что материал обозначен в соответствии с процедурами, изложенными здесь, не позднее последнего четырнадцатого (14) дня после закрытия обнаружения или через четырнадцать (14) дней после предоставления документа или информации. В случае пометки, документ или информация должны считаться Конфиденциальной информацией в соответствии со всеми условиями настоящего Положения и Предписания.

8.   ☐ Вся информация, подлежащая конфиденциальному обращению в соответствии с условиями настоящего Положения и Предписания, поданная в Суд, и любые заявления, ходатайства или другие документы, поданные в Суд, раскрывающие любую Конфиденциальную информацию, должны быть поданы за печатью в той мере, в которой это разрешено законом (включая, без ограничений, любые применимые правила суда), и хранится за печатью до дальнейшего распоряжения Суда.

В той степени, в которой Суд требует каких-либо дальнейших действий сторон в качестве предварительного условия для подачи документов, скрепленных печатью (за исключением представления настоящего Положения и Предписания в отношении конфиденциальной информации), обязанностью стороны, предоставляющей документы, подаваемые в Суд, является удовлетворить любые такие предварительные условия. Там, где это возможно, только конфиденциальные части документов, предоставляемых в Суд, подаются за печатью.

9.   ☐ По завершении судебного разбирательства Конфиденциальная информация и любые ее копии должны быть незамедлительно (и ни в коем случае не позднее тридцати (30) дней после вступления в силу окончательного решения, не подлежащего дальнейшему обжалованию), возвращены стороне, которая их предоставила, или заверены как уничтоженные, за исключением того, что адвокату сторон разрешается сохранять свои рабочие файлы при условии сохранения конфиденциальности этих файлов.

Вышеизложенное полностью не наносит ущерба праву любой стороны обратиться в Суд с просьбой о любом дальнейшем Защитном предписании, касающемся конфиденциальной информации; или возразить против предоставления документов или информации; или обратиться в Суд с просьбой о принудительном предоставлении документов или информации; или для модификации этого Предписания. Это предписание может быть исполнено любой стороной, и любое нарушение может привести к введению санкций со стороны Суда.

14

**ПРИЛОЖЕНИЕ A**


Я был проинформирован адвокатом о том, что определенные документы или информация, которые будут раскрыты мне в связи с делом, озаглавленным _____, были определены, как конфиденциальные. Мне сообщили, что любые такие документы или информация, обозначенные как «КОНФИДЕНЦИАЛЬНО - ПРЕДОСТАВЛЕНЫ СОГЛАСНО ЗАЩИТНОМУ ПРЕДПИСАНИЮ», являются конфиденциальными согласно Приказу Суда.

Настоящим я соглашаюсь, что я не буду раскрывать какую-либо информацию, содержащуюся в таких документах, любому другому лицу. Я также соглашаюсь не использовать такую информацию для каких-либо иных целей, кроме этого судебного разбирательства.


_____     ДАТА:

Подписано в присутствии:


_____

(Адвокат)