## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE RUSSIAN FEDERATION et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 1:18-cv-03501-JGK <br><br> **NOTICE OF SUIT** |

## NOTICE OF SUIT

Pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a), and Federal Regulation 22 CFR § 93.2, Plaintiff hereby provides Defendants with this Notice of Suit.

1. This case is called *Democratic National Committee v. The Russian Federation, et al.,* Civil Action No. 1:18-cv-03501-JGK (S.D.N.Y. *filed* April 20, 2018). It was filed in the United States District Court for the Southern District of New York.

2. The foreign state concerned is the Russian Federation. The political subdivisions concerned are the General Staff of the Armed Forces of the Russian Federation ("GRU"), and the GRU operative, desk, or division which operates the online persona "Guccifer 2.0."

3. The Plaintiff is the Democratic National Committee. In addition to the three Defendants listed in paragraph 2, the other Defendants are Aras Iskenerovich Agalarov; Emin Araz Agalarov; Joseph Mifsud; Wikileaks; Julian Assange; Donald J. Trump For President, Inc.; Donald J. Trump, Jr.; Paul J. Manafort, Jr.; Roger J. Stone, Jr.; Jared C. Kushner; George Papadopoulos; and Richard W. Gates, III.

4. The documents being served are the Summons and Complaint.

5. This is a civil proceeding in the United States federal courts. Plaintiff alleges that the foreign state and political subdivisions named as Defendants in this case hacked into their computer systems and networks, stole trade secrets and other documents and information, and caused the documents to be used and disseminated. Plaintiffs also alleges that the Defendants participated in a conspiracy to do the same.

Specifically, Plaintiff alleges that the Defendants violated:

- The Computer Fraud and Abuse Act (18 U.S.C. § 1030(A));

- The Racketeer Influenced and Corruption Organizations Act ("RICO") (18 U.S.C. § 1962);

- The Wiretap Act (18 U.S.C. §§ 2510-22); the Stored Communications Act (18 U.S.C. §§ 2701-12);

- The Digital Millennium Copyright Act (17 U.S.C. § 1201 *et seq.*);

- Misappropriation of Trade Secrets Under the Defend Trade Secrets Act (18 U.S.C. § 1836 *et seq.*);

- The Washington D.C. Uniform Trade Secrets Act (D.C. Code Ann. §§ 36-401 – 46-410);

- D.C. Common Law Trespass;

- Virginia Common Law Trespass to Chattels;

- Virginia Common Law Conspiracy to Commit Trespass to Chattels; and

- The Virginia Computer Crimes Act (Va. Code Ann. § 18.2-152.5 *et seq.*).

Plaintiff seeks the following relief:

- Damages in an amount to be determined, including but not limited to all damages and losses suffered by Plaintiff as a result of the illegal hacking, theft, and subsequent release of Plaintiff's confidential documents and/or Plaintiff's response to and remediation related thereto;

- Compensatory and treble damages, as available, in an amount to be proven at trial;

- The financial gain earned by Defendants as a consequence of the violations;

- Statutory damages, as available;

- Punitive damages, as available;

- A declaration that Defendants, according to proof, conspired to and did engage in a common scheme to effect the illegal and unauthorized hacking of Plaintiff's computer systems and/or personal emails and the exfiltration of confidential information; disseminated that stolen information to the public; and used that disclosed stolen information to impact the 2016 election for their own gain;

- Injunctive relief restraining Defendants from accessing Plaintiff's computer networks and/or personal emails without Plaintiff's authorizations; engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Plaintiff's computer networks or personal emails; selling, publishing, distributing, or using any property or information obtained from Plaintiff's computer networks or personal emails without Plaintiff's authorization; and removing, extracting, or copying any information or data from Plaintiff's computers or personal emails without Plaintiff's authorization;

2345655 v1

- Attorneys' fees and costs;
- Pre- and post-judgment interest; and
- Any other relief that the Court may deem just and proper.

Dated: May 18, 2018

Respectfully submitted,

*/s/ Joseph M. Sellers*
Joseph M. Sellers (admitted *Pro Hac Vice*)
Geoffrey A. Graber (admitted *Pro Hac Vice*)
Julia A. Horwitz (*Pro Hac Vice* forthcoming)
Alison S. Deich (*Pro Hac Vice* forthcoming)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600

Michael Eisenkraft
Cohen Milstein Sellers & Toll PLLC
88 Pine St. # 14
New York, NY 10005
(212) 838-7797

jsellers@cohenmilstein.com
ggraber@cohenmilstein.com
jhorwitz@cohenmilstein.com
adeich@cohenmilstein.com
meisenkraft@cohenmilstein.com

*Attorneys for Plaintiff*

2345655 v1