UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Movant David Andrew Christenson

DEMOCRATIC NATIONAL COMMITTEE,

Plaintiff,

v.

RUSSIAN FEDERATION, et al;
Defendants.

Civil Action No. 1:18-cv-03501

Racketeer Influenced and
Corrupt Organization Act (RICO)

Judge John G. Koeltl

Amicus (Third) (Part 2 of 2)

The attachment is a date time stamped pleading that I filed with the 5th Circuit Court of Appeals.

You make the call. Did I have standing and cause to Join and Intervene?

Look at what they did to me.

The attached eleven Amicus (Third) Pleadings were filed in the following cases:

1. United States v. Boucher (1-18:cr-00004) Judge Marianne O. Battani

2. United States v. Manafort (1:18-cr-00083) Senior Judge T.S. Ellis, III

3. Manafort v. United States (1:18-cv-00011) Judge Amy Berman Jackson

4. United States v. Flynn (1:17-cr-00232) Judge Emmet G. Sullivan

5. United States v. Papadopoulos (1:17-cr-00182) Judge Randolph Daniel Moss

6. United States v. Manafort (1:17-cr-00201) Judge Amy Berman Jackson

7. United States v. Internet Research Agency LLC (1:18-cr-00032) Judge Dabney L. Friedrich

8. United States v. Van Der Zwann (1:18-cr-00031) Judge Amy Berman Jackson

9. Deepwater Horizon v. BP Exploration & Production (16-30918) Judge Carl Barbier

10. Democratic National Committee v. Russian Federation, et al (1:18-cv-5301) Judge John G. Koeltl

11. State of Louisiana v. Nathan Foreman (Section H Case 459100) Judge Camille Buras

Godspeed.

Sincerely,

David Andrew Christenson
Box 9063
Miramar Beach, Florida 32550
504-715-3086
davidandrewchristenson@gmail.com
dchristenson6@hotmail.com

CERTIFICATE OF SERVICE
I hereby certify that on May 18th, 2018 I filed the foregoing with the Clerk of Court and
served the pleading on all counsel of record by e-mail and first-class mail.

_____
David Andrew Christenson

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Appellant Mr. David Andrew Christenson
In re: Oil Spill by the Oil Rig                                    16-30918
"Deepwater Horizon" in the Gulf                                3893 Environmental Matters
of Mexico, on April 20, 2010
Case 2:10-md-02179-CJB-SS

Supplemental Memorandum Forty-Five

This is just a fraction of what I have been through while trying to save your life.

Attachment 1:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADRIAN CALISTE and BRIAN GISCLAIR,                    Case No. 2:17-cv-06197-EEF-MBN
individually and on behalf of all others similarly situated,      Complaint-Class Action
Plaintiffs,
v.
HARRY E. CANTRELL,
Magistrate Judge of Orleans Parish Criminal District Court,
Defendant.

Class Action Complaint
**Second Supplemental Motion for Summary Judgement**

Attachment 2:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

ALANA CAIN, etc.                                          2:15-cv-04479-SSV-JCW
Plaintiffs                                                Complaint-Class Action
v.
CITY OF NEW ORLEANS, etc.
Defendants

Class Action Complaint
**Second Supplemental Motion for Summary Judgement**

Godspeed
Sincerely,

David Andrew Christenson

Box 9063
Miramar Beach, Fl. 32550
davidandrewchristenson@hotmail.com
504-715-3086

I certify that all parties and then some were noticed by email. July 5th, 2017.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADRIAN CALISTE and BRIAN GISCLAIR,                     Case No. 2:17-cv-06197-EEF-MBN
individually and on behalf of all others similarly situated,   Complaint-Class Action
Plaintiffs,
v.
HARRY E. CANTRELL,
Magistrate Judge of Orleans Parish Criminal District Court,
Defendant.

Class Action Complaint
**Second Supplemental Motion for Summary Judgement**

A copy of this Second Supplemental Motion for Summary Judgement will be docketed with the 5th
Circuit Court of Appels:
Appellant Mr. David Andrew Christenson
In re: Oil Spill by the Oil Rig                     16-30918
"Deepwater Horizon" in the Gulf                     3893 Environmental Matters
of Mexico, on April 20, 2010
Case 2:10-md-02179-CJB-SS

Initially the Orleans Parish Criminal Court refused to allow me to represent myself and to file pleadings.
It took a herculean effort on my part to have my Constitutional Rights enforced. (This is a drop in the
bucket compared to the lawsuits (Eight) that were filed against me and by me in Orleans Parish Civil
Court. Read the last attachment about the **BRIBE**.)

Attachment 1: Docket for my Louisiana state arrest for Cyberstalking an FBI Agent that I was under
orders to email. Please review carefully and pay attention to the dates. There is no docket entry for
March 18th, 2011. Billy Gibbens billed my father for a hearing in front of Judge Frank Marullo. The
hearing took place but I was not allowed to speak. Billy Gibbens asked Judge Marullo to keep me
incarcerated. Notice that there is no show cause or preliminary hearing. I was never arraigned because I
was never charged with a crime.
Attachment 2: Bill from US Attorney Billy Gibbens. Notice the March 18th, 2011 entry that shows the
non-docketed hearing. You can see how hard US Attorney Billy Gibbens tried to have me confined to a
psychiatric facility. The problem he had was there nothing wrong with me. Everyone he talked to was
afraid of the liability. US Attorney Billy scared the hell out of my father, brother and wife. He informed
them that that I had been classified as a terrorist by the DOJ and that I could face life in prison. I never
retained Billy Gibbens and I ordered him not to represent me. The damage had already been done since
he gave away all of my Constitutional Rights.
Attachment 3: Concerns perjury in Federal Court. I filed this pleading because of District Attorney Leon
Cannizzaro's criminal conduct.
Attachment 4: Criminal conduct.

Attachment 5: Criminal conduct of Attorney/Developer Louis (Lee) Madere and District Attorney Leon Cannizzaro.

Attachment 6: District Attorney Leon Cannizzaro had our water and gas turned off. Our home was foreclosed on in August 2011.

Attachment 7: Motion to Recuse Commissioner Cantrell

Attachment 8: Motion to Recuse Commissioner Cantrell Supplemental Third Motion

Attachment 9: Notes to Recuse Commissioner Cantrell.

Attachment 10: Notice/Motion to Appeal Commissioner Cantrell's Decision to Hold His Own Recusal Hearing

Attachment 11: Memorandum defendant is to have no internet access while in custody.

Attachment 12: Memorandum on Settlement. You will not believe this.

Attachment 13: Affidavit/Certification for Speedy Trial

Attachment 14: Motion for Speedy Trial

Attachment 15: Memorandum concerning the Obituaries and the Katrina Virus. Genocide.

Attachment 16: EMERGENCY MOTION FOR CONTRADICTORY HEARING FOR JUNE 14TH, 2011

Attachment 17: EMERGENCY MOTION TO APPOINT A PUBLIC DEFENDER SET HEARING FOR JUNE 14TH, 2011

Attachment 18: EMERGENCY MOTION TO ALLOW DEFENDANT TO RETURN TO FLORIDA FOR CONTINUED TREATMENT SET HEARING FOR JUNE 14TH, 2011

Attachment 19: EMERGENCY MOTION FOR REMOVAL AND DISCLOSURE FOR MONITORING DEVICE SET HEARING FOR JUNE 14TH, 2011

Attachment 20: Letter to the court's secretary.

Attachment 21: Memorandum We called "911" on Tuesday June 2nd 2011 at 11:45 AM. Orleans District Attorney Leon Cannizzaro authorized our emergency egress and ingress door to be locked. He had previously cut off our water and gas and denied us access to our cable, phone and now electric box.

Attachment 22: Motion Defendant moves the court to place the two purported cyberstalking emails into the court record. Defendant moves the court to read the two purported cyberstalking emails into the court record. Defendant demands that the two emails be read and placed into the court record.

Attachment 23: Memorandum Constitution Article 1 S 22 Access to Courts.

Attachment 24: Memorandum Bail Louisiana Criminal Code of Criminal Procedure Title VII Article 311.

Attachment 25: Memorandum Louisiana Code of Criminal Procedure, Title X Articles 381-386.

Attachment 26: Corrected Memorandum concerning release.

Attachment 27: Memorandum/Summary 1. Summary of the Emergency Hearing 2. Summary of the Transgressions by Commissioner Cantrell 3. Summary of the Criminal Transgressions by the FBI, DOJ and the District Attorney Summary of the Emergency hearing in front of Commissioner Cantrell on June 14th, 2011.

Attachment 28: Memorandum Emergency Hearing in front of Commissioner Cantrell on June 14th, 2011. Commissioner Cantrell made the following statement for the record: "I would not have released you, the defendant, on bail/bond (92 days ago) if you had not agreed to waive your right to be charged within the 90-day statute of limitations. You agreed to be on bond for one year. **I am going to put you back in jail if you tell me I am wrong**." That was a threat!!! (I have no memory of the hearing. I was so drugged up that I did not know who I was or where I was.)

Attachment 29: Memorandum (An excellent description of my Constitutional Rights being violated and the time line.)

Attachment 30: Memorandum This is a perfect example of how biased and prejudicial Commissioner Cantrell is.

Attachment 31: Letter to Chief Judge Terry Alarcon and Magistrate Gerard Hansen 06/18/2011 A partial summary of the criminal transgressions committed against me. (I was ordered to send emails to FBI Agent Rayes (the purported victim) at FBI email addresses, which I did. By law it is not cyberstalking if the emails are political or informative.  The law also requires intent and there is none. One of the items taken in the search/seizure of my home was a DVD of FBI Agent Rayes assaulting me on November 10th, 2010 at the Hilton Hotel. I filed multiple criminal complaints against FBI Agent Rayes.)

Attachment 32: Memorandum

Attachment 33: Chief Judge Terry Alarcon and Magistrate Gerard Hansen, 06/18/2011 An open letter filed as part of a memorandum. Sir, Commissioner Cantrell, Leon Cannizzaro and Steven Rayes have repeatedly violated my Constitutional and Civil Rights. It appears that you have as well. Why would you sully your reputation after all of these years?

## Attachment 34: EMERGENCY MOTION TO ATTEND TO MY ILL MOTHER WHO IS HAVING EMERGENCY SURGERY. This was denied.

Attachment 35: EMERGENCY MOTION TO RETRIEVE PROPERTY THAT WAS ILLEGALLY TAKEN BY THE FBI WITH AN ILLEGAL LOUISIANA SEARCH WARRANT Our condo/home is scheduled for Sheriff's sale on August 11th, 2011. WE HAVE LOST EVRYTHING BECAUSE OF THE CRIMINAL ACTIONS OF DISTRICT ATTORNEY LEON CANNIZARRO. He had our water cut off and now he is taking our home. I am unable to defend myself because District Attorney Leon Cannizzaro has stolen all of my legal files, research, documentation, etc. I am currently part of eight civil lawsuits and one criminal lawsuit.

Attachment 36: MEMORANDUM CONCERNING THE EMERGENCY MOTION FOR CONTRADICTORY HEARING FOR JUNE 14TH, 2011 Commissioner Cantrell refused to hold the emergency hearing. The District Attorney had been properly noticed and was represented by George Bourgeois. Mr. Bourgeois confirmed that he was ready to proceed. See attachment.

## Attachment 37: "THE BRIBE" YOU WILL NOT BELIEVE THIS.

Godspeed,

Sincerely,

David Andrew Christenson
Box 9063
Miramar Beach, Fl. 32550
davidandrewchristenson@hotmail.com
504-715-3086

I certify that all parties and then some were noticed by email. July 5th, 2017.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

ALANA CAIN, etc.                                          2:15-cv-04479-SSV-JCW

Plaintiffs                                               Complaint Class Action

v.

CITY OF NEW ORLEANS, etc.

Defendants

Class Action Complaint

**Second Supplemental Motion for Summary Judgement**

A copy of this Second Supplemental Motion for Summary Judgement will be docketed with the 5th

Circuit Court of Appels:

Appellant Mr. David Andrew Christenson

In re: Oil Spill by the Oil Rig                          16-30918

"Deepwater Horizon" in the Gulf                          3893 Environmental Matters

of Mexico, on April 20, 2010

Case 2:10-md-02179-CJB-SS

Initially the Orleans Parish Criminal Court refused to allow me to represent myself and to file pleadings.
It took a herculean effort on my part to have my Constitutional Rights enforced. (This is a drop in the
bucket compared to the lawsuits (Eight) that were filed against me and by me in Orleans Parish Civil

Court. Read the last attachment about the **BRIBE**.)

Attachment 1: Docket for my Louisiana state arrest for Cyberstalking an FBI Agent that I was under
orders to email. Please review carefully and pay attention to the dates. There is no docket entry for
March 18th, 2011. Billy Gibbens billed my father for a hearing in front of Judge Frank Marullo. The
hearing took place but I was not allowed to speak. Billy Gibbens asked Judge Marullo to keep me
incarcerated. Notice that there is no show cause or preliminary hearing. I was never arraigned because I
was never charged with a crime.

Attachment 2: Bill from US Attorney Billy Gibbens. Notice the March 18th, 2011 entry that shows the
non-docketed hearing. You can see how hard US Attorney Billy Gibbens tried to have me confined to a
psychiatric facility. The problem he had was there nothing wrong with me. Everyone he talked to was
afraid of the liability. US Attorney Billy scared the hell out of my father, brother and wife. He informed
them that that I had been classified as a terrorist by the DOJ and that I could face life in prison. I never
retained Billy Gibbens and I ordered him not to represent me. The damage had already been done since
he gave away all of my Constitutional Rights.

Attachment 3: Concerns perjury in Federal Court. I filed this pleading because of District Attorney Leon
Cannizzaro's criminal conduct.

Attachment 4: Criminal conduct.

Attachment 5: Criminal conduct of Attorney/Developer Louis (Lee) Madere and District Attorney Leon
Cannizzaro.

Attachment 6: District Attorney Leon Cannizzaro had our water and gas turned off. Our home was foreclosed on in August 2011.

Attachment 7: Motion to Recuse Commissioner Cantrell

Attachment 8: Motion to Recuse Commissioner Cantrell Supplemental Third Motion

Attachment 9: Notes to Recuse Commissioner Cantrell.

Attachment 10: Notice/Motion to Appeal Commissioner Cantrell's Decision to Hold His Own Recusal Hearing

Attachment 11: Memorandum defendant is to have no internet access while in custody.

Attachment 12: Memorandum on Settlement. You will not believe this.

Attachment 13: Affidavit/Certification for Speedy Trial

Attachment 14: Motion for Speedy Trial

Attachment 15: Memorandum concerning the Obituaries and the Katrina Virus. Genocide.

Attachment 16: EMERGENCY MOTION FOR CONTRADICTORY HEARING FOR JUNE 14TH, 2011

Attachment 17: EMERGENCY MOTION TO APPOINT A PUBLIC DEFENDER SET HEARING FOR JUNE 14TH, 2011

Attachment 18: EMERGENCY MOTION TO ALLOW DEFENDANT TO RETURN TO FLORIDA FOR CONTINUED TREATMENT SET HEARING FOR JUNE 14TH, 2011

Attachment 19: EMERGENCY MOTION FOR REMOVAL AND DISCLOSURE FOR MONITORING DEVICE SET HEARING FOR JUNE 14TH, 2011

Attachment 20: Letter to the court's secretary.

Attachment 21: Memorandum We called "911" on Tuesday June 2nd 2011 at 11:45 AM. Orleans District Attorney Leon Cannizzaro authorized our emergency egress and ingress door to be locked. He had previously cut off our water and gas and denied us access to our cable, phone and now electric box.

Attachment 22: Motion Defendant moves the court to place the two purported cyberstalking emails into the court record. Defendant moves the court to read the two purported cyberstalking emails into the court record. Defendant demands that the two emails be read and placed into the court record.

Attachment 23: Memorandum Constitution Article 1 S 22 Access to Courts.

Attachment 24: Memorandum Bail Louisiana Criminal Code of Criminal Procedure Title VII Article 311.

Attachment 25: Memorandum Louisiana Code of Criminal Procedure, Title X Articles 381-386.

Attachment 26: Corrected Memorandum concerning release.

Attachment 27: Memorandum/Summary 1. Summary of the Emergency Hearing 2. Summary of the Transgressions by Commissioner Cantrell 3. Summary of the Criminal Transgressions by the FBI, DOJ and the District Attorney Summary of the Emergency hearing in front of Commissioner Cantrell on June 14th, 2011.

Attachment 28: Memorandum Emergency Hearing in front of Commissioner Cantrell on June 14th, 2011. Commissioner Cantrell made the following statement for the record: "I would not have released you, the defendant, on bail/bond (92 days ago) if you had not agreed to waive your right to be charged within the 90-day statute of limitations. You agreed to be on bond for one year. **I am going to put you back in jail if you tell me I am wrong.**" That was a threat!!! (I have no memory of the hearing. I was so drugged up that I did not know who I was or where I was.)

Attachment 29: Memorandum (An excellent description of my Constitutional Rights being violated and the time line.)

Attachment 30: Memorandum This is a perfect example of how biased and prejudicial Commissioner Cantrell is.

Attachment 31: Letter to Chief Judge Terry Alarcon and Magistrate Gerard Hansen 06/18/2011 A partial summary of the criminal transgressions committed against me. (I was ordered to send emails to FBI Agent Rayes (the purported victim) at FBI email addresses, which I did. By law it is not cyberstalking if the emails are political or informative.  The law also requires intent and there is none. One of the items taken in the search/seizure of my home was a DVD of FBI Agent Rayes assaulting me on November 10th, 2010 at the Hilton Hotel. I filed multiple criminal complaints against FBI Agent Rayes.)

Attachment 32: Memorandum

Attachment 33: Chief Judge Terry Alarcon and Magistrate Gerard Hansen, 06/18/2011 An open letter filed as part of a memorandum. Sir, Commissioner Cantrell, Leon Cannizzaro and Steven Rayes have repeatedly violated my Constitutional and Civil Rights. It appears that you have as well. Why would you sully your reputation after all of these years?

## Attachment 34: EMERGENCY MOTION TO ATTEND TO MY ILL MOTHER WHO IS HAVING EMERGENCY SURGERY. This was denied.

Attachment 35: EMERGENCY MOTION TO RETRIEVE PROPERTY THAT WAS ILLEGALLY TAKEN BY THE FBI WITH AN ILLEGAL LOUISIANA SEARCH WARRANT Our condo/home is scheduled for Sheriff's sale on August 11th, 2011. WE HAVE LOST EVRYTHING BECAUSE OF THE CRIMINAL ACTIONS OF DISTRICT ATTORNEY LEON CANNIZARRO. He had our water cut off and now he is taking our home. I am unable to defend myself because District Attorney Leon Cannizary has stolen all of my legal files, research, documentation, etc. I am currently part of eight civil lawsuits and one criminal lawsuit.

Attachment 36: MEMORANDUM CONCERNING THE EMERGENCY MOTION FOR CONTRADICTORY HEARING FOR JUNE 14TH, 2011 Commissioner Cantrell refused to hold the emergency hearing. The District Attorney had been properly noticed and was represented by George Bourgeois. Mr. Bourgeois confirmed that he was ready to proceed. See attachment.

## Attachment 37: "THE BRIBE" YOU WILL NOT BELIEVE THIS.

Godspeed.

Sincerely,

David Andrew Christenson
Box 9063
Miramar Beach, Fl. 32550
davidandrewchristenson@hotmail.com
504-715-3086

I certify that all parties and then some were noticed by email. July 5th, 2017.

Christensen
Box 9063
Miramar Beach, FL.
32550

Clerk
5th Circuit
600 S. Maestri Place
New Orleans, LA
70130—3468

U.S. POSTAGE
PAID
MIRAMAR BEACH, FL
JUL 05, 17
$7.10
R2304M113077-13

1008     70130



PRIORITY
★ MAIL ★

★ TRACKED ★
★ INSURED ★

UNITED STATES
POSTAL SERVICE®

For Domestic and International Use

Label 107R, May 2014

Expected Delivery Date 07/07/2017
USPS TRACKING NUMBER

**A 1**

MAG#: 522477          D O C K E T   M A S T E R          DATE: 7/05/2011
                                                         TIME: 15:40:25

ORLEANS PARISH MAGISTRATE COURT

---

DEFENDANT(S):          CFTS CHARGE(S):

CHRISTENSON, DAVID A        2  RS 14 40.3          BOND:     20,000.00
                               CYBERSTALKING

---

DATE    PROCEEDINGS

3/15/2011                                                    FALCONEA *
        FIRST APPEARANCE HEARING IN MAGISTRATE COURT SECTION M3
        BOND SET FOR $300,000.00
        REBULT-RULE TO SHOW CAUSE FOR 4/29/2011 AT  3:00 PM
        SCHEDULED -RULE TO SHOW CAUSE ON 4/29/2011 AT  3:00 PM, SECT M4
        DEFENSE FILED MOTION FOR PROTECTIVE CUSTODY AND
        STATE AND FEDERAL CONST-RIGHTS AGAINST UNCOUNSELED INTERROGATION
        NON DOMESTIC STAY AWAY SIGNED AND FILED
        STATE FILED MOTION AND ORDER FOR NON DOMESTIC STAY AWAY
        DEFENDANT IS TO HAVE NO INTERNET ACCESS WHILE IN CUSTODY

3/22/2011                                                    DURELD *
        STATUS HEARING IN MAGISTRATE COURT SECTION M1
        SCHEDULED -BOND HEARING ON 3/25/2011 AT  3:00 PM, SECT M3
        MOTION FILED BY ATTORNEY SARA A. JOHNSON.
        PLACE DEFENDANT ON JAIL LIST.

3/25/2011                                                    FALCONEA *
        BOND HEARING IN MAGISTRATE COURT SECTION M3
        BOND REDUCED TO $20,000.00
        SCHEDULED -STATUS HEARING ON 3/29/2011 AT  3:00 PM, SECT M3
        JUDGE AND DEFENDANT SIGNED BOND ORDER AND CONDITIONS OF BAIL

3/29/2011                                                    FALCONEA *
        STATUS HEARING IN MAGISTRATE COURT SECTION M3
        SCHEDULED -STATUS HEARING ON 4/05/2011 AT  3:00 PM, SECT M3
        DSOC THRU ATTY
        SEND NOTICES

4/05/2011                                                    CUTRERM *
        STATUS HEARING IN MAGISTRATE COURT SECTION M3
        DEFENDANT PLACED ON EMP - MUST REPORT BY 4/6/11
        STAY AWAY ORDER-MODIFIED - ALLOW DEFENDANT TO RETURN TO HIS HOME
        DEFENDANT STILL PROHIBITED FROM ENTERING ORLEAN INN PREMISES

4/06/2011                                                    DURELD *
        STATUS HEARING IN MAGISTRATE COURT SECTION M1
        COURT GRANTED PERMISSION TO LEAVE JURISDICTION.

4/20/2011                                                    CRUTHIRDS *
        HEARING ON MOTIONS IN MAGISTRATE COURT SECTION M1
        SCHEDULED -HEARING ON MOTIONS ON 4/26/2011 AT 10:00 AM, SECT M1
        SARA JOHNSON, ESQ. FILED A MOTION TO WITHDRAW AS COUNSEL OF
        RECORD.

4/26/2011                                                    DURELO *
        HEARING ON MOTIONS IN MAGISTRATE COURT SECTION M1
        RESULT-HELD
        SCHEDULED -RULE TO SHOW CAUSE ON 4/29/2011 AT  3:00 PM, SECT M4
        COURT GRANTED MOTION TO WITHDRAW AS ATTORNEY OF RECORD BY SARAH
        JOHNSON, AT THE REQUEST OF THE DEFENDANT.

4/29/2011                                                    TAMBORELL *
        RULE TO SHOW CAUSE IN MAGISTRATE COURT SECTION M4
        SCHEDULED -RULE TO SHOW CAUSE ON 5/15/2011 AT  3:00 PM, SECT M2
        CONTINUED DUE PART OF BAIL RESTRICTIONS, AS PER THE STATE ATTY.
        MARK BURTON.

5/03/2011                                                    FALCONEA *
        STATUS HEARING IN MAGISTRATE COURT SECTION M3
        SCHEDULED -STATUS HEARING ON 5/10/2011 AT  3:00 PM, SECT M3
        SEND NOTICES TO DEFENDANT, TO STATE, AND DEFENSE COUNSEL

5/10/2011                                                    FALCONEA *
        STATUS HEARING IN MAGISTRATE COURT SECTION M3
                        CONTINUED

**A 1**

MBR#: 522477          D O C K E T   M A S T E R          DATE:  7/05/2011
                                                         TIME:  15:40:25

ORLEANS PARISH MAGISTRATE COURT

---

DEFENDANT(S):          CNTS CHARGE(S):

---

5/10/2011                                                FALCONEA *
          SCHEDULED -STATUS HEARING ON 5/24/2011 AT  3:00 PM, SECT M3
          DEFENDANT WAS ADVISED TO HIRE COUNSEL
          STATH RESET 2 WEEKS

5/15/2011                                                COTRERM  *
          RULE TO SHOW CAUSE IN MAGISTRATE COURT SECTION M2
          SCHEDULED -RULE TO SHOW CAUSE ON 3/15/2012 AT  3:00 PM, SECT M5
          CONTINUED PURSUANT TO CONDITIONS OF BAIL IN RECORD

5/23/2011                                                CROTHIRDS* ✓
          HEARING ON MOTIONS IN MAGISTRATE COURT SECTION M1
          SCHEDULED -HEARING ON MOTIONS 5/24/2011 AT  3:00 PM, SECT M3
          THE DEFENDANT, PRO SE, FILED A MOTION TO RECUSE COMMISSIONER
          CANTRELL.  THE DEFENDANT ALSO FILED VARIOUS MEMORANDUM.

5/24/2011                                                FALCONEA *
          STATUS HEARING IN MAGISTRATE COURT SECTION M3
          SCHEDULED -STATUS HEARING ON 5/31/2011 AT  3:00 PM, SECT M3
          DNOC
          HEARING TO DETERMINE COURT SECTION

5/26/2011                                                CROTHIRDS*
          MOTIONS FILED IN MAGISTRATE COURT SECTION M1
          SCHEDULED -MOTIONS FILED ON 5/26/2011 AT 10:00 AM, SECT M1
          THE DEFENDANT, DAVID CHRISTERSON, FILED A MEMORANDUM WITH THE
          COURT.

5/31/2011                                                COTRERM  *
          STATUS HEARING IN MAGISTRATE COURT SECTION M3
          RESULT-RESET
          SCHEDULED -STATUS HEARING ON 6/07/2011 AT  3:00 PM, SECT M3
          DEFENDANT APPEARED
          HEARING ON MOTION TO RECUSE CONTINUED FOR DEFENDANT TO SHOW CAUSE
          DEFENDANT WAS ADVISED TO HIRE A LAWYER
          DNOC
          STATUS HEARING IN MAGISTRATE COURT SECTION M3
          SCHEDULED -STATUS HEARING ON 6/07/2011 AT  3:00 PM, SECT M3

6/07/2011                                                FALCONEA *
          STATUS HEARING IN MAGISTRATE COURT SECTION M3
          SCHEDULED -STATUS HEARING ON 7/05/2011 AT  3:00 PM, SECT M3
          JUDGE DID NOT FIND ANY REASON FOR RECUSAL
          DEFENDANT TO REPORT BACK ON 7/05/2011
          DNOC

6/14/2011                                                FALCONEA *
          FILING(S) IN OPEN COURT IN MAGISTRATE COURT SECTION M3
          SCHEDULED -STATUS HEARING ON 7/05/2011 AT  3:00 PM, SECT M3
          SCHEDULED -HEARING ON 7/05/2011 AT  3:00 PM, SECT M3
          DEFENDANT FILED:
          EMERGENCY MOTION FOR CONTRADICTORY HEARING
          EMERGENCY MOTION FOR BOND REDUCTION HEARING
          EMERGENCY MOTION TO ALLOW DEFENDANT TO RETURN TO FL FOR TREATMENT
          EMERGENCY MOTION FOR REMOVAL OF MONITORING DEVICE
          EMERGENCY MOTION TO APPOINT A PUBLIC DEFENDER
          THREE MEMORANDUMS
          AND ONE MOTION

6/21/2011                                                FALCONEA *
          FILING(S) IN OPEN COURT IN MAGISTRATE COURT SECTION M3
          SCHEDULED -HEARING ON 7/05/2011 AT  3:00 PM, SECT M3
          DEFENDANT MAILED IN:MEMOS

7/05/2011                                                FALCONEA *
          HEARING IN MAGISTRATE COURT SECTION M3
          RESULT-DA TO REFUSE CHARGE(S)
          DA REFUSED BOTH CHARGES                              ✰
          ELECTRONIC MONITORING DEVICE TO BE REMOVED

---

                         END OF DOCKET MASTER

---

**A 2**

SCHONEKAS, EVANS, McGOEY & McEACHIN, L.L.C.
650 Poydras Street, Suite 2105
New Orleans, LA 70130
Telephone: 504/680-6050
Telecopier: 504/680-6051
Tax ID No. 72-1435549

David Christenson
842 Camp Street
New Orleans LA 70130

Page: 1
04/08/2011
OUR FILE NO:     1013-1971M
Statement No:     1

State of Louisiana v. Christenson

### FEES

| | | | HOURS | |
|---|---|---|---|---|
| 03/17/2011 | | | | |
| | WPG | telephone conference with Mr. Washington; telephone conference with Mr. Andrew Christenson; research regarding case status; review articles; meet with Mr. Andrew Christenson and Mr. Chris Christenson; meet with Mrs. Christenson; | 3.00 | 720.00 |
| 03/18/2011 | | | | |
| | WPG | meet with Mr. Andrew Christenson, Mr. Chris Christenson and Mrs. Christenson; attend hearing at Criminal District Court; conference with Ms. Mills regarding obtaining psychiatric treatment; travel to Orleans Parish Prison to meet with Mr. David Christenson; locate Mr. David Christenson in court; attend bond reduction hearing; meet with Mr. David Christenson; telephone conference with Mr. Chris Christenson; meet with Mr. Andrew Christenson, Mr. Chris Christenson and Mrs. Christenson; | 5.00 | 1,200.00 |
| | SAJ | locate Mr. Christenson; telephone conference with District Attorney's office; leave message for Assistant District Attorney Bourgeois; | 0.50 | 80.00 |
| | ECM | conference with Mr. Gibbens; locate in-patient treatment center; telephone conference with West Jefferson representative; telephone conference with Ochsner; telephone conference with Oceans Specialty Hospital; telephone conference with River Oaks; telephone conference with Palmetto; telephone conference with Twelve Oaks; further telephone conference with Ms. | | |

**A 2**

David Christenson

State of Louisiana v. Christenson

Page: 2
04/08/2011
OUR FILE NO: 1013-1971M
Statement No: 1

| | | | HOURS | |
|---|---|---|---|---|
| | | Rachelle; conference with Mr. Gibbens; telephone conference with Mrs. Christenson; further telephone conference with Ms. Rachelle; place call to Dr. Schutte and leave message; place call to Dr. Culver and leave message; telephone conference with Dr. Schutte's assistant; transmit insurance information Oceans Hospital; telephone conference with Dr. Schutte; telephone conference with Dr. Culber and Dr. Culver's assistant; correspond with Mr. Gibbens; | 2.50 | 400.00 |
| 03/19/2011 | WPG | telephone conference with Mrs. Christenson; telephone conference with Mr. Chris Christenson; meet with Mr. David Christenson at House of Detention; telephone conference with Mrs. Christenson; | 1.50 | 360.00 |
| 03/21/2011 | WPG | telephone conference with Mrs. Christenson; e-mail to and from Mr. Chris Christenson regarding case status; conference with Ms. Johnson regarding strategy; further telephone conference with Mrs. Christenson; | 0.80 | 192.00 |
| | SAJ | meet with client at House of Detention; office conference with Mr. Gibbens; | 1.70 | 272.00 |
| | ECM | correspond with Mr. Gibbens; review correspondence from Mr. Gibbens; telephone conference with Dr. Culver's assistant; telephone conference with Ms. Rachelle; telephone conference with Mrs. Christenson; telephone conference with Ms. Bailey; correspond with Mr. Gibbens; telephone conference with Mr. Gibbens; further telephone conference with Mr. Christenson; | 0.30 | 48.00 |
| 03/22/2011 | WPG | telephone conference with Mr. Christenson; telephone conference with Mr. Martin; telephone conference with Mrs. Christenson; conference with Ms. Johnson; | 0.30 | 72.00 |
| | SAJ | legal research on bond reduction; draft motion for bond reduction; telephone conference with Assistant District Attorney Bourgeois; file motion; | 3.00 | 480.00 |
| 03/23/2011 | SAJ | telephone conference with Assistant District Attorney Bourgeois; office conference with Mr. Gibbens; | 0.75 | 120.00 |

**A 2**

David Christenson

State of Louisiana v. Christenson

Page: 3
04/08/2011
OUR FILE NO: 1013-1971M
Statement No: 1

|  |  | HOURS |  |
|---|---|---|---|
| **03/24/2011** | | | |
| SAJ | telephone conference with Mrs. Christenson; telephone conference with Assistant District Attorney Bourgeois; office conference with Mr. Gibbens; | 1.00 | 160.00 |
| **03/25/2011** | | | |
| SAJ | telephone conference with Mrs. Christenson; further telephone conference with Mrs. Christenson; office conference with Mr. Gibbens; receive and review letter from Assistant District Attorney Bourgeois; respond to same; telephone conference with Assistant District Attorney Bourgeois; receive and review second letter from Assistant District Attorney Bourgeois; attend hearing at court; further office conference with Mr. Gibbens and telephone conference with clients; | 4.00 | 640.00 |
| WPG | conference with Ms. Johnson regarding bond status; e-mail to and from Mr. Chris Christenson regarding bond status; attend hearing regarding bond reduction; meet with Mrs. Christenson; telephone conference with Mr. Andy Christenson regarding bond issues; | 2.50 | 600.00 |
| **03/28/2011** | | | |
| WPG | conference with Ms. Johnson; telephone conference with Mr. Martin; | 0.30 | 72.00 |
| SAJ | telephone conference with Mr. Christenson; e-mail Mr. Gibbens ; telephone conference with Mr. and Mrs. Christenson regarding evaluation and case status; office conference with Mr. Gibbens; telephone conference with Mr. Martin; | 1.20 | 192.00 |
| **03/29/2011** | | | |
| SAJ | receive and review e-mail from Mrs. Christenson; multiple telephone conferences with client; telephone conference with Soundside Wellness Center; attend status conference at court; telephone conference with Mr. Martin; office conference with Mr. Gibbens; conference call with Mr. Gibbens and client; forward medical authorization form; | 4.30 | 688.00 |
| WPG | telephone conference with Mr. Christenson and Ms. Johnson; conference with Ms. Johnson; | 0.40 | 96.00 |
| **03/30/2011** | | | |
| SAJ | receive and review e-mails from Mrs. Christenson; respond to same; draft e-mail to client's brother; telephone | | |

**A 2**

David Christenson

OUR FILE NO:  1013-1971M
Statement No:  1

State of Louisiana v. Christenson

|  |  | HOURS |  |
|---|---|---|---|
| | conference with client's father; further telephone conference with client's father; receive and review fax from client; | 2.70 | 432.00 |
| 03/31/2011 SAJ | receive and review e-mails from Mrs. Christenson; several e-mails with Mr. Gibbens; receive and review fax from South Side; draft letter to District Attorney's Office regarding treatment; | 0.70 | 112.00 |
| | FOR CURRENT SERVICES RENDERED | 36.45 | 6,936.00 |

### RECAPITULATION

| TIMEKEEPER | HOURS | RATE | TOTAL |
|---|---|---|---|
| Elisa C. Mills | 2.80 | $160.00 | $448.00 |
| Sara A. Johnson | 19.85 | 160.00 | 3,176.00 |
| William Gibbens | 13.80 | 240.00 | 3,312.00 |

### Expenses

| 03/31/2011 | Postage | 2.44 |
|---|---|---|
| 03/31/2011 | Telecopies | 3.00 |
| | Total Expenses | 5.44 |
| | Total Current Work | 6,941.44 |
| | Balance Due | $6,941.44 |

Please note that our hourly rates have increased for 2011.

**Payment Due Upon Receipt**
Please indicate file number on all remittances.

# A 3

State of Louisiana

Vs.

David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

**Memorandum**

See attached article "NOPD's No. 2 probed over Glover".

I notified, within two days of the testimony, Federal Judges Africk, Lemelle, Zainey, Vance and Englehardt that Assistant Superintendent Marlon Defillo perjured himself during the Glover trial. Defillo knew as far back as 2006. Defillo was with the Public Integrity Division when I filed my complaints against Louis (Lee) Madere and NOPD Officer Billy Labiche. Review all of the Grand Jury records. I knew because of Madere.

I also notified the Department of Justice, the FBI, Attorney General Eric Holder, Deputy Attorney General Thomas Perez, US attorney James Letten, FBI Director Robert Mueller, etc.

District Attorney Leon Cannazarro has known about Glover's death and the perjury.

There is a paper trail that is documented, factual and verifiable. Check the emails.

Lee Madere was the Grand Jury (Danziger) Foreman when Leon Cannazarro became the District Attorney.

Knowledge of a felony is a felony and a crime. Review "Misprision, Misprision of a Felony and Misprision of Treason.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

**A 4**

State of Louisiana
Vs.
David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

### Memorandum

Here is an example of what the Federal Government is willing to give up to keep the Katrina Virus and the Danziger Bridge Execution secret and out of the public eye.

The Katrina Virus and the Danziger Bridge Execution are two major Federal cover-ups.

I have tried to apply for Federal Whistle Blower Protection Status, which I deserve. More and more people, especially young people, are developing cancer and dying.

I gave documented, factual and verifiable evidence to the Federal Government and the District Attorney about how the Orleans Parish Assessor was accepting bribes and kickbacks. I gave them everything, from A to Z, about the criminal enterprise. The Federal Government and the District Attorney would not respond. I gave this information to Steven Rays as well.

I told them how the money was transferred.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

**A 5**

State of Louisiana                                                    Orleans Parish Criminal Court

Vs.

David Christenson                                                   Magistrate No. 522-477

Memorandum

Index (A drop in the bucket) of documents that show the criminal enterprise of Louis (Lee) Madere and the criminal participation of District Attorney Leon Cannazarro.

Leon Cannazarro protected Lee Madere because of the Federal Cover-Up of the Danziger Bridge Execution. Madere was the Louisiana Grand Jury Forman.

Madere died or entered the Federal Witness Protection program during the weekend of October 15th, 2010. Rayes first contacted and threatened me on October 14th, 2010. I received notice from three sources that he died on three different days. Agent Rayes called me on Monday, October 18th, 2010 and told me that the Ochsner General Counsel notified him that Madere died on Sunday. Very odd. Since when does a General Counsel notify an individual FBI Agent? The head of HR for Ochsner, Major Bill Ramsey USMC, provided me with information that cast's doubt on Madere's death. It is also my understanding that Madere consumed no pharmaceutical products. Not one aspirin. Madere defaulted on all loans and taxes. The loss totals more than $4,000,000.00. All of it because of fraud.

1. E-mail from Alex Pecot. This is where it started. Madere loaned Pecot money at the closing table. This loan was illegal and is mortgage fraud. Madere was broke and needed the money. Pecot got 100% financing with a first and second and never made a mortgage payment or condominium fee payment. The condominium went through foreclosure and sold for $60,000.00 less that the original purchase price. Our condominium lost $60,000.00 is value as well. Pages 1 – 4.
2. Copy of the peace bond that Madere violated. Page 5.
3. Motion asking the court to charge Madere with a felony. Cannazarro protected Madere and said "No". The case was dismissed. Pages 6 – 9.
4. More crimes by Madere and more protection by Cannazarro. Page 10.
5. Collateral Mortgages at 20 and 25% interest. There are seven total. The interest is more than the principle. The collateral is the Les Carillons Condominium Association property, the whole property. The mortgages predate and postdate our purchase. Pages 11 – 21.
6. American Express lawsuit. Pages 22 – 24.
7. Collateral mortgage from Gulf Coast. It is my understanding that Whitney has the mortgage. Madere property is in foreclosure and his wife has walked away. Page 25.
8. I wrote this when letter Starbucks was in town and sent it to many people. Mayor Ray Nagin did nothing because of the protection that Madere was receiving. I have worked out with Nagin at the Hilton Health club since Katrina.  Page 26.

# A 5

Nagin had his blood and DNA taken so that the Federal Government could track him for the Katrina Virus. Did the Federal Government take your blood and DNA? Are you being given preventative medical treatment?

Sincerely Filed Pro Se by,
David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 6

State of Louisiana

Vs.

David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

## Memorandum

District Attorney Leo Cannazarro authorized Aris Cox, attorney and the Les Carillons Condominium Association President, the authority to turn off our water and gas. My wife and I have been living without water and gas since May 11th, 2011.

<u>**This was done for sadistic and retaliatory reasons by District Attorney Leon Cannazarro**</u>. He has made it clear that I will be arrested for felony theft if I turn the utilities back on. It was illegal to turn off the utilities without a civil court order.

This is a civil matter that goes back to February, 2006 when we purchased our condominium from Louis (Lee Madere). We **over paid** our condominium fees by thousands of dollars. Madere stole the money and ran the association as his own kingdom.

70% of our condominium association is in foreclosure. Madere never completed the association. By the end of June only two of the seven units will be occupied.

<u>***Over four million dollars has been stolen and lost because of the protection that Leon Cannazarro provided to Lee Madere, the Danziger Bridge Grand Jury Forman.***</u>

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 7

State of Louisiana

Vs.

David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

## Motion to Recuse
### Commissioner Cantrell

Today is May 23rd, 2011. I was arrested on March 15th, 2011 (69 days ago) but have not been charged with a crime. Leon Cannazzaro, the District Attorney, is abusing the law and his authority. His actions are sadistic, vindictive and retaliatory because I have accused him of multiple major Federal and State crimes. The evidence that I have against Leon Cannazzaro is substantial, factual, verifiable and documented.

**My arrest was for a non-violent, non-drug, non-domestic misdemeanor for which I have not been charged.**

The original non-domestic stay away order listed the Ozanam Inn (A building). No affidavit was filed by the Ozanam Inn as is required by law. This is a homeless shelter run by the Catholic Church. Both my wife and I volunteer there and are practicing Catholics. We make donations on a regular basis. I live across the street and because of the non-domestic stay away order I could not go home, please let me repeat that I could not go to my own home, after being released from 11 days in isolation in the psychiatric ward where I was medicated against my will and knowledge.  Have you ever been given sleeping medication and anti-depressants without your knowledge? It is torture beyond comprehension for a sane person. Did you know that they never turn the lights off in the psychiatric ward? The noise is unbelievable and the smell of urine is pervasive.  I was denied pen and paper and law books. This is illegal and was designed to prevent me from filing pleadings and exercising my Constitutional and Civil Rights.

My mother is in the hospital, in Iowa, where she had emergency surgery on Friday. This is her second hospital stay since I was arrested.  I have not been able to see her because of the bond restrictions. She could die this weekend.

My father-in-law was diagnosed with his second and third cancer in January. They have been treating one of the two cancers with chemotherapy and radiation. He had surgery this month and was in ICU for almost two weeks. My wife did not see her father until last weekend. Do you have any idea how difficult this has been for her? He could have died and still may. He needs 24 hour care.

The bond denies me access to the internet. This is criminal and illegal. There is no legitimate reason for this draconian measure. It was done for sadistic, vindictive and retaliatory reasons by Leon Cannazzaro. (Both my wife and I have lost our jobs and the ability to generate income.) I am unable to zealously represent myself, or to find representation, without the internet. The bond requirement of no access to the internet is a violation of my 1st Amendment Privilege.  **No access to the internet was also designed**

**A 7**

**to stop me from doing valuable research into the genocide and murder that is taking place here in New Orleans.** Denying me access to my email account is also criminal, illegal and a violation of my 1st Amendment Privilege.

On May 11th, 2011 District Attorney Leon Cannazarro, though his office, authorized Aris Cox, the president of our condo association, to shut off our water and gas and to deny us access to our cable and phone service. My wife and I have been living without the basic necessities of water and gas. We overpaid our condo fees by thousands of dollars since our purchase in February, 2006. This is a civil matter and we have multiple lawsuits against the association. Here is an example of how criminally corrupt the situation is: The condo association has been paying for Aris Cox's electric bill. That means we have been paying his electric bill since March, 2006. Cox's electric meter was installed last month (This can be verified. The strange part is that Madere applied for the permit on the day that he entered Ochsner, four years after he should have.) . We sent a $200.00 check to cover our electric and water bill, even though we have a positive balance and money on account, but the association refuses to turn the water and gas back on. Over $4,000,000.00 has been lost or stolen.  70% of the condo association is in foreclosure and taxes are due on 60%. Cannazarro protected Madere and his criminal enterprise because Madere was the Danziger Bridge Grand Jury Foreman and because of the Federal Cover-Up of the Danziger Bridge Executions.

I was informed that my $300,000.00 bond was an Orleans Parish Criminal Court record for a non-violent, non-drug, non-domestic misdemeanor. Leon Cannazarro, the District Attorney, original asked for a $500,000.00 bond.  He has gone to great lengths to silence me.

I was informed that the electronic monitoring device that is attached to me is extremely inappropriate since I have not been accused, arrested or charged with a violent, drug or domestic crime.

The Non-Domestic Stay Away Order is illegal and defective. The 74 people on the order have not filed affidavits as is required by law.  **Agent Rayes submitted the names without authorization from the individuals. This is a crime.** Senator Mary Landrieu, Senator David Vitter, FBI Director Robert Mueller, to name a few, are listed. Where are their affidavits?  A defendant has a right to confront his accusers.  I do not know 66 of the 74 people on the order. I have only emailed them. A review of the order will show Federal Government email addresses. This is state court. CS RS 14:40.0 Cyberstalking, Section E, the First Amendment and other Federal and State Laws clearly allow me to send emails for political and informative purposes.

The victim, FBI Agent Steven Rayes, has not signed an affidavit. He listed his home as the FBI Headquarters here in New Orleans. He intentionally deceived the court and failed to mention that he contacted me last October, 2010 and ordered me to email him at official FBI email addresses. He also deceived the court by failing to mention that he never told me to stop. Rayes should have informed the court that he assaulted me at the Hilton Hotel on November 10th, 2010. Leon Cannazarro knew about the assault.

# A 7

Rayes lied on the arrest report/information when he said it was a "chance encounter" on the night of March 4th, 2011. It was intentional on his part. He knows I live in the CBD and that I transit Julia Street twice a day on my way to the Hilton Health Club. That night my wife and I were walking to dinner. I never approached Rayes. Let me repeat, I never approached Rayes. He has been stalking me since October 14th, 2010.

One of the most grotesque criminal acts on the part of Rayes is the inaccurate description of what was in the emails. I was ordered by Rayes to send him the emails and the emails went to official FBI email addresses. Rayes has acknowledged that it was he who contacted me on official FBI business. It is true that he contacted me but it is a lie that it was official FBI business.

Social Services and the boy's mother should be notified about the reprehensible actions of Rayes. What kind of man takes his son stalking?

Agent Rayes lied when he said the emails were unwelcomed. He could have blocked them. He could have told me to stop. He could have notified the FBI. I never contacted Rayes outside of official channels.

Commissioner Cantrell has had ex-parte communications with the victim in chambers and open court. This is illegal. It shows a complete biased and prejudice on the part of the commissioner.

The charges, bill or information was never read in open court as is required by law. I was never given a chance to respond. This is illegal. It shows a complete biased and prejudice on the part of the commissioner.

**There was no intent.**

Victim FBI Agent Steven Rayes has acted has the investigative authority for the State of Louisiana. This is illegal. Why have there not been Federal Charges? Why was Rayes's friend allowed to issue the arrest warrant? Steven Rayes is not a true FBI Agent in the classic sense. He is a blue collar agent in the uniform division. He should never have been near me according to FBI protocol and procedure. Rayes lied when he said there was an investigation in February, 2011. There was no investigation. Rayes stated that I sent "inappropriate" emails. What exactly are inappropriate emails? My emails were political and informative as defined by law. I was never accused or investigated for a criminal act by the FBI or the Department of Justice. *May I remind the court that the US Marshal Service is responsible for the protection of the Federal Judiciary and not the FBI.* Why has there not been any official notification, restraining order, cease and desist order, target letter, etc.? These criminal actions are designed to silence me and to stop my investigation into the Katrina Virus and the Genocide and Murder here in New Orleans.

Title XXII. Recusation of Judges and District Attorney's. Art. 671.

**A 7**

A. In a criminal case a judge of any court, trial or appellate, shall be recused when he:
  (1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial.
  (6) Would be unable for any other reason, to conduct a fair and impartial trial.

The bond and the non-domestic stay away order were not designed in accordance with the law or the intent of the law. I was informed by Public Defender Meredith Angelson, George Bourgeois, Sara Johnson, Billy Gibbens, etc. and in open court that <u>the bond was truly designed to keep me from petitioning the Federal Courts, to stop me from doing research into the Katrina Virus and the Genocide and Murder of the innocent people of New Orleans and to silence me about the three major Federal Cover-Ups.</u> My Frist Amendment Privilege was criminally stripped from me.

Art. 673. Judge may act until recused.

A. Judge has full power and authority to act, even though a ground for recusation exists, until he is recused, or <u>a motion for his recusation is filed.</u>

My arrest for Cyberstalking was sadistic, vengeful and retaliatory.

R.S. 14:40.3 Cyberstalking.

E. <u>This Section does not apply to any peaceable, nonviolent, or nonthreatening activity intended to express political views or to provide lawful information to others.</u>

I have developed factual, documented and verifiable evidence of three major criminal conspiracies. 1. Grand Jury Foreman Lee Madere and his criminal enterprise that was protected by District Attorney Leo Cannazzaro. 2. The Federal cover-Up of the Danziger Bridge Execution. 3. The Federal Cover-Up of the Genocide and Murder from the release of the Katrina Virus.

FBI Agent Steven Rayes initiated contact with me on October 14th, 2010 at 3:00 PM. My wife and I immediately met with him and NOPD Officer Druzac (SP?) at our home for four hours. The conversation was recorded by Agent Rayes with a digital recorder (Rayes and Druzac placed six electronic devices on our kitchen table.). Agent Rayes gave me his email address and ordered me to copy him on emails. Agent Rayes never told me to stop emailing him. Agent Rayes assaulted me on November 10th, 2010. There is a DVD of the assault.  I had been dealing with FBI Agents Horner, McCants, Bryson, Welker, Dowling, etc. Agent Rayes's job was to threaten, intimidate, harass and stalk me. Agent Rayes was a member of the Violent Crimes Task force. He is a blue collar agent and his actions were not in accordance with FBI protocols and procedures. Why was I not contacted by one of the agents that I had been dealing with? Agent Rayes lied to the court and on the bill of information. I have never been informed by the FBI or the DOJ that I was being investigated for a crime.

# A 7

There was no investigation on the part of the NOPD. A 30 man SWAT Team was dispatched six days after the second email was sent. There were no threats in the email. James Robie died or was murdered under mysterious circumstances in California. He was the lead attorney for State Farm Insurance in the Katrina Lawsuits. I believe that he discovered the truth. Please review your homeowner's policy on the medical limits. If the Federal Government admitted accidentally releasing contaminants into the air and water then the liability to State Farm would be trillions of dollars. A $150,000.00 house could have a five million dollar medical provision. Can you see why there is a Federal Cover-Up? Think about the financial consequences to the Federal Government. **THAT IS WHY A 30 MAN SWAT TEAM WAS SENT TO MY HOME.** The Federal Government wanted my files, research and documentation so that I could not expose the three major Federal Cover-Ups.

Please review Louisiana Criminal Code: Obstruction of Justice 130.1. This clearly applies to the actions of the District Attorney and Agent Rayes.

How many people are going to die? How many kids are going to die before someone does something?

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 8

State of Louisiana                                    Orleans Parish Criminal Court
Vs.
David Christenson                                     Magistrate No. 522-477

### Motion to Recuse
### Commissioner Cantrell
### Supplemental Third Motion

Commissioner Cantrell will be called as a witness. Title XXII, C.Cr.P. Art. 671 (4).

There are multiple incidents were Commissioner Cantrell conducted himself in a prejudicial and biased manner against the defendant. Violations of the rules of criminal procedure were noted in the record.

Defendant will prove that Rayes acted in a criminal manner and will use testimony provided by Commissioner Cantrell.

Defendant has a legal right to question, under oath, Commissioner Cantrell about the ex-parte communication.

Commissioner Cantrell has decided to hear his own recusal hearing. This shows a bias and is prejudicial towards the defendant. It is a violation of Title XXII, C.Cr.P. Art. 671 – 679.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

**A 9**

State of Louisiana                                    Orleans Parish Criminal Court
              Vs.
David Christenson                                     Magistrate No. 522-477

**Notes**

You denied me the right to travel to see my mother.

You completely ignored the fact that the district attorney had my water and gas shut off.

You completely ignored the fact that we were denied access to our phone and cable.

You completely ignored the fact that our emergency egress and ingress was locked.

June 2, 2011 at 11:45 AM we called 911. We were informed that the FBI would not allow the NOPD to follow the law.

On March 15th, 2011 you forced me to accept the public defender who irreparable harmed me.

You threatened me. You would not allow me to speak.

I demanded a continuance.

You held ex-parte communication with the victim.

You have acted as the investigator, the prosecutor, the judge, the jury and the executioner.

You set a record bond.

You placed me on a monitoring device without the recommendation and against the wishes of the DA.

Why would you allow me to leave the state?

You keep talking about "we". The DA is not part of the "we". Who is the "we"?

I have not been charges. Next Tuesday is the 90th day and charges need to be brought or the case needs to be dropped.

I have attended every hearing.

You allowed attorneys to represent me that I did not retain.

You placed me in isolation.

You medicated me against my will and knowledge.

You are hiding something.

You are being manipulated.

You are violated my constitutional and civil rights.

You repeatedly threaten me about getting an attorney. Both attorneys have irreparable harmed me.

You have allowed the DA to manipulate the time limitation statues.

There is no evidence for a cyber-stalking conviction.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 10

State of Louisiana                                    Orleans Parish Criminal Court

Vs.

David Christenson                                    Magistrate No. 522-477

### Notice/Motion to Appeal
### Commissioner Cantrell's Decision To Hold His Own Recusal Hearing

The Recusal Hearing has not been held therefore it is appealable. The decision by Commissioner Cantrell to hold his own Recusal Hearing is a violation of Title XXII, C.Cr.P. 671 – 679.

It is absolutely clear from Title XXII that an independent judge is to hear the recusal hearing.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 11

State of Louisiana                                             Orleans Parish Criminal Court

Vs.

David Christenson                                             Magistrate No. 522-477

## Memorandum

See the last sentence of the attached docket master for first appearance.

*"Defendant is to have no internet access while in custody".*

This was done to stop any investigative work by David Christenson into the Federal Government's release of the Katrina Virus and the resulting Murder and Genocide. It was also done so that he could not do any legal research, thereby denying him his constitutional rights. Pen and paper were also denied to him so that he could not file any pleadings.

See Bond Order and Conditions of Bail.

*"3. Defendant is hereby ordered to not have access to the Internet; "*

The "no internet" was done for vindictive and retaliatory reasons by District Attorney Leon Cannazarro. "No internet" stopped investigative work by David Christenson into the Federal Government's release of the Katrina Virus and the resulting Murder and Genocide.  Defendant has lost his ability to generate any type of income or manage his business because of the loss of use of the internet. **Defendant has lost his business.**  It was also done so that he could not do any legal research, thereby denying him his Constitutional and Civil rights.

Please notice the $300,000.00 bond on the docket master. This represents an Orleans Parish Criminal Court record for a bond for a non-violent, non-domestic and non-drug misdemeanor. Original District Attorney Leon Cannazarro asked for a $500,000.00 bond. This was vindictive and retaliatory. This was done for two emails that were sent for political and informative reasons to an FBI Agent, at an official FBI email address, that demanded that they be sent.

The bond should have been "own recognizance".

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 12

State of Louisiana
Vs.
David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

### Memorandum
### On
### Settlement

Settlement talks were held by David Christenson and George Bourgeois.

Mr. Bourgeois acknowledged that Mr. Christenson had not broken the law. He based his decision on the law and the more than five-year relationship that he has had with Mr. Christenson. He also acknowledged that District Attorney Leon Cannazarro had received the criminal complaint (assault) in November 2010 against FBI Agent Steven Rayes, the accuser. There is a DVD of the assault in the possession of District Attorney Leon Cannazarro.

Mr. Bourgeois acknowledged that Mr. Christenson had been attempting to expose two Federal Cover-Ups/Major Federal Conspiracies. Cyberstalking R.S. 14:40.3 E states: *This Section does not apply to any peaceable, nonviolent, or nonthreatening activity intended to express political views or to provide lawful information to others.*

Mr. Christenson offered to leave the state and cease all investigative activity and communications if the case was dropped. Mr. Bourgeois refused this offer on behalf of District Attorney Leon Cannazarro. (Side note: On the day before he was arrested Mr. Christenson informed District Attorney Leon Cannazarro that he was done with the investigation. He had quit/given up and was leaving the state.)

Mr. Bourgeois explained that there were other political forces at work and that he had no control over what was happening. He was ordered to personally handle the case by District Attorney Leon Cannazarro. He explained that he had not personally handled a case in some and that this case was getting major attention.

Mr. Bourgeois expressed curiosity about the representation, or lack of, by Mr. Christenson's attorneys. He wondered why they waived time delays for bond obligations and time limits for institution of prosecution until March 15th, 2012.

Sincerely Filed Pro Se by,

David Christenson

# A 12

842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 13

State of Louisiana                                    Orleans Parish Criminal Court
           Vs.
David Christenson                                    Magistrate No. 522-477

### Affidavit/Certification for Speedy Trial

I, David Christenson do herby certify that I am requesting a speedy trial on or before August 12th, 2011. I am representing myself as a Pro Se.

As defendant and Pro Se I am certifying that I am ready to proceed to trial.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 14

State of Louisiana                                        Orleans Parish Criminal Court
Vs.
David Christenson                                        Magistrate No. 522-477

Motion
For
Speedy Trial

Defendant moves the court for a speedy trial.

Defendant was arrested on March 15th, 2011 and charged with two misdemeanor counts of cyberstalking. Defendant was held in isolation for 11 days.

Reference: C.Cr.P. Art 701 and 702, 701 B. (2) and 701 C. (b).

The state has 90 days to bring charges and 60 days for a trial.

The Defendant moves the court for a speedy trial on or before August 12th, 2011.

Defendant pleads not guilty to both misdemeanor cyberstalking charges.

Defendant is acting "Pro Se" and will represent himself. See attached affidavit.

Orleans Parish District Attorney Leon Cannazzaro is manipulating the time limitations for prosecution as well as trial.

A Motion to Quash (C.Cr.P 531, Title XV.) and a Motion to Suppress (All evidence obtained with the illegal search warrant and the two emails.)( C.Cr.P. 703 and Title XXIV) will be filed.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 15

State of Louisiana                                    Orleans Parish Criminal Court
          Vs.

David Christenson                                    Magistrate No. 522-477

### Memorandum

God works in mysterious ways. Today, Friday June 3rd 2011, I decided to read the obituaries. I never read the obituaries but for some reason I did today.

The first thing I saw was a Memorial to Noel Anthony LaSalle, Jr. (Item 1.) His mother, Glenda, cuts my hair. He died on June 3rd, 2007 from a mysterious virus after a **THREE** DAY BATTLE. He was 44 years old and in great health. He was in New Orleans during Katrina and left a few days after the storm. *It is my belief that he was infected with the Katrina Virus. THE FEDERAL GOVERNMENT MURDERED HIM.*

### GENOCIDE/MURDER
HOW MANY PEOPLE HAVE DIED FROM THE KATRINA VIRUS?
HOW MAY PEOPLE HAVE HAD THEIR LIVES CUT SHORT BY THE KATRINA VIRUS?
ARE WE HAS A NATION GOING TO ALLOW OUR KIDS TO BE MURDERED?

The attached death notices are taken from one day, June 3rd 2011. These are real people. Their families deserve to know the truth.

Veronica Jane Willis was only 58.
Ben Johnson Jr. was 36 and a father.
Peggy Ann Wilson was 62 and was engaged to be married.
Ronald Lewis Cambridge "had a zest for life that was reflected in the way he battled cancer".
Lee Ester Ann Richards Jackson was 63 and a beloved wife.
Anthony Nunnery was 50 years young.
Donna Faye Clark was 54, engaged and a mother.
Rose Marie Saunders Bradley was 62 and died after a long battle with cancer.
Memorial: Linda F. Evans was only 48.
Gregory Montrell "Smokey" Keys was barely 25 and left a son.
Homer Lee Bates was 51. He was preceded in death by two sisters.
Robert Grosz was 51 and lost a courageous battle with cancer.
Oliver A. Marcell III. How is he connected to the Orleans Parish Sheriff's Office?
Walter "Tre-8" McCallon Jr. was 36 and his wife died before him. He was only 36. He had five daughters and one son.

Now you know why the Federal Government does not want me on the internet and why they stole my research and files.

Please allow me to continue my research into the Katrina Virus and the Federal Cover-Up.

# A 15

Sincerely Filed Pro Se by

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 16

State of Louisiana
Vs.
David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

### EMERGENCY MOTION FOR CONTRADICTORY HEARING FOR JUNE 14TH, 2011

Defendant acting Pro Se moves the court for an emergency contradictory hearing.

Defendant was arrested march 15th, 2011. Title XXIV, Article 701 (B) (2) "When the defendant is not continued in custody subsequent to arrest, an indictment or information shall be filed within 90 days of the arrest if the defendant is booked with a misdemeanor...". June 14th, 2011 is 90 days from the arrest.

No charges have been filed.

Defendant has filed a motion for a speedy trial.

Defendant moves the court to protect the Defendant's Constitutional and Civil Rights.

The District Attorney does not have "just cause" for a delay.

Defendant moves the court to release the bond obligation per Title XXIV, Article 701 (B)(2).

The District Attorney can still bring charges within the statute of limitations and will suffer no harm.

The defendant will suffer irreparable harm.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 17

State of Louisiana                                      Orleans Parish Criminal Court

Vs.

David Christenson                                      Magistrate No. 522-477

### EMERGENCY MOTION TO APPOINT A PUBLIC DEFENDER
### SET HEARING FOR JUNE 14TH, 2011

Defendant moves the court to appoint a public defender.

Defendant has no assets.

See attached IRS tax bills which are due.

Defendant is unable to work because of the bond restrictions.

Defendant is living without the basic necessities of life. The District Attorney has authorized his water to be turned off.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 18

State of Louisiana                                        Orleans Parish Criminal Court
                 Vs.
David Christenson                                        Magistrate No. 522-477

**EMERGENCY MOTION TO ALLOW DEFENDANT TO RETURN TO FLORIDA FOR CONTINUED TREATMENT
SET HEARING FOR JUNE 14TH, 2011**

Defendant moves the court to allow him to return to Florida to continue treatment. The District
Attorney has not filed charges. The arrest was 90 days ago and the bond is to be removed by law.

The long term mental health of the Defendant is at stake.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 19

State of Louisiana

Vs.

David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

### EMERGENCY MOTION FOR REMOVAL AND DISCLOSURE FOR MONITORING DEVICE
### SET HEARING FOR JUNE 14TH, 2011

Defendant moves the court to disclose the rational as to why the defendant was fitted with a monitoring device. The defendant has not been charged with a crime. Defendant is not accused of a violent, drug or domestic crime. The monitoring device represents an "unusual" restriction which is a violation of the Louisiana Criminal Code. Constitution Article 1 S 20 Right to Humane Treatment.

Reference: Constitution Article S 13 Rights of the Accused. "When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention..." Defendant wants to know why he is wearing a monitoring device. Why is he under house arrest?

Defendant believes that Commissioner Cantrell is being manipulated by the FBI and that it is the FBI that wants the monitoring device. This would be a crime. The District Attorney never requested the monitoring device. The original bond did not require the monitoring device. Defendant does not represent any type of risk.

Sincerely Filed Pro Se by

David Christenson

842 Camp Street

Unit 4

New Orleans, La. 70130

504-715-3086

# A 20

Ms. Barbara,                                                          06/08/2011

Please set the hearings for the five emergency motions for June 14th, 2011. I have notified George Bourgeois.

I have done my research and I have a legal right to represent myself and to set the hearings. It will be 90 days and no charges have been filed. The bond must be dropped. Please respect my Constitutional and Civil Rights.

**Please do not let the Genocide against the people of New Orleans continue. 16 year old girls are dying of ovarian cancer. 16 year old boys are dying of congestive heart failure. 44 year old men are dying of the Katrina virus after three days.**


Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 21

State of Louisiana
Vs.
David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

## Memorandum

We called "911" on Tuesday June 2nd 2011 at 11:45 AM. Orleans District Attorney Leon Cannizarro authorized our emergency egress and ingress door to be locked. He had previously cut off our water and gas and denied us access to our cable, phone and now electric box.

The NOPD informed me that the FBI was in control of the property and that there was nothing that they could do. As soon as I made the "911" call, the FBI was called.

The NOPD officer was apologetic. She agreed with everything that we said. She went to bat for us.

I asked her to file a complaint but she was under orders not to. She would not give me a case number.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 22

State of Louisiana

Vs.

David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

## Motion

Defendant moves the court to place the two purported cyberstalking emails into the court record.

Defendant moves the court to read the two purported cyberstalking emails into the court record.

Defendant demands that the two emails be read and placed into the court record.

Sincerely Filed Pro Se by

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 23

State of Louisiana                                    Orleans Parish Criminal Court
      Vs.
David Christenson                                     Magistrate No. 522-477

**Memorandum**

**Constitution Article 1 S 22 Access to Courts.**

"All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or **_unreasonable delay, for injury to him in his person, property, reputation, or other rights."_**

**Constitution Article 1 S 20 Right to Humane Treatment.**

"No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or **_unusual_** punishment."

**Constitution Article 1 S 18 Right to Bail.**

"(A) Excessive bail shall not be required. Before and during a trial, a person shall be bailable by sufficient surety..."

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 24

State of Louisiana
Vs.
David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

## Memorandum

Louisiana Criminal Code of Criminal Procedure Title VII Article 311.

Bail Defined. "Bail is the security given by a person to assure his appearance before the proper court whenever required."

Article 334.

Factors in determining amount of bail. See attachment.

Louisiana Revised Statue Title 46, Public Welfare and Assistance, Section 2143.

Use of electronic monitoring of offenders pilot program. This is a domestic violence program. I have been accused of sending emails. I have not been accused of a drug, violent or domestic crime. The court has placed a monitoring device on my leg. **This is a violation of the Louisiana Constitution Articles 1, Sections 22, 20 and 18.**

**It is clear that this was done to humiliate the defendant, to injure his reputation, to subject him to cruel, excessive, or unusual punishment and to have an excessive bail.**

**The District Attorney, Leon Cannazarro, authorized the water to be turned off in the defendant's condo/home. This was done for vindictive and retaliatory reasons. The defendant has to shower at a public health club.**

Sincerely Filed Pro Se by,

David Christenson

# A 24

**842 Camp Street**
**Unit 4**
**New Orleans, La. 70130**
**504-715-3086**

A 25

State of Louisiana                                          Orleans Parish Criminal Court

Vs.

David Christenson                                          Magistrate No. 522-477

## Memorandum

Louisiana Code of Criminal Procedure, Title X Articles 381-386.

Defendant was arrested on March 15th, 2011.

Defendant requested a continuance so that he could hire his own attorney. The court denied this motion without just cause.

Defendant demanded a preliminary examination. The court denied this motion without just cause. No preliminary examination has taken place. Today is June 11th, 2011 and is the 89th day since the arrest. No charges have been filed.

The victim did not provide an affidavit as is required by Article 385.

No affidavit was filed in open court as is required by Article 385.

Defendant's wife was barred from attending the hearing. Courts are to be open at all times. Louisiana Constitution Article 1, Section 22 Access to Courts: "All courts shall be open..."

Commissioner Cantrell had ex-parte communication with the purported victim in chambers and in open court.

The arresting officer was not present. The purported victim represented himself to be the arresting officer and acted so for the court record. This is a violation of Title X.

Sincerely Filed Pro se by,

David Christenson

842 Camp Street

Unit 4

New Orleans, La. 70130

504-715-3086

# A 26

State of Louisiana

Vs.

David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

### (Corrected) Memorandum

Supporting evidence for Defendant's release from the "Bond Order and Conditions of Bail".
Reference Louisiana Code of Criminal Procedure Title XXIV Procedures Prior to Trial.
Article 701. Information has not been filed within 90 days of arrest. Prosecution has not been
commenced within 90 days of arrest. The District Attorney would have to prove that there was "Just
Cause" for the delay. This would be impossible. This is a cyberstalking case. The evidence is two emails,
which the District Attorney has. The two emails rise to the level of cyberstalking or they do not. There
are no witnesses. This is not a drug, domestic or violence case. It is a simple matter of the facts of the
two emails. The District Attorney cannot prove intent as is required by the Louisiana Criminal Code. The
two emails do not qualify, in any way, for prosecution under the definition of cyberstalking.

The District Attorney cannot overcome Revised Statue 14:40.3 Cyberstalking E. *"This section does not
apply to any peaceable, nonviolent, or nonthreatening activity intended to express political views or to
provide lawful information to others."* The two emails are political and informative.

### Statement of Facts

Agent Rayes contacted the Defendant on October 14th, 2010. Agent Rayes identified himself to be an
official representative of the FBI and ordered the defendant to send him and to copy him on all emails.
The defendant complied with the order.  Agent Rayes informed the defendant that he was there to help
him with the problems that he was having with Louis Madere. This turned out to be a lie. Agent Rayes
never told the defendant to stop the emails. Agent Rayes assaulted the Defendant on November 10th,
2010. The DVD of the assault is in the possession of the District Attorney. The Defendant filed a criminal
complaint.

### The Defendant fired Attorney Sara Johnson

Sara Johnson was never retained by the Defendant. She acted without authorization. She continued to
act without authorization until the Defendant placed a memorandum in the court record stating that he
had fired her. Defendant notified George Bourgeois immediately. Sara Johnson committed criminal
malpractice. George Bourgeois has known that Defendant did **not** waive his Constitutional Rights.
*(The word "not" was inadvertently left out of the first memorandum. This was an accident and was not picked up when proofed.)*

Blackmail, extortion, duress, isolation, false information, secrecy and medication were used against the
defendant and his family. Defendant never would have waived his Constitutional Rights. The waiving of

# A 26

a defendant's Constitutional Rights is not a requirement for Bail or Bond. It is not even a consideration. If it was the District Attorney would require ever Defendant to waive their Constitutional Rights.

The District Attorney still retains the rights to institute the prosecution within the statue of limitations. The Defendant has a Constitutional Right to Bail. Constitution Article 1 S 18 Right to Bail. "Excessive bail shall not be required". The waiving of a Defendant's Constitutional Rights is excessive.

Sincerely Filed Pro Se by,
David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 27

State of Louisiana                                                    Orleans Parish Criminal Court

Vs.

David Christenson                                                     Magistrate No. 522-477

## Memorandum/Summary
1. Summary of the Emergency Hearing
2. Summary of the Transgressions by Commissioner Cantrell
3. Summary of the Criminal Transgressions by the FBI, DOJ and the District Attorney

**Summary of the Emergency hearing in front of Commissioner Cantrell on June 14th, 2011.**

District Attorney George Bourgeois was present, prepared and acknowledged that he had been properly served.

A. **Emergency Motion to Appoint a Public Defender.** Commissioner Cantrell refused to hear the motion and refused to allow the defendant to be heard. Louisiana Law clearly states that a defendant has a right to an attorney. Financials were provided by the Defendant.

B. **Emergency Motion for Contradictory Hearing.** Commissioner Cantrell refused to hear the motion and refused to allow the defendant to be heard. 92 days have passed since defendant had been arrested. Louisiana Law requires charges to be filed within 90 days. No charges have been filed. (Commissioner Cantrell did not know what a Contradictory Hearing was. He had to ask.)

C. **Emergency Motion for Bond Reduction.** Commissioner Cantrell refused to hear the motion and refused to allow the defendant to be heard.

D. **Emergency Motion to Allow Defendant to return to Florida for Continued Treatment.** Commissioner Cantrell refused to hear the motion and refused to allow the defendant to be heard. This was the major part of the bond. The defendant had to agree to seek treatment and to be evaluated. The bond never discussed what type of treatment or what the Defendant was to be evaluated for. This was done to discredit the defendant as a Federal Whistle Blower.

E. **Emergency Motion for Removal and Disclosure for Monitoring Device.** Commissioner Cantrell refused to hear the motion and refused to allow the defendant to be heard. Louisiana law requires disclosure for all detentions. The arrest was for a non-violent, non-drug, non-domestic charge. This was cruel and unusual punishment. It was clearly harassment.

Commissioner Cantrell threatened to place the defendant back in jail unless he waived his Constitution and Civil rights. Blackmail, extortion, duress, isolation, false information, secrecy and medication was used against the defendant and his family. Defendant never would have waived his Constitutional and Civil Rights. The waiving of a defendant's Constitutional and Civil Rights is not a requirement for Bail or Bond. It is not even a consideration. If it was the District Attorney would require ever Defendant to waive their Constitutional Rights.

**Summary of Transgressions by Commissioner Cantrell**

Starting on March 15th, 2011.

# A 27

Refused to allow a continuance so that the Defendant could hire his own attorney.

Held ex-parte communications with the purported victim, FBI Agent Rayes in his chambers and in open court.

Allowed FBI Agent Rayes to act as the arresting officer. The arresting officer was not present.

Did not require FBI Agent Rayes to file an affidavit.

Allowed FBI Agent Rayes to submit 74 names for a non-domestic stay away order. Did not require affidavits from the 74 people. The 74 people did not know that they had been named. Defendant did not know 66 of the people. Senators Mary Landrieu and David Vitter were listed.

Denied Defendant the right to access the internet.

Denied Defendant the right to conduct his business affairs.

Defendant lost his real estate license.

Denied the Defendant the right to be properly and zealously represented by an attorney. Defendant needs access to the internet to prove his innocence.

Defendant was not allowed to do research because of the "no internet" order.

Commissioner Cantrell ordered defendant to be held in isolation and medicated.

Commissioner Cantrell set a record bond of $300,000.00 for a misdemeanor, non-violent, non-domestic, non-drug arrest. Defendant was not allowed to present evidence. FBI Agent Rayes contacted the Defendant on October 14th 2010 and ordered him to send and copy him on all emails. FBI Agent Rayes assaulted the Defendant on November 10th 2010. There was a DVD of the assault. FBI Agent Rayes never informed Defendant to stop the emails. The arrest/information report had numerous lies in it. (As a comparison: on June 7th, 2011 the Commissioner set a bond of $75,000.00 for an armed car-jacking. This clearly shows the commissioner to be biased and prejudicial.)

On April 5th 2011, after being free on bond for 11 days in Florida receiving treatment, Commissioner Cantrell had defendant return to New Orleans so that he could shackle him with a monitoring device. No reason was given. This is a violation of Louisiana Law. Commissioner Cantrell kept referring to "we" when asked why. The District Attorney did not request the monitoring device. The "we" was the FBI and the DOJ.

Defendant filed a motion for Commissioner Cantrell to recuse himself. Louisiana Law requires another judge to hear the motion. Cantrell refused and heard the motion himself. He did not allow the defendant to present evidence. Defendant filed a notice of appeal before the hearing but Commissioner Cantrell refused to read the notice. It appeared that he did not have a concept of what the notice to appeal is used for.

Defendant repeatedly asked to be able to return to Iowa to see his mother who had been in the hospital three times. She is very ill and had emergency surgery on one occasion. Commissioner Cantrell denied the Defendant the opportunity to see his mother. The charge is a misdemeanor.


**Summary of the Criminal Transgressions by the FBI, DOJ and the District Attorney**


Under orders of the FBI, DOJ and the District Attorney:

# A 27

The Defendant has had his water and gas shut off. He and his wife are living without water. They have to go to a health club to shower. They are hauling in water for their toilet. They are using paper plates and plastic utensils. They cook everything on a grill.

The Defendant has been denied access to his cable, electric and phone.

The emergency egress and ingress door that the Defendant would use in an emergency has been locked. This door is used on a daily basis for access to the Defendant's home and utilities.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 28

State of Louisiana                                          Orleans Parish Criminal Court
Vs.
David Christenson                                          Magistrate No. 522-477

Memorandum

Emergency Hearing in front of Commissioner Cantrell on June 14th, 2011.

Commissioner Cantrell made the following statement for the record: "I would not have released you, the defendant, on bail/bond (92 days ago) if you had not agreed to waive your right to be charged within the 90 day statute of limitations. You agreed to be on bond for one year. **I am going to put you back in jail if you tell me I am wrong.**" That was a threat!!! (I have no memory of the hearing. I was so drugged up that I did not know who I was or where I was.)

There are 10 factors used in determining bail per Louisiana Code of Criminal Procedure Article 334. Waiving one's right to be charged is not one of the factors. It is not a consideration.

The Louisiana Code of Criminal Procedures Article 701(B) (2) states very clearly that "information shall be filed within 90 days of arrest". That means the charges must be brought and filed within the 90 days. The only exception is if the District Attorney can show Just Cause which is "grounds beyond the control of the State or the Court". A defendant waiving one's rights is not grounds for bond/bail. The District Attorney must act in an efficient manner and stay within the statue of limitations when bringing charges. Bond is not to be used as blackmail or extortion by the District Attorney and the Commissioner.

The arrest was for two counts of cyberstaking. There are two emails. Each email is roughly four sentences. That means there are eight sentences and or 72 words. That means the District Attorney had 13 weeks (92 days) to analyze eight sentences. There is no intent as is required by statute. Each email is political and informative which means it is exempt from the cyberstalking statue. The arrest was a misdemeanor, non-violent, non-domestic, non-drug crime. The Defendant was ordered to send the emails and was never told to stop. The emails went to official FBI email addresses.

Here is what happened between March 15th, 2011 and March 25th, 2011 per Commissioner Cantrell's orders:
Defendant had been in jail for eleven days. Eight of those days were in isolation. Fact.
Defendant was held in the psychiatric ward on the 10th floor of the house of detention. Fact.
Defendant was medicated against his will and knowledge. Fact. One of the drugs was Thorizen (SP?)
Defendant's attorney was Meredith Angelo from the Public Defender's Office.
Sara Johnson and Billy Gibbens entered their appearance against the wishes and directions of the Defendant. Fact.
Sara Johnson and Billy Gibbens were working for the Department of Justice and the FBI. Fact.
Defendant has no memory of the bond hearing on March 25th, 2011.

# A 28

Blackmail, extortion, duress, isolation, false information, secrecy and medication were used against the defendant and his family. Defendant never would have waived his Constitutional Rights. Defendant's credibility is reinforced by the bond and the non-domestic stay away order. Please read. There are no affidavits from any of the 74 listed people.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 29

State of Louisiana

Vs.

David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

## Memorandum

This is a perfect example of how biased and prejudicial Commissioner Cantrell is.

Commissioner Cantrell ordered the District Attorney to file responses to the five emergency motions that were filed on June 14th, 2011.

Please let me translate.

The District Attorney has 90 days to file charges from the arrest. Today is day number 94. No charges have been filed. The bond is to be dropped by law. The dropping of the bond does not affect the statute of limitations for the charges to be filed. No harm will be done to the District Attorney. Irreparable harm is being done to the Defendant. Criminal law is based on the presumption of innocence. You are innocent until proven guilty.

The District Attorney could use the time to decide if charges are to be filed.

There are only two emails, eight sentences, 72 words. The emails either rise to the level of cyberstalking or not.

Commissioner Cantrell is acting on behalf of the DOJ and the FBI. He is keeping the Defendant on house arrest. This is illegal.

The District Attorney should be spending his time on the charges and not how to keep the Defendant on house arrest. The District Attorney, by law, is to process cases efficiently and expeditiously. District Attorneys are not to use Bail and Bond as a tool to deprive a Defendant of his Constitutional and Civil Rights. They are also not to use Bail and Bond as a form of harassment and incarceration.

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130

# A 30

State of Louisiana                                      Orleans Parish Criminal Court
                    Vs.
David Christenson                                      Magistrate No. 522-477

### Memorandum

Magistrate's Hansen's clerk, Ms. Barbara, will confirm the following: Commissioner Cantrell presides over court/arraignments/bond hearings on Tuesdays at 3:00 PM, only. He sits one afternoon a week and only one afternoon a week, on Tuesdays at 3:00 PM. The Defendant was arrested on Tuesday March 15th 2011 and brought before Commissioner Cantrell. A $300,000.00 bond was set. This was a record bond for a non-violent, non-drug, non-domestic misdemeanor. The Defendant has no record. The Defendant served his country as a Decorated Air Force Officer. He graduated from the United States Air Force Academy and has a Master's Degree from the University of Arkansas.

The Defendant was arrested by the FBI on a **Louisiana State Warrant** for Cyberstalking an FBI Agent. The FBI executed a **Louisiana State Search Warrant** of the defendant's home. A 30 man SWAT team was used. Two computer experts were brought in to work on the Defendant's computer. Cell phones, zip disks, back-ups, research files, 10 years' worth of civil and criminal legal files, etc. were taken/stolen. (On November 10th, 2010 FBI Agent Steven Rayes assaulted the Defendant at the Hilton Hotel. There was a DVD of the assault. This DVD was taken/stolen. A criminal complaint was filed by the Defendant on November 14th, 2010.)

**Please note that it was a Louisiana State Warrant and not a Federal Warrant, but yet the FBI executed the arrest, search and seizure. Why? Why not Federal Charges?**

Orleans District Attorney Leon Cannizzaro, Assistant Orleans District Attorney George Bourgeois, FBI Agent and purported victim Steven Rayes, US Marshal Walter Martin, Aris Cox, Billy Gibbens and Sara Johnson criminally conspired to deprive the Defendant of his Constitutional and Civil Rights. Billy Gibbens and Sara Johnson represented themselves to be the attorneys for the Defendant but in fact were not. The Defendant never retained or entered into any type of representation agreement with Billy Gibbens or Sara Johnson. In fact the Defendant ordered Billy Gibbens and Sara Johnson to cease and desist and to stay away from the case. Billy Gibbens and Sara Johnson were working for the Department of Justice and the FBI. Andrew Christenson, the Defendant's father, had an informal agreement with Billy Gibbens and Sara Johnson.

This is the factual, documented and verifiable accounting of the criminal conspiracy. The record bond was set on March 15th, 2011. Andrew Christenson, who lives in Iowa, was prepared to wire the $300,000.00 bond by the 18th of March. Billy Gibbens conspired against Andrew Christenson by lying and failing to disclose that he was working for the DOJ and the FBI. Billy Gibbens did everything that he could to scare and manipulate Andrew Christenson. Finally on Thursday March 24th 2011 Andrew Christenson became frustrated with Billy Gibbens and the fact that his son was still incarcerated and ordered Billy to

# A 30

get him released. The defendant was being held in isolation. He started to wire the $300,000.00. This is where the criminal conspiracy becomes grotesque and transparent. Remember that Commissioner Cantrell sits on the bench on Tuesdays only and this was Thursday. Communication was held between the conspirators and it was decided that Commissioner Cantrell would come in the next day, Friday March 25th 2011, and sit for the 3:00 PM court/arraignments/bond hearings. This was a ruse to cover-up the criminal conspiracy. The hearing did not need to be held since Andrew Christenson decided to put up a cash bond. There were no restrictions or "conditions of bail" on the original cash bond. The goal of the conspirators was to silence the Defendant and to stop his investigations into two Major Federal Cover-Ups. See the attached "bond order and conditions of bail" and "the non-domestic stay away order".  The Federal Government wanted to discredit the Defendant (Federal Whistle Blower) by having him committed. Notice that there was no discussion of what was wrong with the Defendant or what he was being evaluated for. (What is ironic and almost comical is that the Defendant went to Florida for treatment and evaluation. He was kicked out of Louisiana.) Notice how item 3. "Defendant is hereby ordered to not have access to the internet;" falls between items 1 through 7, which discuss the treatment process (Very odd). Why? Why no internet? What possible reason could there be for "no internet"? It was phenomenally important to the Federal Government to keep the Defendant off the internet. The Federal Government wanted to stop the research. Read item 9. This is the purest and most sadistic of all of the criminal acts. This proves without a doubt that the conspirators were committing criminal acts.

> 9. Defendant hereby agrees to waive and does waive the time delays as stated in Louisiana Code of Criminal Procedure (La.CCrP) Article 701, Section B, **regarding bond obligations** and time limits for institution of prosecution until March 15th, 2012.

There is no legal, moral or ethical reason or requirement for bond, for a defendant to waive his bond obligation for a year. This was done to keep the Defendant on house arrest for a year. It was done as a draconian measure to deprive the Defendant of his Constitutional and Civil Rights. It was done to protect the two Major Federal Cover-Ups. The District Attorney had 90 days to bring charges but as of today, March 16th 2011, charges have not been filed. The arrest was 94 days ago. The Defendant is still under house arrest. He was fitted with a monitoring device, in violation of the law, so that he could be monitored 24 hours a day. The District Attorney *did not* ask for the monitoring device. Commissioner Cantrell ordered the device to be attached to the Defendant on behalf of the FBI. (Dropping the bond does not affect the Statute of Limitations for bringing charges.)

(Here is a comparison of bonds. On Tuesday June 7th 2011 Commissioner Cantrell set a bond of $75,000.00 for an armed car-jacking. There were no conditions of bail. The Defendant's bond for two emails that were sent by order of the FBI to FBI Official Addresses was $300,000.00. The person with the gun and attempted murder got a slap on the wrist. The person who exercised his First Amendment privilege got hammered.)

# A 30

**Purported Victim FBI Agent Steven Rayes has not filed an Affidavit as is required by law. The case is defective and by law should be dropped.**

See the attached non-domestic stay away order. The arrest was for a non-violent, non-domestic, non-drug misdemeanor of sending two political and informative emails. These emails went to official FBI email addresses. The purported victim ordered that the emails be sent. There are 74 people on the order. The Defendant does not know 66 of them. None of the 74 people have filed affidavits as is required by law. Please notice that Senators David Vitter and Mary Landrieu are on the list. The Defendant never talked to or met either one of them. FBI Director Robert Mueller and "The" US Marshal John Clark are listed as well. Why would they need such protection? All of this was done to protect the two Major Federal cover-Ups. The Defendant sent political and informative emails and faxes only. The information is documented, factual and verifiable. The Defendant never called or physically contacted any of the 74 people. Purported Victim FBI Agent Steven Rayes submitted the 74 names without approval or affidavits from the individuals as is required by law. One of the Defendant's friends and two of his attorneys are on the list.

One last note. The Defendant's wife was not allowed to attend any of the hearings. She was physical barred from the courtroom. This is a violation of the Louisiana Constitution Article S 22 Access to Courts. "All courts shall be open".

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086
504-529-3455 FAX

A partial summary of the criminal transgressions committed against me.

(I was ordered to send emails to FBI Agent Rayes (the purported victim) at FBI email addresses, which I did. By law it is not cyberstalking if the emails are political or informative. The law also requires intent and there is none. One of the items taken in the search/seizure of my home was a DVD of FBI Agent Rayes assaulting me on November 10th, 2010 at the Hilton Hotel. I filed multiple criminal complaints against FBI Agent Rayes.)

1. <u>Here is the major question. What do I know that makes it so important that I need to be silenced? What is so important about me that a dozen major Federal Laws have to be violated to keep me silenced and to stop my investigation? When you read this document think about the herculean and criminal effort that has taken place to silence me. Think about the harassment and the treats.</u>

2. Why was I arrested by the FBI on a Louisiana warrant? (Why not a Federal warrant? Agent Rayes is an FBI Agent.)

3. Why was my home searched and property seized by the FBI on a Louisiana warrant?

4. Why was FBI Agent Rayes allowed to assault and threaten me? Factual, documented and verifiable.

5. Why was a thirty man SWAT team used to arrest me? Agent Rayes was a member of the team and had his friend from the team issue the warrant. (I could not make this stuff up. A SWAT team for two emails. Read the emails.) I have no record. I am a graduate of the United States Air Force Academy. I served my country with distinction and as a decorated officer.

6. Why did Commissioner Cantrell have ex-parte communication with the victim in chambers and in open court? Why does he continue with the ex-parte communications? Check the record as Commissioner Cantrell does not hide it. He openly admits it.

7. Why was the victim allowed to represent himself to be the arresting officer?

8. Where was the arresting officer for my first appearance and all subsequent appearances?

9. Where is the victim's affidavit?

10. Why was the victim allowed to present 74 names for a non-domestic stay away order without affidavits and approval?

11. Why was the victim allowed to place my Senator's, David Vitter and Mary Landrieu, on the list without affidavits and approval?

12. Why have I not been allowed a "rule to show cause" hearing?

13. Why has there not been a preliminary examination?

14. Why was my bond set at a record $300,000.00? An armed car-jacking suspect with a gun received a $75,000.00 bond on June 7th, 2011.

15. Why was I fitted with a monitoring device? My arrest was for a non-violent, non-domestic, non-drug misdemeanor? My arrest does not qualify me for a monitoring device.

16. Why have I not been charged? It has been 96 days since my arrest. The statute of limitations is 90 days. The arrest was for two emails, 8 sentences and 72 words. You would need only 10

A 31

**A 31**

minutes to read the law and the two emails to make an informed and rationale decision. DROP THE CASE.

17. Why are Orleans District Attorney Leon Cannizzaro and his staff allowed to prosecute this case? I have filed numerous criminal complaints against him and his staff over the last five years. Cannizarro is responsible for the theft of over $4,000,000.00. Factual, documented and verifiable.

18. Why has Commissioner Cantrell allowed the District Attorney time to do research and file a response as to why they do not have to charge me? The law requires the DA to charge me or to release me from the bond. Commissioner Cantrell has made it clear that he wants me on house arrest/bond/bail for a year with no charges.

19. I filed a motion for a speedy trial, 60 days. Why has this motion not been granted?

20. Why is Commissioner Cantrell allowed to act as the arresting officer, the prosecutor, the judge, the jury and the executioner? The record clearly substantiates this claim. (Example: The DA never requested the monitoring device.)

21. Why was I held in isolation?

22. Why was I medicated against my will and knowledge?

23. Why I have been denied access to the internet? This single action has been devastating. I have lost my business and my real estate license.

24. Evidence for my defense is stored online. Why am I not entitled to collect that information for my defense?

25. Why did the Commissioner Cantrell, the DA and the FBI have my water shut-off at my home? My wife and I are living without water. We have to go to the health club to shower. Why was my emergency egress and ingress to my home locked off? This can be confirmed by the New Orleans Police, Fire Inspector and City Inspector. On June 2nd, 2011 I called 911. The police responded and informed me that the FBI controlled the property and that there was nothing that they could do. I have filed multiple complaints about the condo association with multiple city agencies but will not receive a response because of FBI orders. We have human waste and garbage in our alley that attracts rats. The pool was shut off last year and is a mosquito infested pond.

26. Why have I not been allowed to return to Iowa to see my mother? She has been in the hospital at least three times? I was arrested for a misdemeanor? I was allowed to go to Florida but not Iowa. What if my mother had died?

27. Why are my pleadings, motions and memorandums not being placed in the record?

28. Why will the clerk not allow me to set a hearing?

29. Why will Commissioner Cantrell not hear my emergency motions?

30. Why am I on house arrest? The next hearing is scheduled for July 5th, 2011. That represents day 113 since my arrest.

31. Why did Commissioner Cantrell hold his own recusal hearing? This is in violation of Louisiana Law.

32. Why did Commissioner Cantrell hold the recusal hearing knowing that a "notice of appeal" had been filed?

# A 31

33. Why did Magistrate Hansen allow Commissioner Cantrell to hold the recusal hearing? The recusal hearing should have been held by Magistrate Hansen.

34. Why did Commissioner Cantrell not allow evidence, as is allowed by law, to be presented by David Christenson, the defendant?

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 32

State of Louisiana                                    Orleans Parish Criminal Court

Vs.

David Christenson                                     Magistrate No. 522-477

## Memorandum

Attached are:

An open letter to Chief Judge Terry Alarcon and Magistrate Gerard Hansen.

A partial summary of the criminal transgressions committed against the Defendant, David Christenson.

Sincerely Filed Pro Se by

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 33

Chief Judge Terry Alarcon and Magistrate Gerard Hansen,                06/18/2011
An open letter filed as part of a memorandum.

Sir,

Commissioner Cantrell, Leon Cannizzaro and Steven Rayes have repeatedly violated my Constitutional and Civil Rights. It appears that you have as well. Why would you sully your reputation after all of these years?

Why would you allow such activity in the Magistrate Section? Why would you participate? Why would you allow yourself to be contaminated? What happened to "the rule of law", "innocence until proven guilty" and "the presumption of innocence"? Why would you allow them to use bail and bond as a jail sentence?

You have authority over my case until I am charged or the case is dropped. Am I wrong? Magistrate Hansen has signed at least three orders and held three hearings. I was not present for any of them. Why?

You know that what they are doing to me is criminal. There is a saying that "Evil wins when good men do nothing".

I was arrested on March 15th, 2011. That was 96 days ago and I have not been charged. The law requires that I be released from the bail/bond unless there is "just cause". There is no "just cause". The DA still has the full statute of limitation to file charges.

The original $300,000.00 bond was a record for a non-violent, non-drug, non-domestic, misdemeanor arrest. Why would you allow Commissioner Cantrell, Leon Cannizzaro and Steven Rayes to tarnish the court's image with such a corrupt and criminal act? Are we living in Nazi Germany? Do I have any rights?

You have reviewed the bond, condition of bail and the non-domestic stay away order. All of them are illegal, vindictive, sadistic, retaliatory and draconian.

You are allowing the FBI to manipulate you and your court. You are doing the FBI's dirty work. You are participating in a criminal enterprise. You are covering up murder.

Please fix this gross injustice. You are becoming a coconspirator to murder. My research has proved that the Federal Government is committing GENOCIDE. 16 year old kids are dying of cancer and no one cares.

# A 33

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 34

State of Louisiana

Vs.

David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

### EMERGENCY MOTION TO ATTEND TO MY ILL MOTHER WHO IS HAVING EMERGENCY SURGERY.

My mother is extremely ill. She is having emergency surgery today (July 1, 2011). Commissioner Cantrell refuses to allow me to return to Iowa to see and care for her. This will be her second emergency surgery since my arrest and at least her fourth hospital stay.

I have not been charged with a crime and my arrest was 113 days ago.

The corner stone of our criminal justice system is: "INNOCENT UNTIL PROVEN GUILTY". Does that apply in Orleans parish?

What is most amazing about Commissioner Cantrell is the callous way with which he deals with this motion. I have asked on multiple occasions to return to Iowa and he refuses to deal with the motion. He just ignores it. It is as if my mother's life has no meaning.

Is it wrong for a son to want to see his dying mother?

Please remember that Commissioner Cantrell held his own recusal hearing in violation of Louisiana Law. He held the hearing knowing that a "notice of appeal" had been filed. He refused to allow me to present evidence and acknowledged this fact for the record. An unbiased and unprejudiced judge would have allowed me to return to Iowa.

One last thought. Commissioner Cantrell gave me a $300,000.00 (A record) bond for two emails, 8 sentences, 72 words sent to official FBI email addresses under orders of an FBI Agent.  The arrest was for a non-violent, non-domestic, non-drug misdemeanor. I have filed a motion with the court to place the emails in the record. Commissioner Cantrell refuses because he knows that the emails are non-threatening. He also knows that the emails are not criminal because they are "political and informative". He gave an armed car-jacking suspect a $75,000.00 bond.

Sincerely Filed Pro Se by,

# A 34

**David Christenson**
**842 Camp Street**
**Unit 4**
**New Orleans, La. 70130**
**504-715-3086**

# A 35

State of Louisiana

Vs.

David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

### EMERGENCY MOTION TO RETRIEVE PROPERTY THAT WAS ILLEGALLY TAKEN BY THE FBI WITH AN ILLEGAL LOUISIANA SEARCH WARRANT

<u>Our condo/**home** is scheduled for Sheriff's sale on August 11th, 2011.</u> WE HAVE LOST EVRYTHING BECAUSE OF THE CRIMINAL ACTIONS OF DISTRICT ATTORNEY LEON CANNIZARRO. He had our water cut off and now he is taking our home.

I am unable to defend myself because District Attorney Leon Cannizarro has stolen all of my legal files, research, documentation, etc. I am currently part of eight civil lawsuits and one criminal lawsuit.

District Attorney Leon Cannizarro has made sure that I cannot defend myself in any of the lawsuits. He has denied me the right to access the "internet". I am unable to do research. I am unable to retrieve evidence and prepare for court hearings. This is a violation of my Constitutional, Legal and Civil Rights.

I demand that District Attorney Leon Cannizarro return my property and allow me access to the internet so that I may defend myself in the foreclosure.

District Attorney Leon Cannizarro is directly responsible for the foreclosure sale. Without his criminal participation I would have prevailed in civil court.

District Attorney Leon Cannizarro provided protection to Louis Madere. This criminal act has resulted in the theft of over $4,000,000.00.

The Defendant begs the court to return his property and allow him access to the internet.

# A 35

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

# A 36

State of Louisiana

Vs.

David Christenson

Orleans Parish Criminal Court

Magistrate No. 522-477

## MEMORANDUM
## CONCERNING THE EMERGENCY MOTION FOR CONTRADICTORY HEARING FOR JUNE 14TH, 2011

Commissioner Cantrell refused to hold the emergency hearing. The District Attorney had been properly noticed and was represented by George Bourgeois. Mr. Bourgeois confirmed that he was ready to proceed. See attachment.

The Defendant should have been released, by law, from the bond/bail obligation. June 14th, 2011 actually represented day 92 since the arrest. The District Attorney does not have "just cause" to keep the defendant on bond/bail.

The actions by Commissioner Cantrell have violated the Defendant's Constitutional, Legal and Civil Rights.

Commissioner Cantrell scheduled the next hearing for July 5th, 2011 which is day 113 since the Defendant's arrest. The statute of limitations is 90 days.

The Defendant spoke to Mr. Bourgeois on Thursday July 1st 2011 and was informed that charges have not been brought or filed.

**During the hearing on June 14th, 2011 Commissioner Cantrell ordered George Bourgeois to file a response by June 28th, 2011. This has not been done. The District Attorney did not file a response. The District Attorney does not have "just cause". The District Attorney has disrespected the Court and the Louisiana Constitution. The District Attorney has violated the Defendant's Constitutional, Legal and Civil Rights. The lack of a response required the automatic release of the Defendant from the bond/bail obligation on June 29th, 2011.**

***Will Commissioner Cantrell uphold the law and relieve the Defendant of his bond/bail obligation on July 5th, 2011?***

**A 36**

Sincerely Filed Pro Se by,

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086

**A 37**

10/18/08

This is a formal criminal complaint against Judge Giarrusso of the Orleans Parish Civil District Court, Section "G".

This is part one.

This all stems from me buying a condo from a corrupt attorney turned developer. There is marketing fraud, financial fraud and disclosure fraud. I filed a simple lawsuit with two cause of action that were strictly governed by state law. The judge directed us to arbitration. The judge ruled that arbitration trumped state law.

Please review as I will be sending more packages.

Please do not contact me by mail. Lee Madere the developer filters my mail.

Thank you.

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086
dchristenson6@hotmail.com

**A 37**

# $5,000.00 Bribe to Judge Giarrusso
# of the Orleans Parish Civil Court

### Facts:

On September 29th, 2008 at 9:00 AM I entered Judge Robin Giarrusso's court and delivered a motion that I had just entered into the record in the clerk's office. I handed the motion to Joe Laurent who is the court crier. He informed me that for $5,000.00 Judge Giarrusso would make everything go away. I immediately left. At the time I thought I was being set up.

On October 3rd, 2008 at 9:30 AM I was sitting in the hallway waiting for my case to be called when Judge Giarrusso walked out of her courtroom. I immediately stood up. The Judge looked at me and asked if I understood what her clerk had said.

On October 7th, 2008 at 8:20 AM I entered the men's bathroom on the fourth floor of the courthouse where I encountered Tim Schafer my ex attorney. It was strange to see him at that hour and on a Monday in the courthouse. The hearing on October 3rd, 2008 was a hearing for sanctions against Tim Schafer. I said "hello" and informed him that I had worked on his case over the weekend and he informed me that I should have paid the $5,000.00.

Please review the attachments.

*Please only contact me by phone or e-mail. Lee Madere, the developer and the reason for the original lawsuit by me, filters my mail.*

David A. Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086
dchristenson6@hotmail.com

A 37

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 2007-9243                                    DIVISION: "G-11"

RENEE CHRISTENSON AND DAVID CHRISTENSON

VERSUS
LEE MADERE, JERRELYN JESSOP MADERE,
AND LES CARILLONS CONDOMINIUM ASSOCIATION, INC.

FILED:_____   _____
                                                    DEPUTY CLERK

JUDGMENT AND ORDER

On September 26, 2008, a hearing was held on Defendants' *Motion for Contempt and Sanctions* filed on August 12, 2008, Defendants' *Second Motion for Contempt* filed on September 10, 2008, and on Plaintiffs' *Motion for Contempt and Sanctions in the Amount of 25 Million Dollars and Motion to Order a Criminal Investigation* filed August 28, 2008.  Present at the hearing were the following Parties and Counsel:

    Thomas P. Hubert, counsel for Defendants;
    Joseph F. Lavigne, counsel for Defendants;
    Robert L. Walsh, counsel for Defendants;
    Lee Madere, Board Member of Les Carillons;
    Jerrelyn Madere, Board Member of Les Carillons;
    Aris Cox, Board Member of Les Carillons;
    David Christenson, Plaintiff;
    Renee Christenson, Plaintiff; and
    Tim Schafer, Former Counsel for Plaintiffs.

Following a review of the evidence and argument of each Party, the Court makes the following findings.  The Court finds that Plaintiffs' conduct in sending emails, facsimiles, and letters to the eighteen (18) Jones Walker lawyers listed by Plaintiffs in their *Motion for Contempt and Sanctions* (with the exception of Thomas P. Hubert), as well as Plaintiffs' mailing of letters to the U.S. Supreme Court, the Department of Housing and Development, the Department of Justice and other governmental agencies

{N1574814.1}                    Page 1 of 3.

**A 37**

accusing Jones Walker lawyers of corruption and criminal conduct is contrary to the Court's directives set forth in chambers at a scheduled status conference on July 29, 2008. The Court finds that its directives at the July 29, 2008 conference were clear and unmistakable, yet Plaintiffs violated these directives without sufficient or reasonable explanation. Although Plaintiffs are not being held in contempt for these breaches at this time, it is recognized that such actions were vitriolic, contumacious, disorderly, insolent, and disruptive of the judicial system as asserted by Defendants in their Motions for Sanctions. The Court also specifically finds that Plaintiffs' comments in Court that he was "set-up" by the Court and the lawyers present at the July 29, 2008 status conference to be offensive and unfounded. The Court advised Plaintiffs in no uncertain terms in open Court that it will not tolerate such divisive and disrespectful conduct and as such, rules as follows:

1.   Plaintiffs are not to communicate with anyone at Jones Walker law firm about the case other than Counsel Thomas P. Hubert (unless specifically directed to by Mr. Hubert) and only during normal working hours (Monday through Friday, 9:00 a.m. to 5:00 p.m.). Plaintiffs are permitted to send formal email correspondence to Thomas P. Hubert using the following email address: thubert@joneswalker.com or can send mail to his business mailing address. Plaintiffs are not to utilize any email address other than dchristenson6@hotmail.com in sending such communication.

2.   Plaintiffs are ordered not to send emails or other correspondence to any individuals at Jones Walker law firm other than Thomas P. Hubert. Plaintiffs are ordered to cease and desist all threats of criminal sanction against Jones Walker law firm, any of its lawyers related to the firm's representation of the Defendants, or any other lawyers, parties, witnesses in the case, through letters to governmental agencies other than the U.S. Attorney, the Orleans Parish District Attorney, or the Federal Bureau of Investigation. Even if such allegations have a scintilla of merit, this Court will not entertain them as they are not within the jurisdiction of this Court.

A 37

3.      If Plaintiffs (either David Christenson or Renee Christenson), or anyone acting on their behalf or direction, violate these rulings in any respect (whether a minor or major infraction), an Order of Contempt will be entered and will include incarceration and/or monetary penalties, or a combination of both pursuant to LOUISIANA CODE OF CIVIL PROCEDURE, ARTICLE 221 *et seq.*

Accordingly, Defendants' *Motion for Contempt and Sanctions* filed on August 12, 2008 and Defendants' *Second Motion for Contempt* filed on September 10, 2008 are held open pending compliance by Plaintiffs. Plaintiffs' *Motion for Contempt and Sanctions in the Amount of 25 Million Dollars and Motion to Order a Criminal Investigation* filed on August 28, 2008 is hereby DENIED.

New Orleans, Louisiana this _2ⁿᵈ_ day of ___October___, 2008.

JUDGE

A TRUE COPY

CLERK, CIVIL DISTRICT COURT
ORLEANS

**A 37**

CIVIL DISTRICT COURT FOT THE PARISH OF ORLEANS

STATE OF LOUISIANA                    FILED

NO: 2007-9243                         DIVISION "G" 13 

RENEE CHRISTENSON AND DAVID CHRISTENSON   CIVIL
                                           DISTRICT COURT
VERSUS

LEE MADERE, JERRELYN JESSOP MADERE
AND LES CARILLONS CONDOMINIUM ASSOCIATION, INC.

FILED: _____   _____
                                        DEPUTY CLERK

### OBJECTION

Plaintiff's Objection to "Judgment and Order" filed by Tom Hubert on or about October 1st, 2008.

### Facts

Plaintiffs responded to Tom Hubert on 09/26/08 at 4:56 PM and again on 10/01/08 at 9:13 AM, via e-mail, with objections and corrections to the motions. Tom Hubert notified the court that no response was received. Please correct.

There was no hearing for Plaintiff's "Motion for Contempt and Sanctions in the Amount of 25 Million Dollars and Motion to Order a Criminal Investigation". Can be confirmed by court transcript and testimony. Hearing will be at a later date. Please correct.

Lee Madere is not a board member for Les Carillons. Please correct.

Tim Schafer was not a part of the hearing and did not enter an appearance. Please correct.

### Narrative

The "Judgment and Order" are vague, ambiguous and arbitrary.

The "Judgment and Order" are discriminatory and deprive the Plaintiffs of Constitutional and Federal and State rights.

The "Judgment and Order" clearly violate the Plaintiffs 1st Amendment privilege for free speech.

The court has no legal authority to bar Plaintiffs from communication with HUD, FBI Supreme Court, The White House, The President, The U.S. Attorney and the Department of Justice. Federal and State law demand that citizens report criminal activity as is outlined in the Federal and State Criminal Code as well as the RICO Act.

Plaintiffs are involved in five different lawsuits with the same parties. The "Order" would irreparable harm the Plaintiffs and their ability to represent themselves in the five lawsuits.

Examples: The order as written would bar the Plaintiffs from calling 911/the police. The order as written would bar the plaintiffs from filing a "Writ of Certiorari" with the Supreme Court". The order as written would deprive the Plaintiffs of any confidentiality with law enforcement agencies. The order as written would place criminal investigative responsibilities with the judge.

The hearing on September 29th, 2008 was a status conference. It was not a rule hearing. No written orders were entered into the court record and none were issued. The judge

A 37

barred Renee Christenson from participating in the hearing even though she was a plaintiff. Renee Christenson was order to remain in the hallway under the supervision of a sheriff's deputy. The judge and four attorneys for the defendant and David Christenson, who was acting Pro Se, participated in the status conference. Any order that was issued should have been done so in open court for the record during a real hearing. Why was a plaintiff barred from attending a status conference? The conference was held because Jones Walker had failed to respond to the 32 items that needed to be arbitrated. The court became active because of this failure.

The "Judgment and Order" place undue restrictions on the communications between the parties. It is absurd that the Plaintiffs can only contact Tom Hubert between 9 AM and 5 PM. E-mails can be sent anytime electronically. Jones Walker can open the e-mails at their convenience. There is absolutely no intelligent or legal reason for this other then harassment.

The court has no legal basis to limit or control communications by the plaintiffs as it concerns the reporting of criminal activity. In reality both Federal and State law require the reporting of criminal activity. The court is a civil court and not a criminal court.

Plaintiffs want to remind the court that this situation is the direct result of the criminal activities of Lee Madere and Christopher Utley.

Plaintiffs have been trying to arbitrate this dispute for over two years.

Plaintiffs want to remind the court that Tom Hubert lied in open court for the record.

*Please only contact me by phone or e-mail. Lee Madere lives on site and filters my mail.*

Sincerely filed by

David Christenson
842 Camp Street
Unit 4
New Orleans, La. 70130
504-715-3086
dchristenson6@hotmail.com

Windows Live Hotmail Print Message                                      Page 1 of 1

# A 37

*Windows Live™*

### RE: Bribe
From: **George Bourgeois (gbourgeois@cityofno.com)**
Sent: Fri 10/17/08 2:29 PM
To: David Christenson (dchristenson6@hotmail.com)

The Judiciary Commission investigates complaints against judges. Should their investigation show criminal wrong-doing, the Commission will contact this office.

## THE CAPTAIN

From: David Christenson [mailto:dchristenson6@hotmail.com]
Sent: Fri 10/17/2008 5:07 AM
To: George Bourgeois
Cc: Robert Freeman
Subject: Bribe

See the attached letter.

How far are you going to let this go?

David Christenson
504-715-3086

Contact me by phone or e-mail. Lee Madere filters my mail.

You live life beyond your PC. So now Windows goes beyond your PC. See how



PRIORITY MAIL
UNITED STATES POSTAL SERVICE®
TRACKED INSURED

David Andrew Christenson
P.O. Box 9063
Miramar Beach, Fl. 32550

Pro Se
SM

RECEIVED
CLERKS OFFICE
S.D.N.Y.
MAY 21 2018

2018 MAY 22 PM 9:12

Clerk
US District Court SD New York
500 Pearl Street
New York, NY 10007-1312



USM P3
SDNY

UNITED STATES POSTAL SERVICE.

P

US POSTAGE PAID
$10.65

Origin: 32550
Destination: 10007
1 Lb 0.70 Oz
May 18, 18
112510854-38                    1006

Expected Delivery Day: 05/21/2018

PRIORITY MAIL 2-Day®            C014

USPS TRACKING NUMBER

9505 5134 4386 8138 3487 10

Ret