UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Movant David Andrew Christenson

DEMOCRATIC NATIONAL COMMITTEE,

Plaintiff,

v.

RUSSIAN FEDERATION, et al;
Defendants.

Civil Action No. 1:18-cv-03501

Racketeer Influenced and
Corrupt Organization Act (RICO)

Judge John G. Koeltl

Amicus (Thirty)

President's Trump's letter to you (Judge Koeltl) uses the term: "In an abundance of caution". This is code for I am scared out of my mind and I don't know what to do. The American People just had a major victory because of you.

The Democratic National Committee (DNC) and President Trump are now playing nice with each other because of you (Judge Koeltl).

The DNC is scared and doesn't know what to do. Can you see the look on all the parties faces when they were told they now must tell the truth and that the American People will truly be the judges?

Have you noticed that there is no media coverage of this case?

The DNC Motion to Adjourn has the following statement: "The Trump Campaign, Trump, Jr. and Stone— do not oppose this motion." Trump wanted his day in court as fast as possible and now he doesn't. Since when does Roger Stone back down from a fight?

Cohen Milstein Sellers & Toll PLLC filed the Motion to Adjourn and if you read it you will see that they are telling the court that they are incompetent.

Please pardon my language but "these are the gutless sons of bitches that are running our country".

I beg you not to grant the Motion to Adjourn in the interest of justice and for the American People.

The attached eleven Amicus Pleadings were filed in the following cases:

1. United States v. Boucher (1-18:cr-00004) Judge Marianne O. Battani

2. United States v. Manafort (1:18-cr-00083) Senior Judge T.S. Ellis, III

3. Manafort v. United States (1:18-cv-00011) Judge Amy Berman Jackson

4. United States v. Flynn (1:17-cr-00232) Judge Emmet G. Sullivan

5. United States v. Papadopoulos (1:17-cr-00182) Judge Randolph Daniel Moss

6. United States v. Manafort (1:17-cr-00201) Judge Amy Berman Jackson

7. United States v. Internet Research Agency LLC (1:18-cr-00032) Judge Dabney L. Friedrich

8. United States v. Van Der Zwann (1:18-cr-00031) Judge Amy Berman Jackson

9. Deepwater Horizon v. BP Exploration & Production (16-30918) Judge Carl Barbier

10. Democratic National Committee v. Russian Federation, et al (1:18-cv-5301) Judge John G. Koeltl

11. State of Louisiana v. Nathan Foreman (Section H Case 459100) Judge Camille Buras

Godspeed.

Sincerely,

David Andrew Christenson
Box 9063
Miramar Beach, Florida 32550
504-715-3086
davidandrewchristenson@gmail.com
dchristenson6@hotmail.com

CERTIFICATE OF SERVICE
I hereby certify that on June 14th, 2018 I filed the foregoing with the Clerk of Court and served the pleading on all counsel of record by e-mail and first-class mail.

_____
David Andrew Christenson

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

June 13, 2018

The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re: *Democratic National Committee v. Russian Federation* (1:18-cv-03501-JGK)

Dear Judge Koeltl:

    We represent Defendant Donald J. Trump for President, Inc. ("the Campaign") in the above-captioned matter. Yesterday, Plaintiff Democratic National Committee's ("DNC") moved to (1) adjourn the status conference currently scheduled for July 5, 2018, until September 5, 2018; and (2) suspend the current deadline of July 2, 2018, for those Defendants who have already waived service—including the Campaign—to respond to the Complaint, at least until the status conference. DNC's Unopposed Motion, ECF 108.

    For all the reasons given in the DNC's motion, the Campaign respectfully requests that the Court extend the Campaign's deadline for responding to the Complaint until September 5 or thereafter. While the DNC requested this relief on the Campaign's behalf, in an abundance of caution we are making the request ourselves. The Campaign has not requested any prior extensions of its deadline for responding to the Complaint.

    The Campaign therefore respectfully requests that the Court enter the Proposed Order attached to the DNC's motion.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

DEMOCRATIC NATIONAL COMMITTEE,

       Plaintiff,                     Civil Action No. 1:18-cv-03501 (JGK)

v.

THE RUSSIAN FEDERATION *et al.*,

       Defendants.

------------------------------------ X

## MOTION TO ADJOURN THE STATUS CONFERENCE AND SUSPEND THE DEADLINE FOR RESPONDING TO THE COMPLAINT

Plaintiff DNC ("Plaintiff") respectfully requests that the Court adjourn the status conference scheduled for July 5, 2018 until September 5, 2018, or such other time as the Court may prefer, so that more Defendants can attend. Additionally, in the interest of judicial economy, Plaintiff requests that the Court suspend the deadline to respond to the Complaint, at least until the status conference, so that the parties can propose—and the Court can consider—a coordinated schedule for all served Defendants to respond to the Complaint. The represented Defendants who have been served to date—the Trump Campaign, Trump, Jr. and Stone—do not oppose this motion.[1]

Plaintiff filed this case on April 20, 2018 and is working diligently to serve both the domestic and foreign Defendants. On May 2, 2018, Plaintiffs mailed service waivers to the Defendants with addresses in the United States: Aras Iskenerovich Agalarov ("Aras Agalarov"),

---

[1] Plaintiffs attempted to contact Defendant George Papadopoulous multiple times to confirm his *pro se* status and ask whether he opposes this motion, but have been unable to reach him at the phone number or email address listed on his waiver of service form.

2359492 v1

Emin Araz Agalarov ("Emin Agalarov"), Donald J. Trump For President, Inc. ("the Trump Campaign"), Donald J. Trump, Jr. ("Trump, Jr."), Paul J. Manafort, Jr. ("Manafort"), Roger J. Stone, Jr. ("Stone"), Jared C. Kushner ("Kushner"), George Papadopoulos ("Papadopoulos"), Richard W. Gates, III ("Gates").[2] Only four Defendants (the Trump Campaign, Trump Jr., Stone, and Papadopoulos) returned the waivers by the deadline. Plaintiff has commenced service of the remaining domestic Defendants, but that process is not likely to be completed for at least several weeks.

Plaintiff is also in the process of serving the Russian Defendants—the Russian Federation ("Russia"), the General Staff of the Armed Forces of the Russian Federation ("GRU"), and the GRU operative using the pseudonym "Guccifer 2.0" ("GRU Operative #1")—pursuant to the Court's May 24, 2018 Order. That process will also require at least several weeks to be accomplished.[3]

Adjourning the status conference until September 5, 2018 would allow Plaintiff to serve all, or substantially all, of the Defendants, and should give the Defendants an opportunity to retain counsel to represent them at the conference.[4] And suspending the deadline to respond to the Complaint would allow the parties to propose a schedule that will permit the coordination of responses to the Complaint. The coordination of responses to the Complaint and briefing that may accompany them will foster judicial economy because it will permit the Court and the parties to address common features of the parties' positions together.

---

[2] Although Wikileaks has a post office box in this country, it will not accept service at its domestic address.

[3] Efforts are underway to explore service of Wikileaks, Julian Assange, and Josef Mifsud.

[4] At least one Defendant (Papadopoulos) is currently appearing *pro se*.

2

2359492 v1

Dated: June 12, 2018                                Respectfully submitted,

/s/ Joseph M. Sellers
_____

Michael Eisenkraft (#6974)                          Joseph M. Sellers (admitted *Pro Hac Vice*)
Cohen Milstein Sellers & Toll PLLC                  Geoffrey A. Graber (admitted *Pro Hac Vice*)
88 Pine St. ● 14th Floor                            Julia A. Horwitz (admitted *Pro Hac Vice*)
New York, NY 10005                                  Alison S. Deich (*Pro Hac Vice* pending)
(212) 838-7797                                      Cohen Milstein Sellers & Toll PLLC
                                                    1100 New York Ave. NW ● Fifth Floor
                                                    Washington, DC 20005
                                                    (202) 408-4600

*Attorneys for Plaintiff*

3

2359492 v1

JONES DAY

The Honorable John G. Koeltl
June 13, 2018
Page 2

                                      Sincerely,

                                      */s/ James M. Gross*

                                      James M. Gross (JMG1989)
                                      **JONES DAY**
                                      250 Vesey Street
                                      New York, NY 10281
                                      (212) 326-3733
                                      jgross@jonesday.com

                                      Michael A. Carvin (*pro hac vice*
                                            *application forthcoming*)
                                      **JONES DAY**
                                      51 Louisiana Avenue, NW
                                      Washington, DC 20001
                                      (202) 879-3939
                                      macarvin@jonesday.com

                                      *Counsel for Defendant*
                                      *Donald J. Trump for President, Inc.*

cc:     All Counsel of Record (via ECF)

The United States Supreme Court and The Katrina Virus
A Prelude/Reference Book/Appendix
Book 7
By David Andrew Christenson
ISBN 978-0-9846893-8-5 Hardback SCKV
ISBN 978-0-9846893-9-2 EBook SCKV
LCCN 2012933074
Copyright 1-724163643
Persimmon Publishing
Box 6374
Miramar Beach, Florida 32550
www.persimmonpublishingus.com
www.thereluctantpatriot.com

An Epic Constitutional Crisis. I am talking about the political destruction of all three branches (Executive, Judicial and Legislative) of our Federal Government. One hundred and fifty five million Americans and Canadians may be infected with The Katrina Virus. Did the United States Supreme Court participate in the criminal cover-up? Misprision is a crime/felony. In simple terms it means that you had knowledge of a crime and did nothing. Did the Supreme Court have knowledge? YES! I gave them the knowledge. The real question is: what did the Supreme Court do with the knowledge of The Katrina Virus and the cover-up?

There was no simple way to present this story. I fully acknowledge that the material is presented in an incoherent manner. What you are reading is a compilation of my communications with the Supreme Court since my arrest for cyberstalking FBI Special Agent Steven Rayes on March 15th, 2011. It must be emphasized that I was arrested on a Louisiana Warrant (not a Federal Warrant as one would expect.) and I have never been charged with a crime. A Louisiana Search and Seizure Warrant was used by the FBI to steal my evidence, documentation, etc. of what happened in New Orleans after Hurricane Katrina. In simplistic terms chemical warfare contaminates were released from DOD and CIA classified facilities. The United States Military conducted operational missions in violation of Federal Law and killed Americans. 1500 Americans are still missing. Were the contaminated bodies recovered, analyzed and burned in Federal Government incinerators? Are some of the bodies being kept alive in vegetative states so that the Federal Government can study the long term effects of the Katrina Virus? (Remember the Syphilis Studies in Alabama and Guatemala.)

This is a Prelude/Reference Book/Appendix. The end of the story has not been written. Judgment must not be passed upon the Supreme Court at this time. The Supreme Court may have actually protected me. Think about it. Who could the Supreme Court have turned to? Congress and the Executive Branch are responsible for the murder, genocide, treason and crimes against humanity. The only option for the Supreme Court may have been to provide me with the protection needed, to not only uncover the truth about the Katrina Virus, but to bring it to the attention of American and Canadian people.

