UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
DEMOCRATIC NATIONAL COMMITTEE,

       Plaintiff,                  Civil Action No. 1:18-cv-03501 (JGK)

v.

THE RUSSIAN FEDERATION *et al.*,

       Defendants.

------------------------------------- X

## MOTION TO SERVE DEFENDANT PAUL J. MANAFORT, JR. BY FIRST CLASS MAIL AND EMAIL TO HIS CRIMINAL ATTORNEYS

Plaintiff DNC ("Plaintiff") respectfully requests permission to serve the Complaint on Defendant Paul J. Manafort, Jr. ("Manafort") by: (a) sending it via first class mail it to the Alexandria Detention Center where Manafort is in currently located; and (b) sending it via first class mail and email to his criminal defense counsel. This procedure is the best available method for serving Manafort while he is in federal custody.

### I. Procedural History

Plaintiff filed this case on April 20, 2018 and has since been working diligently to serve the Defendants. On May 2, 2018, Plaintiffs mailed service waivers to the Defendants with addresses in the United States, including Manafort, but Manafort did not return the waiver by the June 2, 2018 deadline. Plaintiff therefore retained Capitol Process Services, Inc. ("CPS") to serve Manafort at his home in Palm Beach Gardens, Florida. On June 14, 2018, CPS reported that it had attempted to serve Manafort several times by knocking at the door and/or ringing the doorbell, looking for signs of Manafort's car in the driveway, and speaking with the security personnel who guard Manafort's residence, but they were unsuccessful. (Ex. A).

APPLICATION GRANTED
SO ORDERED

7/17/18

John G. Koeltl, U.S.D.J.

Plaintiff knew that Manafort had a scheduled court appearance at the E. Barrett Prettyman Courthouse in Washington, D.C. on June 15, 2018 (because the hearing was widely reported by the media). Plaintiff therefore asked CPS whether it would be feasible to serve Manafort on his way into the courthouse, but CPS concluded that it would not be. (Ex. B).

At the June 15 hearing, the U.S. District Court for the District of Columbia ordered that Manafort be held in federal custody while he awaits his criminal trial. When Plaintiff learned that Manafort had been detained in the Northern Neck Regional Jail in Warsaw, Virginia, it asked CPS if Manafort could be served there. (Ex. B). On June 19, 2018, CPS contacted the U.S. Marshal's Office in Richmond, Virginia, and was informed that inmates being held under federal statute cannot be made available to accept process in a civil case. (Ex. B).

Between June 19, 2018 and July 9, 2018, CPS tried to serve the Complaint at Manafort's Florida residence two more times. (Ex. C). While CPS servers saw a car in Manafort's driveway, they were not able to serve the complaint on anyone inside the house. (Ex. C). CPS also tried to serve the complaint at Manafort's residences in New York and Virginia. (Exs. B, D). However, CPS was informed by security personnel at the New York residence that Manafort has not lived there for over a year. (Ex. D). CPS also attempted service on Manafort's Virginia home three times, but the security guard refused to let the process server up to Manafort's apartment. (Ex. B). The guard called the apartment and the listed assistants for Mr. Manafort, but no one was able to accept service on his behalf. (Ex. B).

On July 10, 2018, Manafort was transferred to a jail in Alexandria, Virginia so that he could be closer to his trial counsel.[1]

---

[1] Order, *United States v Manafort*, 18-cr-00083 (July 10, 2018), ECF No. 120.

2

## II. Analysis

Federal Rule of Civil Procedure 4(e) outlines four acceptable procedures for serving a summons and complaint: (1) "delivering a copy of the summons and of the complaint to [a defendant] personally"; (2) "leaving a copy of each at the [defendant's] dwelling or usual place of abode with someone of suitable age and discretion who resides there"; (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process"; and (4) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The first three procedures are currently unavailable to serve Manafort. The Marshals will not produce Manafort to be served personally. (Ex. B). At the same time, CPS has repeatedly tried and failed to serve the Complaint at Manafort's dwellings. (Exs. A, B, C, D). Finally, Plaintiff does not know of any agent authorized to accept service on Manafort's behalf.

Thus, the only realistic option for serving Manafort is by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located [i.e., New York]."[2] New York law provides five procedures for serving a summons on a defendant. The first four procedures can only be carried out if the defendant, his "dwelling place or usual place of abode," his "actual place of business," or his designated agent

---

[2] Plaintiff does not believe it is reasonably possible to serve Manafort by following any other state law. *See* Fed. R. Civ. P. 4(e)(1) (allowing a summons to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where . . . service is made."). For example, it is not reasonably possible to serve Manafort under the laws of Virginia (where Manafort is being held) because the Marshal will not allow him to accept service personally, security guards will not permit service at his home in Virginia, and service by publication is unlikely to be effective in light of his confinement. *See* Va. Code Ann. § 8.01-296. Nor is it reasonably possible to serve Manafort under the laws of Florida (where his home is located) because no one will answer the door at his residence. *See* Fla. Stat. Ann. § 48.031.

3

is located "within the state" of New York. N.Y. C.P.L.R. § 308(1)-(4); *see also Ahn v Inkwell Pub. Sols , Inc.*, No. 10 CIV. 8726 KNF, 2013 WL 3055793, at *4 (S.D.N.Y. June 19, 2013). If service by those four procedures would be "impracticable," then the summons may be served "in such manner as the court, upon motion without notice, directs." N.Y. C.P.L.R. § 308(5).

In this case, it would be "impracticable" to serve Manafort using any of first four procedures identified in N.Y. C.P.L.R. § 308 because Manafort does not travel, live, work, or have a designated agent "within the state" of New York: Manafort is confined to his jail cell in Virginia; Plaintiff's process servers were informed that Manafort has not lived at his New York apartment for over a year (Ex. D); Manafort has no "actual place of business" while he is in jail; and he has no known "agent" who will accept service on his behalf, either in New York or otherwise. Plaintiff therefore moves for an order allowing service on Manafort "in such a manner as the court . . . directs." N.Y. C.P.L.R. § 308(5). *See* **Jackson v. Lowe's Companies, Inc**, No. 15–CV–4167(ADS)(ARL), 2016 WL 6155937, at *2 (E.D.N.Y. Oct. 21, 2016) ("Section 308(5) requires a showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." (quoting *S E C. v HGI, Inc.*, No. 99–CV–3866, 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999))).

In fashioning an alternative means of service, the Court may choose any method that is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Philip Morris USA Inc. v Veles Ltd* , No. 06 Civ. 2988, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007) (quoting *Mullane v. Central Hanover Bank & Trust Co* , 339 U.S. 306, 314 (1950)); *see also Dobkin v Chapman*, 21 N.Y.2d 490, 499 (1968) (noting that courts have "broad" discretion to design an

4

alternative means of serving a defendant). Plaintiff believes that, in light of Manafort's incarceration, the method of service most likely to appraise him of this litigation is to send a copy of the summons, Complaint, the Court's Electronic Case Filing Rules and Instructions, and the Individual Practices of Judge John G. Koeltl (a) via first class mail it to the Alexandria Detention Center; and (b) via first class mail and email to his criminal defense counsel. Manafort can likely receive mail while he is incarcerated, and his criminal defense attorneys will certainly be able to speak with Manafort and give him a copy of the Complaint while they are preparing for Manafort's criminal trial.[3] Thus, this double mailing is reasonably likely to put Manafort on notice of the impending litigation. *Cf Dobkin*, 21 N.Y.2d at 505–06 (holding that, under N.Y. C.P.L.R. § 308(5), a defendant could be served by mailing a copy of the complaint both to his last known address and to his automobile insurance company, which would likely be in contact with him).

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests leave to serve the summons and the Complaint on Manafort (a) sending it via first class mail it to the Alexandria Detention Center; and (b) sending it via first class mail and email to his criminal defense counsel.

---

[3] The judge presiding over Manafort's criminal trial ordered that he be permitted to meet and confer with his attorneys at least eight hours per day. Order, *United States v Manafort*, 18-cr-00083, ECF No. 120.

Dated: June 13, 2018                                  Respectfully submitted,

                                                      /s/ Joseph M. Sellers
Michael Eisenkraft (#6974)                            Joseph M. Sellers (admitted *Pro Hac Vice*)
Cohen Milstein Sellers & Toll PLLC                    Geoffrey A. Graber (admitted *Pro Hac Vice*)
88 Pine St. • 14th Floor                              Julia A. Horwitz (admitted *Pro Hac Vice*)
New York, NY 10005                                    Alison S. Deich (*Pro Hac Vice* pending)
(212) 838-7797                                        Cohen Milstein Sellers & Toll PLLC
                                                      1100 New York Ave. NW • Fifth Floor
                                                      Washington, DC 20005
                                                      (202) 408-4600


*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2018, I electronically filed the Motion to Serve Defendant Paul J. Manafort Jr. by First Class Mail and Email to His Criminal Attorneys with the Clerk of the Court using ECF, which in turn sent notice to all counsel of record.

Dated:   July 16, 2018                              */s/ Julia A Horwitz*
                                                    Julia A. Horwitz

7

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Democratic National Committee

*Plaintiff*

vs

The Russian Federation, et al.

Case No.: 1:18-cv-03501-JGK

*Defendant*

**AFFIDAVIT OF DUE DILIGENCE**

DISTRICT OF COLUMBIA, SS :

Tom K Williams, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and does business in Washington DC

Deponent attempted to serve the within Summons, Complaint, Electronic Case Filing Rules & Instructions, Individual Practices of Judge John G. Koeltl on **Paul J. Manafort, Jr.**, therein named, and that after due search, careful inquiry and diligent attempts at **10 St. James Drive, Palm Beach Gardens, Florida 33418** deponent was unable to effect process upon the person being served because of the following reason(s)

- [ ] Unknown at address
- [ ] Moved, left no forwarding
- [ ] Evading
- [ ] Service refused
- [ ] House/building vacant
- [ ] Address does not exist
- [ ] Service canceled
- [X] No answer at door / buzzer / call box
- [X] Other: On each occasion I received no answer at the door, and on each occasion there was a 2011 Land Rove with tag J419PA in the driveway. There was a notice on the door on each occasion from Nozzle Nolen, a pest control agency, indicating that the lawn had been treated. Additionally, I spoke with security on one occasion who stated that Paul W. Manafort, Jr had arrived at the residence recently, but could not remember an exact date

ATTEMPTS WERE MADE AS FOLLOWS:

| Date | Time | Place |
| --- | --- | --- |
| 06/12/18 | 5:55 PM | 10 St. James Drive, Palm Beach Gardens, Florida 33418 |
| 06/13/18 | 1:35 PM | 10 St. James Drive, Palm Beach Gardens, Florida 33418 |
| 06/15/18 | 10:40 AM | 10 St. James Drive, Palm Beach Gardens, Florida 33418 |

Sworn to before me on July 13th, 2018

Jessica Oakley

JESSICA OAKLEY
MY COMMISSION #FF916860
EXPIRES SEP 09, 2019
Bonded through 1st State Insurance

Tom K. Williams

Job #  1546291
Ref #  N/A

*Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050*

# EXHIBIT B

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Democratic National Committee

                        Plaintiff

                        vs.    Case No.: 1:18-cv-03501-JGK

The Russian Federation, et al.

                        Defendant

## AFFIDAVIT OF DUE DILIGENCE

I, David S Felter, a Private Process Server, having been duly authorized to make service of the Summons, Complaint, Electronic Case Filing Rules & Instructions, Individual Practices of Judge John G. Koeltl in the above entitled case, hereby depose and say:

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That I am the Custodian of Records of Capitol Process Services, Inc.

That after due search, careful inquiry and diligent attempt(s), we have been unable to serve Paul J. Manafort, Jr with the above named process.

That on June 14, 2018, I spoke to Kimberly Carlson of the law firm of Cohen Milstein regarding the logistics of serving the defendant, Paul Manafort, at a hearing he was to attend the next day at the US District Court for the District of Columbia. On this occasion, I stated to Ms. Carlson that service could be made within the courthouse, however, not within the courtroom. In addition, I conveyed my concern to Ms. Carlson that, as Mr. Manafort was in Federal custody, he would enter and exit the courtroom through chambers, making it impossible to serve him outside of the courtroom

That on July 18, 2018, my agent, Rebecca Short, spoke to Kimberly Carlson of the law firm of Cohen Milstein regarding the logistics of serving the defendant, Paul Manafort at the Northern Neck Regional Jail Accordingly, Ms. Short spoke with the Richmond County Sheriff's office on June 19, 2018, who stated that under no circumstances would we be able to serve Paul Manafort, as the U.S Marshal's typically serve inmates being held under federal statute. Additionally, Ms. Short followed up with the U.S Marshal's Richmond office for the Eastern District of Virginia, and they advised Ms. Short that inmates being held under federal statute are not made available for service, and under no circumstances would we be able to serve Paul Manafort.

That my agent, Abel Emiru, attempted to serve the defendant, Paul Manafort, at his usual place of abode and where he is, at present, confined to his apartment, at 601 North Fairfax Street, Apartment 405, Alexandria, VA 22314. Mr. Emiru stated that on July 3, 2018 at 2:52 PM, July 5, 2018 at 7:42 PM and on July 6, 2018 at 10.41 AM, he was denied access by the guard and that on each occasion the desk attendant called up to Mr. Manafort's unit, the call went unanswered.

I declare under penalty of perjury that this information is true.

Sworn to before me on 07/12/18

Angela H Croson
Notary Public, District of Columbia
My Commission Expires March 31, 2019

David S. Felter

Client Ref Number N/A
Job #: 1547454

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Democratic National Committee

*Plaintiff*

vs

The Russian Federation, et al.

*Defendant*

Case No.: 1:18-cv-03501-JGK

**AFFIDAVIT OF DUE DILIGENCE**

DISTRICT OF COLUMBIA, SS ·

Tommy K Williams, II, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and does business in Washington DC.

· Deponent attempted to serve the within Summons, Complaint, Electronic Case Filing Rules & Instructions, Individual Practices of Judge John G. Koeltl on **Paul J. Manafort, Jr.**, therein named, and that after due search, careful inquiry and diligent attempts at deponent was unable to effect process upon the person being served because of the following reason(s):

- [ ] Unknown at address
- [ ] Moved, left no forwarding
- [ ] Evading
- [ ] Service refused
- [ ] House/building vacant
- [ ] Address does not exist
- [ ] Service canceled
- [X] No answer at door / buzzer / call box

- [X] Other  On each occasion, I observed a 2011 Land Rover in the driveway with tag. J419PA.

ATTEMPTS WERE MADE AS FOLLOWS.

| Date | Time | Place |
|---|---|---|
| 07/06/18 | 5:30 PM | 10 St. James Drive, Palm Beach Gardens, Florida 33418 |
| 07/09/18 | 10:00 AM | 10 St. James Drive, Palm Beach Gardens, Florida 33418 |

Sworn to before me on July 10, 2018

Tommy K. Williams, II

Job # 1547230
Ref # N/A

CAPITOL PROCESS SERVICES, INC. | 1827 18TH STREET, NW, WASHINGTON, DC 20009 | (202) 667-0050

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Democratic National Committee

Plaintiff

vs

The Russian Federation, et al.

Defendant

Case No.: 1:18-cv-03501-JGK

**AFFIDAVIT OF DUE DILIGENCE**

DISTRICT OF COLUMBIA, SS.:

Joshua Lee, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and does business in Washington DC.

Deponent attempted to serve the within Summons, Complaint, Electronic Case Filing Rules & Instructions, Individual Practices of Judge John G Koeltl on Paul J. Manafort, Jr., therein named, and that after due search, careful inquiry and diligent attempts at deponent was unable to effect process upon the person being served because of the following reason(s).

[ ] Unknown at address
[X] Moved, left no forwarding
[ ] Evading
[ ] Service refused

[ ] House/building vacant
[ ] Address does not exist
[ ] Service canceled
[ ] No answer at door / buzzer / call box

[X] Other. On this occasion, I spoke with a security guard who stated that Paul W. Manafort, Jr. has not lived at 721 5th Avenue, Apartment 43G, New York, New York 10022 in over a year.

ATTEMPTS WERE MADE AS FOLLOWS.

| Date | Time | Place |
|---|---|---|
| 07/03/18 | 1:29 PM | 721 5th Avenue, Apartment 43G, New York, New York 10022 |

Sworn to before me on July 4, 2018

**EVAN COHAN**
NOTARY PUBLIC & ATTORNEY AT LAW
NO. 02CO4998577
QUALIFIED IN ROCKLAND COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES JUNE 29, 2022

CAPITOL PROCESS SERVERS, INC. | 1827 18TH STREET, NW, WASHINGTON, DC 20009 | (202) 667-0050

Joshua Lee
Job # 1547453
Ref # N/A