

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEMOCRATIC NATIONAL COMMITTEE,

        Plaintiff,                         Civil Action No. 1:18-cv-03501 (JGK)

      v.

THE RUSSIAN FEDERATION *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### <u>MOTION TO SERVE DEFENDANT JARED C. KUSHNER BY FIRST CLASS MAIL</u>

Plaintiff DNC ("Plaintiff") respectfully requests leave to serve the Complaint on

Defendant Jared C. Kushner ("Kushner") by sending the Complaint to his home in the District of

Columbia via first class mail.

### I. Procedural History

Plaintiff filed this case on April 20, 2018 and has since been working diligently to serve

the Defendants.  On May 2, 2018, Plaintiff mailed service waivers to the Defendants with

addresses in the United States, including Kushner, but Kushner did not return the waiver by the

June 2, 2018 deadline.  Plaintiff therefore retained Capitol Process Services, Inc. ("CPS") to

serve Kushner.  Between June 11, 2018 and June 25, 2018, CPS tried three times to serve an

individual of suitable age and discretion in Kushner's Manhattan apartment, but the attempts

were unsuccessful. (Ex. A).  As a result, Plaintiff attempted to serve Kushner at his house in

Washington, D.C. (Ex. B).

On June 26, 2018, a CPS process server, Vance Warren, attempted to serve the summons,

Complaint, Electronic Case Filing Rules & Instructions, and Individual Practices of Judge John

G. Koeltl at Kushner's D.C. address. (Ex. B).  Kushner is a Senior Advisor to the President and

is accordingly afforded protection by the United States Secret Service.  When Mr. Warren

arrived at the residence, he spoke with a United States Secret Service agent and explained that he

was attempting to serve process in a matter before the United States District Court for the

Southern District of New York. (Ex. B).   After checking with his superior, the Secret Service

agent told Mr. Warren that Mr. Kushner would not be made available and Mr. Warren should

"figure out another way to attempt service." (Ex. B).

Plaintiff therefore attempted to serve Kushner by certified mail two days later, on June

28, 2018.  (Ex. C); *see* D.C. Super. Ct. R. Civ. P. 4(c)(4) (permitting service by certified mail in

D.C.).  On July 9, 2018, the United States Postal Service informed Plaintiff's counsel that it had

tried and failed to deliver the package to Kushner's home. (Ex. C).

On July 16, 2018, CPS tried to serve the doorperson, security guard, or mail clerk at

Kushner's New York residence, or alternatively to affix a copy of the service packet[1] to

Kushner's door. (Ex. D); *see Zeballos v. Tan*, No. 06 CIV. 1268 (GEL), 2006 WL 1975995, at

*3 (S.D.N.Y. July 10, 2006) (holding that N.Y. C.P.L.R. § 308(2) permits service on the

mailroom staff in a building where a defendant occasionally stays, so long as the summons and

complaint are also mailed to the defendant's last known residence or place of business); N.Y.

C.P.L.R. § 308(4) (permitting nail and mail service when other means of service are

unavailable).  But the staff at Kushner's building did not accept service. *See* Ex. D.   The staff

similarly refused the process server's request to affix a copy of the service packet to Kushner's

door, explaining that Kushner no longer lives there. (Ex. D).

---

[1] The "service packet" included the summons, Complaint, Electronic Case Filing Rules & Instructions, and Individual Practices of Judge John G. Koeltl as required by the Court.

**II. Analysis**

Federal Rule of Civil Procedure 4(e) outlines four acceptable procedures for serving a summons and complaint: (1) "delivering a copy of the summons and of the complaint to [a defendant] personally"; (2) "leaving a copy of each at the [defendant's] dwelling or usual place of abode with someone of suitable age and discretion who resides there"; (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process"; and (4) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The first three procedures are currently unavailable to serve Kushner. The Secret Service informed CPS that Kushner could not be served personally. At the same time, CPS has repeatedly tried and failed to serve the Complaint at Kushner's Manhattan apartment and D.C. home. Finally, Plaintiff does not know of any agent authorized to accept service on Kushner's behalf.

Thus, Plaintiff must serve Kushner by following the laws of New York—where the "district court is located"—or the District of Columbia—where service can be "made" on Kushner or his home. Fed. R. Civ. P. 4(e)(1). As will be explained further below, the best available means for serving Kushner under the laws of New York is sending a copy of the summons, Complaint, Electronic Case Filing Rules & Instructions, and Individual Practices of Judge John G. Koeltl to his D.C. home via first class mail. Plaintiff therefore requests permission to serve Kushner in that manner.

New York law provides five procedures for serving a summons on a defendant: (1) giving the summons and complaint to the defendant within the state of New York; (2) giving the summons "to a person of suitable age and discretion" at the defendant's "actual place of business, dwelling place[,] or usual place of abode" within the state of New York and then

mailing those materials to the defendant "at his or her last known residence . . . [or] place of business"; (3) delivering the summons and complaint to the defendant's agent within the state of New York; (4) affixing the summons and complaint to the door of the defendant's dwelling place or business within New York and mailing the materials to the defendant's last known residence or place of business (if the first three methods of service are unavailable); and (5) "in such manner as the court, upon motion without notice, directs, if service is impracticable" by the first, second, and fourth means.  N.Y. C.P.L.R. § 308.

In this case, it would be "impracticable" to serve Kushner using any of first four procedures identified in N.Y. C.P.L.R. § 308 because those procedures can only be used if the defendant is physically present "within the state" of New York or has a dwelling, business, or agent "within the state of New York."  N.Y. C.P.L.R. § 308.  However, after four failed attempts to serve Kushner or his mailperson at his Manhattan apartment, Plaintiff was finally informed that Kushner no longer lives there.  In addition, Kushner now works at the White House (which is not in New York), and Plaintiff does not know of any registered agent authorized to accept service on his behalf.  Plaintiff therefore moves for an order allowing service on Kushner "in such a manner as the court . . . directs."  N.Y. C.P.L.R. § 308(5).

In fashioning an alternative means of service, the Court may choose any method that is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 Civ. 2988 (GBD), 2007 WL 725412, at \*2 (S.D.N.Y. Mar. 12, 2007) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Dobkin v. Chapman*, 21 N.Y.2d 490, 499 (1968) (noting that courts have "broad" discretion to design an alternative means of serving a defendant).  Here, the means of service most likely to reach

4

Kushner is sending the service packet by first class mail to Kushner's D.C. home.  In light of

CPS's conversations with secret service officers stationed at that house, Plaintiff's counsel is

confident that Kushner and his family live there; as a result, mail sent to that address is

reasonably calculated to reach him.  *Cf. Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 366 (E.D.N.Y.

2016) ("Courts have found that service by certified mail to a defendant's last known address is a

valid method of alternate service."); *F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 (PAE), 2013

WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) ("Service by email alone comports with due process

where a plaintiff demonstrates that the email is likely to reach the defendant.").  Nevertheless,

nobody at Kushner's home signed for the Complaint when it was sent by certified mail.  By

contrast, first-class mail does not require a signature, and will therefore remain at Kushner's

home—and not returned to sender--if no one signs a delivery receipt.  As a result, the best

remaining option is to serve him by regular, first class mail.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests permission to serve Kushner at

his D.C. home via first class mail.

Dated:  July 17, 2018                              Respectfully submitted,

 

 

                                                             */s/ Joseph M. Sellers*

Michael Eisenkraft (#6974)                         Joseph M. Sellers (admitted *Pro Hac Vice*)
Cohen Milstein Sellers & Toll PLLC                 Geoffrey A. Graber (admitted *Pro Hac Vice*)
88 Pine St. ● 14th Floor                           Julia A. Horwitz (admitted *Pro Hac Vice*)
New York, NY 10005                                 Alison S. Deich (*Pro Hac Vice* pending)
(212) 838-7797                                     Cohen Milstein Sellers & Toll PLLC
                                                   1100 New York Ave. NW ● Fifth Floor
                                                   Washington, DC 20005
                                                   (202) 408-4600


*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2018, I electronically filed the Motion to Serve

Defendant Jared C. Kushner by First Class Mail with the Clerk of the Court using ECF, which in

turn sent notice to all counsel of record.

Dated:    July 17, 2018                          */s/ Julia A. Horwitz*
                                                 Julia A. Horwitz

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Democratic National Committee

*Plaintiff*

*vs.*

The Russian Federation, et al.

Case No.: 1:18-cv-03501-JGK

*Defendant*

**AFFIDAVIT OF DUE DILIGENCE**

DISTRICT OF COLUMBIA, SS.:

Joshua Lee, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and does business in Washington DC.

Deponent attempted to serve the within Summons, Complaint, Electronic Case Filing Rules & Instructions, Individual Practices of Judge John G. Koeltl on **Jared C. Kushner**, therein named, and that after due search, careful inquiry and diligent attempts at  deponent was unable to effect process upon the person being served because of the following reason(s):

| | | | |
|---|---|---|---|
| ☐ | Unknown at address | ☐ | House/building vacant |
| ☐ | Moved, left no forwarding | ☐ | Address does not exist |
| ☐ | Evading | ☐ | Service canceled |
| ☐ | Service refused | ☐ | Received no answer at the door |

☒  Other: On each occasion, I was told by security that Jared Kushner was not there and is rarely at this address.

ATTEMPTS WERE MADE AS FOLLOWS:

| Date | Time | Place |
|---|---|---|
| 06/11/18 | 2:18 PM | 502 Park Avenue, Apartment 28, New York, New York 10022 |
| 06/18/18 | 7:25 PM | 502 Park Avenue, Apartment 28, New York, New York 10022 |
| 06/25/18 | 7:11 AM | 502 Park Avenue, Apartment 28, New York, New York 10022 |

Sworn to before me on _____ 6/26/2018 _____

**EVAN COHAN**
**NOTARY PUBLIC & ATTORNEY AT LAW**
**NO. 02CO4998577**
**QUALIFIED IN ROCKLAND COUNTY**
**CERTIFICATE FILED IN NEW YORK COUNTY**
**COMMISSION EXPIRES JUNE 29, 2022**

Joshua Lee

**Job #**  1546289
**Ref #**  N/A

*CAPITOL PROCESS SERVICES, INC. | 1827 18TH STREET, NW, WASHINGTON, DC 20009 | (202) 667-0050*

# EXHIBIT B

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**Democratic National Committee**

**Plaintiff**

*vs.*                    Case No.: 1:18-cv-03501-JGK

**The Russian Federation, et al.**

**Defendant**

## AFFIDAVIT OF DUE DILIGENCE

I, David S. Felter, a Private Process Server, having been duly authorized to make service of the Summons, Complaint, Electronic Case Filing Rules & Instructions, Individual Practices of Judge John G. Koeltl in the above entitled case, hereby depose and say:

That I am over the age of eighteen years and not a party to or otherwise interested in this matter.

That I am the Custodian of Records of Capitol Process Services, Inc.

That after due search, careful inquiry and diligent attempt(s), we have been unable to serve Jared C. Kushner with the above named documents.

That on June 26, 2018 from 2:00 PM to 2:21 PM, my agent, Vance Warren, attempted to serve Jared C. Kushner at 2449 Tracy Place, NW, Washington, DC 20008. On this occasion, Mr. Warren spoke with a United States Secret Service agent posted at the front door and explained to the agent that he was attempting to serve process upon Jared Kushner on behalf of a matter before the United States District Court for the Southern District of New York. As Mr. Warren waited, the agent asked his superior for guidance on how to handle this situation. Mr. Warren was told by the agent that Mr. Kushner would not be made available and that Mr. Warren would need to "figure out another way to attempt service."

I declare under penalty of perjury that this information is true.

Sworn to before me on 07/12/18

_Angela H Croson_

Angela H. Croson
Notary Public, District of Columbia
My Commission Expires: March 31, 2019

_David S. Felter_

David S. Felter

Client Ref Number:N/A
Job #: 1546975

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

# EXHIBIT C

# USPS Tracking®

**FAQs** ❯ (http://faq.usps.com/?articleId=220900)

## Track Another Package ➕

Remove ✕

**Tracking Number:** 70083230000265673095

We attempted to deliver your item at 4:02 pm on July 9, 2018 in WASHINGTON, DC 20008 and a notice was left because no secure delivery location was available. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice beginning July 10, 2018. If this item is unclaimed by July 24, 2018 then it will be returned to sender.

## Delivery Attempt: Action Needed

July 9, 2018 at 4:02 pm
Notice Left (No Secure Location Available)
WASHINGTON, DC 20008

**Schedule Redelivery** ∨

---

**Text & Email Updates** ∨

---

**Schedule Redelivery** ∨

---

**Tracking History** ∧

**July 9, 2018, 4:02 pm**
Notice Left (No Secure Location Available)
WASHINGTON, DC 20008
We attempted to deliver your item at 4:02 pm on July 9, 2018 in WASHINGTON, DC 20008 and a notice was left because no secure delivery location was available. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice beginning July 10, 2018. If this item is unclaimed by July 24, 2018 then it will be returned to sender.

USPS.com® - USPS Tracking® Results

**July 9, 2018, 4:15 am**
Departed USPS Regional Facility
WASHINGTON DC DISTRIBUTION CENTER

**July 8, 2018**
In Transit to Next Facility

**July 7, 2018, 2:36 pm**
Arrived at USPS Regional Facility
WASHINGTON DC DISTRIBUTION CENTER

**July 7, 2018**
In Transit to Next Facility

**July 6, 2018, 10:56 pm**
Arrived at USPS Regional Facility
GAITHERSBURG MD DISTRIBUTION CENTER

**July 2, 2018, 10:55 am**
Out for Delivery
WASHINGTON, DC 20008

**July 2, 2018, 10:45 am**
Sorting Complete
WASHINGTON, DC 20008

**July 2, 2018, 9:43 am**
Arrived at Unit
WASHINGTON, DC 20008

**July 1, 2018, 4:53 pm**
Departed USPS Regional Facility
WASHINGTON DC DISTRIBUTION CENTER

**July 1, 2018**
In Transit to Next Facility

**June 29, 2018, 3:16 pm**
Arrived at USPS Regional Facility
WASHINGTON DC DISTRIBUTION CENTER

**June 29, 2018**
In Transit to Next Facility

**June 28, 2018, 10:30 pm**
Arrived at USPS Regional Facility
GAITHERSBURG MD DISTRIBUTION CENTER

**Product Information**  ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

# The easiest tracking number is the one you don't have to know.

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

## Sign Up

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

**app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo**

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Democratic National Committee

*Plaintiff*

vs.

The Russian Federation, et al.

Case No.: 1:18-cv-03501-JGK

*Defendant*

**AFFIDAVIT OF DUE DILIGENCE**

DISTRICT OF COLUMBIA, SS.:

Joshua Lee, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and does business in Washington DC.

Deponent attempted to serve the within Summons, Complaint, Electronic Case Filing Rules & Instructions, Individual Practices of Judge John G. Koeltl on **Paul J. Manafort, Jr.,** therein named, and that after due search, careful inquiry and diligent attempts at deponent was unable to effect process upon the person being served because of the following reason(s):

| | | | |
|---|---|---|---|
| ☐ | Unknown at address | ☐ | House/building vacant |
| ☒ | Moved, left no forwarding | ☐ | Address does not exist |
| ☐ | Evading | ☐ | Service canceled |
| ☐ | Service refused | ☐ | No answer at door / buzzer / call box |

☒ Other: On this occasion, I spoke with a security guard who stated that Paul W. Manafort, Jr. has not lived at 721 5th Avenue, Apartment 43G, New York, New York 10022 in over a year.

ATTEMPTS WERE MADE AS FOLLOWS:

| Date | Time | Place |
|---|---|---|
| 07/03/18 | 1:29 PM | 721 5th Avenue, Apartment 43G, New York, New York 10022 |

Sworn to before me on _JULY 4, 2018_

Joshua Lee

**EVAN COHAN**
**NOTARY PUBLIC & ATTORNEY AT LAW**
NO. 02CO4998577
QUALIFIED IN ROCKLAND COUNTY
CERTIFICATE F'LED IN NEW YORK COUNTY
COMMISSION EXPIRES JUNE 29, 2022

Job #   1547453
Ref #   N/A

CAPITOL PROCESS SERVICES, INC. | *1827 18TH STREET, NW, WASHINGTON, DC 20009* | (202) 667-0050