# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:18-cv-03501-JGK |
| ) | |
| v. ) | |
| ) | |
| THE RUSSIAN FEDERATION et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## DECLARATION OF JULIA A. HORWITZ

I, Julia Horwitz, declare as follows:

1. I am an attorney at Cohen Milstein Sellers & Toll, PLLC. I am counsel for Plaintiff in the above-referenced matter. I submit this declaration in connection with Plaintiff's Status Report Regarding Service of Process ("Status Report"). I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

2. On May 2, 2018, Plaintiff's counsel mailed service waivers to addresses that had been publicly linked to the Non-Waiving Defendants[1], pursuant to Federal Rule of Civil Procedure 4(d). Plaintiff's counsel informed these Defendants that they had thirty days to return the waivers. When the Non-Waiving Defendants missed the deadline to return their forms, Plaintiff's counsel began efforts to serve them.

---

[1] "Non-Waiving Defendants" refers to Defendants Richard W. Gates, III ("Gates"), Paul J. Manafort, Jr. ("Manafort"), Jared C. Kushner ("Kushner"), and Emin Araz Agalarov ("Emin Agalarov").

3. With respect to Manafort, on July 17, 2018, Plaintiff's counsel emailed a summons, the Complaint, Electronic Case Filing Rules & Instructions, and the Individual Practices of Judge John G. Koeltl (the "service packet") to the attorneys of record listed on the docket sheet in Manafort's criminal case.

4. On July 18, 2018, Plaintiff's counsel mailed the service packet to those same attorneys at the address listed on the docket sheet, and on July 19, 2018, Plaintiff's counsel mailed the service packet to Manafort at the Alexandria Detention Center.

5. Regarding Emin Agalarov, on July 19, 2018, Plaintiff's counsel personally spoke with the process server who handed a service packet to Ms. Inga Madzule at the Anderson Avenue address. The process server confirmed for Plaintiff's counsel the account he provided in his affidavit. He provided additional detail confirming his account of service, including the facts that: (a) he twice said Emin Agalarov's full name, so he is confident that Ms. Madzule did not think the package was intended for his sister; and (b) he is confident that Ms. Madzule spoke English because she answered his open-ended questions in full sentences such as: "He's traveling," "He's in Russia right now," and "I don't know when he's coming back."

6. As a courtesy to Emin Agalarov, Plaintiff's counsel transmitted copies of the service packet to Scott Balber, Esq., an attorney for Emin Agalarov, by email. Plaintiff's counsel also mailed a copy of the service packet to Mr. Balber via first class mail, postage prepaid, on July 19, 2018.

7. Regarding Defendants The Russian Federation ("Russia"); the General Staff of the Armed Forces of the Russian Federation ("GRU"); the GRU operative using the pseudonym "Guccifer 2.0" ("GRU Operative #1"), on May 23, 2018, Plaintiff's counsel began the process of submitting the required documents to the Court for transmission to the Secretary of State in Washington, D.C.,

immediately after reading the Court's Order (ECF No. 75). On July 10, 2018, the State Department notified Plaintiff that the service request was received and was being processed.

8. Regarding Defendant Aras Iskenerovich Agalarov ("Aras Agalarov"), Plaintiff's counsel consulted Florida real estate reports, which suggested that Aras Agalarov purchased a luxury condominium in Florida. Plaintiff's counsel therefore mailed Aras Agalarov a service waiver at the Florida address on May 2, 2018. When Plaintiff's counsel did not receive a response to the waiver by the deadline, Plaintiff's counsel hired a process server to attempt personal service at the Florida address.

9. Regarding Defendant WikiLeaks, on April 25, 2018, per the instructions provided on WikiLeaks' website, Plaintiff's counsel attempted to send an email to wl-legal@sunshinepress.org, asking for the postal address and contact details where legal documents could be sent. Later that day, counsel received a notification that the outgoing email had been rejected six times over the course of an hour. On April 29, 2018, Plaintiff's counsel received another notification that the email had been rejected 30 times over the course of 92 hours. On July 10, 2018, Plaintiff's counsel made another attempt to send an email to that same address. An hour later, counsel received another notification that the email had not been delivered, despite six attempts to deliver over a period of one hour. On July 14, 2018, Plaintiff's counsel received another notification that the email had been rejected 30 times over the course of 92 hours.

10. Plaintiff's counsel also made diligent attempts to contact counsel who represented WikiLeaks in other matters. Plaintiff's counsel searched PACER and Westlaw for any case in which WikiLeaks was represented by counsel, and found only one case: a suit in the U.S. District Court for the District of Maryland. In that case, WikiLeaks, one of the plaintiffs, was represented by two attorneys from Zuckerman Spaeder LLP. On July 19, 2018, Plaintiff's counsel emailed

those attorneys to ask if they were authorized to accept service on WikiLeaks's behalf, or if they knew of any other person who might be able to accept service. One of the two attorneys replied within 10 minutes, stating: "We are not authorized and have had no contact with this entity for several years. I do not have any idea about who may be authorized to accept service for Wikileaks."

11.     Additionally, Plaintiff's counsel searched news reports and Wikipedia, and identified three individuals who may have represented WikiLeaks. Of these, one is deceased, one lives in Spain and does not have contact information that Plaintiff's counsel can locate, and the third lives in London and appears to represent Defendant Julian Assange ("Assange"), but is not clearly linked by reliable sources to WikiLeaks. Plaintiff intends to file a motion for leave to serve WikiLeaks by alternative means shortly.

12.     Regarding Defendant Assange, in late April 2018, Plaintiff's counsel contacted an international process server to inquire about how to serve Assange, given that he currently resides in an Ecuadoran embassy in London, U.K. The process server indicated that serving Assange would present a unique set of challenges and that further investigation would be necessary. In May 2018, while Plaintiff's counsel continued to evaluate the appropriate means to effect service on Assange, credible news reports began to circulate that Assange might be evicted from the Ecuadoran embassy and extradited to the United States. In light of these reports, Plaintiff's counsel refrained from attempting service on Assange in London while there was still the possibility that he would be brought to the United States, where he could be served domestically. However, when there were no new reports about the possibility of Assange's eviction from the Ecuadoran embassy or extradition to the United States by early July, Plaintiff's counsel concluded that Mr. Assange was likely to remain at the embassy for the near future, and should be served there. Plaintiff's

counsel then commenced attempting service of process on Assange in the Ecuadoran embassy. That attempt to effectuate service is currently underway.

13. Regarding Defendant Joseph Mifsud ("Mifsud"), Plaintiff's counsel has been unable to locate any known current addresses or contact information for him, despite working with a private investigator. Plaintiff's counsel is continuing to monitor news sources for any indicia of Mifsud's whereabouts. If and when Plaintiff's counsel sees such indicia, it will file a motion to serve Mifsud by appropriate means.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of July 2018 in Washington, D.C.

*Julia Horwitz*

_____

Julia Horwitz