UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEMOCRATIC NATIONAL COMMITTEE,

               Plaintiff,                        Civil Action No. 1:18-cv-03501 (JGK)

     v.

THE RUSSIAN FEDERATION *et al.*,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MOTION TO SERVE DEFENDANT ARAS AGALAROV BY ALTERNATE MEANS

## TABLE OF CONTENTS

I.  BACKGROUND ........................................................................................................... 1

II.  SERVICE ATTEMPTS ............................................................................................... 2

III.  LEGAL STANDARD.................................................................................................. 3

IV.  ANALYSIS.................................................................................................................. 4

V.  CONCLUSION............................................................................................................ 6

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advanced Aerofoil Techs., AG v. Todaro*,
2012 WL 299959 (S.D.N.Y. Jan. 31, 2012) ............................................................3

*AMTO, LLC v. Bedford Asset Mgmt., LLC*,
No. 14-CV-9913, 2015 WL 3457452 (S.D.N.Y. June 1, 2015) ................................5

*Arista Records LLC v. Media Servs. LLC*,
No. 06 CIV. 15319(NRB), 2008 WL 563470 (S.D.N.Y. Feb. 25, 2008) ................5

*Bidonthecity.com LLC v. Halverston Holdings Ltd.*,
No. 12 CIV. 9258 (ALC) (MHD), 2014 WL 1331046 (S.D.N.Y. Mar. 31,
2014) ......................................................................................................................5

*Dama S.P.A. v. Does*,
No. 15-CV-4528 (VM), 2015 WL 10846737 (S.D.N.Y. June 15, 2015) ................5

*Elsevier, Inc. v. Siew Yee Chew*,
287 F. Supp. 3d 374 (S.D.N.Y. 2018).................................................................3, 4

*Kuklachev v. Gelfman*,
No. 08-CV-2214 (CPS), 2008 WL 5068860 (E.D.N.Y. Nov. 24, 2008).................5

*Microsoft Corp. v. Does*,
No. 12-CV-1335 SJ RLM, 2012 WL 5497946 (E.D.N.Y. Nov. 13, 2012) .............4

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950).................................................................................................4

*Philip Morris USA Inc. v. Veles Ltd.*,
No. 06 CV 2988 GBD, 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007) ....................4

*Rio Props., Inc v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) ...............................................................................4

*Sec. & Exch. Comm'n v. Anticevic*,
2009 WL 361739 (S.D.N.Y. Feb. 13, 2009).............................................................3

*Sulzer Mixpac AG v. Medenstar Indus. Co.*,
312 F.R.D. 329 (S.D.N.Y. 2015) .............................................................................6

OTHER AUTHORITIES

Federal Rule of Civil Procedure Rule 4(f)................................................................3, 4

Fed. R. Civ. P. (4)(h)..............................................................................................................3

Sean Stewart-Muniz, *Azerbaijani billionaire picks up Palazzo pad for $11M* ..............................2

Plaintiff DNC ("Plaintiff" or "the DNC") respectfully requests permission to serve the summons, Complaint, Electronic Case Filing Rules & Instructions, and Individual Practices of Judge John G. Koeltl (the "service packet") on Defendant Aras Agalarov by sending the Complaint: (a) via email and first class mail to Scott Balber[1], Aras Agalarov's attorney in other matters; and (b) via email to the email address associated with Aras Agalarov's real estate firm.

## I.     BACKGROUND

Defendant Aras Agalarov is an Azeri-born Russian oligarch and the president of Crocus Group, a Moscow-based real estate development firm.[2] The website for Crocus Group contains a webpage titled "Our Leaders," and features two biographies: one of Aras Agalarov, and one of his son, Emin Agalarov.[3] The website does not contain any other biographies or names of staff or employees. *See supra* note 3. The website also contains a webpage titled "Contacts." *Id.* That page lists a Moscow mailing address for Crocus Group, and the email address info@crocusgroup.ru.[4] No other contact information is provided for Crocus Group or for Aras or Emin Agalarov. *See supra* note 4.

Plaintiff has not located a mailing address for Aras Agalarov in Russia or in Azerbaijan. Declaration of Julia Horwitz ("Horwitz Decl.") ¶ 2. However, according to local Florida real

---

[1]  Mr. Balber also represents Aras Agalarov's son, Emin Agalarov, in this litigation. Plaintiff's counsel has already sent Mr. Balber a copy of the Complaint and of the July 19, 2018 status report in connection with his representation of Emin Agalarov.  In addition, Plaintiff's counsel has communicated extensively with Mr. Balber regarding the sufficiency of service on Emin Agalarov (most recently on July 23, 2018).  Based on those communications, Plaintiff believes that Mr. Balber is in a position to contact the Agalarovs and give them information about this case.

[2] Crocus Group, http://www.crocusgroup.com (last visited July 19, 2018)

[3] *Our Leaders*, Crocus Group, http://www.crocusgroup.com/crocus/management/ (last visited July 19, 2018)

[4] *Contact us*, Crocus Group, http://www.crocusgroup.com/crocus/contacts/ (last visited July 19, 2018). The web page also includes a Russian phone number: +7 495 727 24 24.

estate reports, Aras Agalarov purchased a luxury condominium on Fisher Island in Miami Beach, Florida, in April 2016.[5] This Florida address is the only United States address associated with Mr. Agalarov that Plaintiff has located, despite Plaintiff's diligent efforts to search databases, dockets, and news reports for alternate addresses. Horwitz Decl. ¶ 2.  Because Aras Agalarov has only been present at that address twice in the past two years, as explained in greater detail below, Plaintiff believes that Aras Agalarov resides abroad, likely in Moscow where Crocus Group is based. *See id.* ¶ 3.

## II.     SERVICE ATTEMPTS

On April 30, 2018, Plaintiff's counsel called Scott Balber, who confirmed that he represents both Aras Agalarov and his son in other matters.  Declaration of Geoffrey A. Graber ("Graber Decl.") ¶ 2. Mr. Balber said that he was not authorized to accept service on behalf of Aras Agalarov, and when Plaintiff's counsel asked if Mr. Balber could identify anyone else who might be authorized to accept service for Aras Agalarov or his son, Mr. Balber instructed Plaintiff's counsel to consult "the Federal Rules." *Id*. ¶ 3.

Without Mr. Balber's guidance, Plaintiff consulted publicly available real estate reports, which suggested that Aras Agalarov purchased a luxury condominium in Florida. Horwitz Decl. ¶ 4. Plaintiff therefore mailed Aras Agalarov a service waiver at the Florida address on May 2, 2018.  *Id.* ¶ 5. When Plaintiff did not receive a response to the waiver by the deadline, Plaintiff hired a process server to attempt personal service at the Florida address.  *Id.*  On June 15, 2018, the process server knocked on the door of the condominium and received no answer. *See* Affidavit

---

[5] *Russian billionaire buys Fisher Island condo for $10.7M*, Sun Sentinel (Apr. 13, 2016, 4:03 PM), http://www.sun-sentinel.com/local/miami-dade/sfl-fisher-island-condo-10-7m-20160413-story.html; Sean Stewart-Muniz, *Azerbaijani billionaire picks up Palazzo pad for $11M*, The Real Deal: Miami (Apr. 13, 2016, 12:45 PM), https://therealdeal.com/miami/2016/04/13/azerbaijani-billionaire-picks-up-palazzo-pad-for-11m/.

of Due Diligence, attached as Exhibit A. He then spoke to a security guard who informed him that the Agalarov family has only been present at that residence twice in the last two years. *Id.* The process server has provided a notarized "affidavit of due diligence," explaining his attempt to serve Aras Agalarov. *Id.*

Plaintiff's counsel searched real estate reports and other publicly available sources for other addresses where Aras Agalarov might reside, but the search was fruitless. Horwitz Decl. ¶ 6.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure Rule 4(f) establishes three mechanisms for service of an individual abroad: 1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those provided by the Hague Convention," Fed. R. Civ. P. (4)(f)(1); 2) if there is no internationally agreed means, then by following the law of the country where the defendant is located, following directions given by an official in the foreign country where the defendant is located, hand delivering a copy of the summons and complaint to the defendant (unless the defendant is an organization), or mailing the summons and complaint with a request for a signed receipt, Fed. R. Civ. P. (4)(f)(2), (4)(h)(2); or 3) by "other means not prohibited by international agreement, as the court orders," Fed. R. Civ. P. (4)(f)(3).

There is "no hierarchy" among these three means of service: a plaintiff need not attempt service under Rule 4(f)(1) or Rule 4(f)(2) before the court authorizes service on an international defendant under Rule 4(f)(3). *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 377–78 (S.D.N.Y. 2018) (quoting *Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012)); *see also Sec. & Exch. Comm'n v. Anticevic*, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009). However, in an exercise of their discretion, some courts have required parties seeking permission to serve a defendant under Rule 4(f)(3) to show: (1) "that the plaintiff has reasonably attempted to effectuate service on the defendant" by itself; and (2) that the

circumstances are such that the court's intervention is necessary." *Elsevier, Inc.*, 287 F. Supp. 3d at 378 (collecting cases).

When a court exercises its authority under Rule 4(f)(3), it may authorize any means of service that is "reasonably calculated, under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" and comports with international law.  *Rio Props., Inc v. Rio Int'l Interlink*, 284 F.3d 1007, 1014, 1016 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *Elsevier, Inc.*, 287 F. Supp. 3d at 379–80 (citing *Rio* with approval); *Microsoft Corp. v. Does*, No. 12-CV-1335 SJ RLM, 2012 WL 5497946, at *2 (E.D.N.Y. Nov. 13, 2012) (same); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 GBD, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007) (same).

## IV.    ANALYSIS

Because Plaintiff has only been able to locate the mailing address and email address for Mr. Agalarov's place of business in Moscow, the Court can and should exercise its authority under Rule 4(f)(3) to authorize service on Mr. Agalarov: a) via email and first class mail to Scott Balber, Aras Agalarov's attorney in other matters; and b) via email to the email address associated with Aras Agalarov's real estate firm.  Plaintiff has satisfied the two threshold conditions that some district courts impose on parties seeking a court order under Rule 4(f)(3).  *Elsevier, Inc.*, 287 F. Supp. 3d at 378.  First, as explained above, Plaintiff "reasonably attempted to effectuate service on the defendant" without assistance from the Court: Plaintiff attempted personal service at the only known mailing address associated with Mr. Agalarov, and searched carefully for other potential mailing addresses without success.  *See id.*  Second, because Plaintiff has not been able to locate any other mailing address or email address associated with Mr. Agalarov, it would be difficult if not impossible to serve him without the Court's permission to serve him through the Crocus Group email address.  *See id.*; *see also Dama S.P.A. v. Does*, No. 15-CV-4528 (VM), 2015

WL 10846737, at *2 (S.D.N.Y. June 15, 2015) (authorizing email service under Rule 4(f)(3) where the defendant had a "functioning email address," but "otherwise remained anonymous").

Serving Mr. Agalarov without Court intervention would also be difficult, if not impossible, because Plaintiff cannot use the Hague Convention service of process procedures: Crocus Group is located in Russia, which does not participate in the Hague Convention service of process procedures with respect to the United States. *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015) ("Accordingly, because there is no reason to believe that service would be effective if a plaintiff were required to serve a defendant based in Russia in accordance with the Hague Convention procedures, substituted service pursuant to Rule 4(f)(3) is appropriate.") (internal quotations omitted); *see also Arista Records LLC v. Media Servs. LLC*, No. 06 CIV. 15319(NRB), 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008) (same). Moreover, Plaintiff is prevented from serving the service packet by mail to Crocus Group's mailing address because Russia has formally objected to service of process by mail. *See Kuklachev v. Gelfman*, No. 08-CV-2214 (CPS), 2008 WL 5068860, at *2 (E.D.N.Y. Nov. 24, 2008).[6]

In light of Russia's refusal to accept service by mail, the means of service best "calculated, under all circumstances to apprise" Mr. Agalarov of the lawsuit and "afford [him] an

---

[6] As courts in this District have recognized, "The Russian Federation is a signatory to the Hague Convention, but objects to all methods of service in Article 10, including 'the freedom to send judicial documents, by postal channels, directly to persons abroad.'" *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12 CIV. 9258 (ALC) (MHD), 2014 WL 1331046, at *9 (S.D.N.Y. Mar. 31, 2014) (quoting Hague Service Convention art. 10(a)). Courts have further found that Russia's reliance on Article 10 of the Hague Convention to object to service of process by postal mail is not inconsistent with its refusal to participate in the Hague Convention's service of process procedures. *See Kuklachev*, 2008 WL 5068860 at *2. Thus, although Russia refuses to accept service through the Hague Convention's service of process procedures, that "does not change the fact that Russia does not agree to service by mail." *Id. at *2 n.2. See also Bidonthecity.com LLC*, 2014 WL 1331046, at *9.

opportunity to present [his] objections," without violating international agreements, is: a) via email and first class mail to Scott Balber, Aras Agalarov's attorney in other matters; and (b) via email to the email address associated with Aras Agalarov's real estate firm.

As the Court recognized in granting Plaintiff's motion to serve Defendant Paul J. Manafort Jr. by first class mail and email to his criminal defense attorneys, as well as by first class mail to the detention center where he is awaiting trial, serving documents on an attorney who is representing a defendant in another matter is a reliable means of effecting service. Memo Endorsed Order, ECF No. 140.  Moreover, Crocus Group's email address is likely to reach Mr. Agalarov, as he holds himself out as the president and only one of two named officers of Crocus Group. *See supra* note 3. Since no other employees or staff are mentioned anywhere on the website, and since no individual email addresses are provided for either of the two officers listed on the website, any email that is transmitted to the general Crocus Group account is likely to be delivered or forwarded to the Crocus Group president. *See Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (holding that service via email was reasonably calculated to inform the defendant of the litigation because the defendant conducted some business over email, and it was therefore likely that the defendant would read the email serving the complaint).

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests authorization to serve Aras Agalarov by sending the Complaint via email and first class mail to Scott Balber, Aras Agalarov's attorney in other matters; and via email to the email address associated with Aras Agalarov's real estate firm.

Dated:  July 24, 2018                   Respectfully submitted,

                                          */s/ Joseph M. Sellers*

Michael Eisenkraft (#6974)          Joseph M. Sellers (admitted *Pro Hac Vice*)
Cohen Milstein Sellers & Toll PLLC   Geoffrey A. Graber (admitted *Pro Hac Vice*)
88 Pine St. ● 14th Floor            Julia A. Horwitz (admitted *Pro Hac Vice*)
New York, NY 10005                 Alison S. Deich (*Pro Hac Vice* pending)
(212) 838-7797                     Cohen Milstein Sellers & Toll PLLC
                                            1100 New York Ave. NW ● Fifth Floor
                                          Washington, DC 20005
                                          (202) 408-4600

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2018, I electronically filed the foregoing motion with the Clerk of the Court using ECF, which in turn sent notice to all counsel of record who have appeared in this action.  I also certify that I caused a copy of the foregoing motion to be filed in the office of the Clerk of the Court for transmittal to pro se parties in this action.

I further certify that I also served the foregoing motion to the parties set forth below as indicated:

**BY E-MAIL**:  I caused a true and correct copy of the foregoing motion to be served by electronic transmission to each of the following parties shown through email:

| | |
|---|---|
| Scott Balber<br>Herbert Smith Freehills New York LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>Scott.Balber@hsf.com | *Counsel for Emin Agalarov* |
| Jay R. Nanavati<br>Kostelanetz & Fink LLP<br>601 New Jersey Avenue NW<br>Suite 620<br>Washington, DC 20001<br>jnanavati@kflaw.com<br><br>Thomas E. Zehnle<br>Law Office of Thomas E. Zehnle<br>601 New Jersey Avenue NW<br>Suite 620<br>Washington, DC 20001<br>(202) 368-4668<br>tezehnle@gmail.com | *Counsel for Paul Manafort, Jr.* |
| Alan S. Futerfas<br>The Law Offices of Alan S. Futerfas<br>565 Fifth Ave., 7th Floor<br>New York, NY 10017<br>afuterfas@futerfaslaw.com | *Counsel for Donald J. Trump, Jr.* |

**BY U.S. MAIL**:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Washington, D.C. in the ordinary course of business.

| | |
|---|---|
| Richard W. Gates, III<br>206 Virginia Avenue<br>Richmond, VA 23226 | *Service of Process Address for Richard W. Gates, III* |
| George Papadopoulos<br>4926 N. Fairfield Avenue<br>Chicago, IL 60625 | *Service of Process Address for George Papadopoulos* |


Dated:    July 24, 2018                    */s/ Julia A. Horwitz*
                                           Julia A. Horwitz

## CERTIFICATE OF LENGTH

I hereby certify that this document is less than 7,000 words.


Dated:    July 24, 2018                                   */s/ Julia A. Horwitz*
                                                         Julia A. Horwitz