# COHENMILSTEIN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __9-4-18__

Joseph M. Sellers
(202) 408-4604
jsellers@cohenmilstein.com

August 31, 2018

*Via ECF*

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> The 9/13/18 Conference can be used as a pre-motion conference for the plaintiff's application to file an amended complaint. So ordered.
> 9/3/18  JGK, U.S.D.J.

Re: *Democratic National Committee v. The Russian Federation, et al.*, No. 1:18-cv-03501-JGK

Dear Judge Koeltl:

I represent the Democratic National Committee ("DNC" or "Plaintiff") in the above-referenced action. In accordance with Rules 1.F and 2.B of the Individual Practices of Judge John G. Koeltl, the DNC respectfully requests that the Court schedule a pre-motion conference to discuss a motion to amend the Complaint. The DNC seeks to amend its Complaint to reflect new information from Special Counsel Robert Mueller's July 13, 2018 indictment of 12 Russian intelligence officers (the "July 13 Indictment"), articles and reports published after the Complaint was filed, and the DNC's cybersecurity consultants.[1] The represented Defendants do not oppose this request.[2]

---

[1] This new information includes the identities of the Russian agents who hacked into the DNC's network in the spring of 2016; details about the manner in which the agents accomplished the hacks; evidence of hacking activity that continued into the fall of 2016; details about the information that was stolen from the DNC; evidence of the extent to which Defendant Julian Assange controls Defendant WikiLeaks; and evidence of conspiratorial communications between Russian agents and Defendant WikiLeaks.

[2] The consenting Defendants include: Donald J. Trump for President, Inc.; Donald Trump Jr.; Roger Stone; Jared Kushner; George Papadopolous; and Aras Agalarov. Emin Agalarov does not oppose the request subject but he continues to contest the sufficiency of service. The DNC has not been able to reach the remaining Defendants, who appear to be unrepresented

COHEN MILSTEIN SELLERS & TOLL PLLC • 1100 New York Ave. NW • Fifth Floor • Washington, DC 20005
T 202.408.4600 • cohenmilstein.com

**COHENMILSTEIN**

August 31, 2018
Page 2

Federal Rule of Civil Procedure 15(a)(2) permits amendment of a complaint with leave of court, and instructs district courts to "freely give leave when justice so requires." This "permissive standard is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir.2005)). Generally, a plaintiff should be granted leave to amend "in the absence of . . . prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). If the plaintiff's motion is also timely and non-futile, the court categorically "should not deny" it. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The DNC's proposed motion to amend satisfies all of these criteria.

F rst, Defendants cannot be prejudiced by Plaintiff's proposed amendments. In determining what constitutes prejudice, courts in this Circuit consider whether the amendment would: "'(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [opponent] from bringing a timely action in another jurisdiction.'" *Pasternack*, 863 F.3d at 174 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

Here, Defendants will not need to expend additional resources at all. The proposed amendment will provide new detail about the conspiracy described in the current Complaint, rather than providing detail about a separate conspiracy; thus, the amendment will not expand the scope of discovery. Moreover, plaintiff seeks to amend the Complaint very early—before any Defendant's responsive pleading is due. *See Am. Med. Ass'n v. United Healthcare Corp.*, No. 00CIV2800LMM, 2006 WL 3833440, at *6 (S.D.N.Y. Dec. 29, 2006) (no prejudice where "the parties have completed only preliminary discovery as to the 'proper parties in this action' and have not yet engaged in any significant discovery on the merits"). For the same reasons, the proposed amendment will not significantly delay the resolution of the dispute. In addition, adding factual material to the complaint will not prevent any party from bringing a timely action in another jurisdiction. *See Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 363 (S.D.N.Y. 2005) (whether delay prevented defendant from bringing a timely action in another jurisdiction inapposite, "as this is not a case where a defendant is raising in an untimely manner a statute of limitations defense, which, if raised earlier, would have allowed the plaintiff to re-assert its action in a non-time-barred jurisdiction."). Finally, if the DNC waits until Defendants answer, move, or otherwise respond to the Complaint, it will have an opportunity to amend as of right. *See* Fed. R. Civ. P. 15(a)(1)(B). Defendants cannot claim that they are prejudiced by Plaintiff's request to amend the Complaint earlier, before Defendants undertake the time and effort to respond to a document that Plaintiff plans to change.

---

(Paul Manafort; Richard Gates; Julian Assange; WikiLeaks; the Russian Federation; the GRU; and GRU Operative #1).

# COHENMILSTEIN

August 31, 2018
Page 3

**Se ond**, the proposed amendments are made in good faith, with no dilatory motive. Courts in this District find bad faith or a dilatory motive "[w]hen it appears that leave to amend is sought in anticipation of an adverse ruling on the original claims." *PI, Inc. v. Quality Products, Inc.*, 907 F.Supp. 752 (S.D.N.Y.1995). Here, by contrast, there has been no briefing on the original claims in any capacity. The amendments reflect Plaintiff's good-faith attempt to add factual detail that will sharpen the allegations in the Complaint and thereby assist the Court in deciding any subsequent dismissal motion.

**rd**, there is no undue delay. Courts in this District look both to the time that has elapsed since the party seeking to amend has discovered the new facts it seeks to add to the complaint, and to the stage of the litigation. Here, Plaintiff seeks to add to the Complaint new facts that it learned less than two months ago. This amount of time does not constitute delay in this District. *See, e.g., Securities and Exchange Commission v. DCI Telecommunications, Inc.*, 207 F.R.D. 32, 34–35 (S.D.N.Y. 2002) (allowing amendment where plaintiff obtained discovery supporting amendment four months before motion); *American Medical Association v. United Healthcare Corp.*, No. 00 Civ. 2800, 2006 WL 3833440, at *4 (S.D.N.Y. Dec. 29, 2006) (finding no undue delay where party moved to amend several months after learning relevant facts in discovery).

**F na y**, the proposed amendment will not be futile. "[T]he standard for determining futility is comparable to the standard for deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Twahir v. Vill. Care of New York, Inc.*, No. 10 CIV. 9452 JGK, 2011 WL 2893466, at *1 (S.D.N.Y. July 12, 2011) (citing *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 604 (2d Cir. 2005)). It is Plaintiff's position that all claims in its current Complaint would survive a 12(b)(6) motion; providing additional context and detail for these claims will make Plaintiffs' case even stronger.

Plaintiff respectfully requests, for the convenience of the Court and the parties, that the Court conduct a pre-motion conference on Plaintiff's proposed motion for leave to amend the complaint in conjunction with the September 13, 2018 status conference currently scheduled.

Sincerely,

*/s/ Joseph M. Sellers*

Joseph M. Sellers