UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
DEMOCRATIC NATIONAL COMMITTEE,

      Plaintiff,

  v.

THE RUSSIAN FEDERATION *et al.*,

      Defendants.
------------------------------------- X

JOINT REPORT PURSUANT TO FRCP 26(f)

Civil Action No. 1:18-cv-03501 (JGK)

      This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. **Rule 26(f)(3)(A): Changes in the timing, form, or requirement for disclosures under Rule 26(a).**

      At this time, the parties do not believe that any changes in the form of Rule 26(a) disclosures are necessary in this matter. The parties agree that discovery—including Rule 26(a) disclosures—should be stayed until the Court has ruled on Defendants' anticipated motions to dismiss Plaintiff's amended complaint.[1] The parties propose to file a supplemental Rule 26(f) report at that time.

      The parties further note that they have agreed to jointly propose at the initial status conference on September 13, 2018, the following briefing schedule on Defendants' anticipated motions to dismiss: (a) Defendants shall answer or otherwise respond to the amended complaint no later than ninety (90) days after Plaintiffs file it[2] (b) in the event Defendants move to dismiss the amended complaint, Plaintiffs shall have ninety (90) days to oppose it; and (c) Defendants may file a reply no later than forty-five (45) days after Plaintiff files its opposition brief.

---

[1] The DNC intends to advocate in favor of an omnibus motion to dismiss, to the extent possible.

[2] Emin Agalarov maintains that service of the original Complaint upon him was improper and insufficient and, as such, his time to respond to the Complaint has not yet begun to run. Nevertheless, Mr. Agalarov reserves his right to move to dismiss any then operative complaint at the same time as the other Defendants.

2. **Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to particular issues.**

The parties agree that negotiation of the subjects on which discovery may be needed should be deferred until this Court has ruled on Defendants' motion to dismiss the amended complaint. The parties agree to address this in a supplemental Rule 26(f) report at that time.

3. **Rule 26(f)(3)(C): Issues about disclosure, discovery, or preservation of ESI.**

The parties anticipate that the discovery, if any, of electronically stored information ("ESI") will be extensive. The undersigned parties have taken steps to ensure preservation of all ESI that is likely to be relevant in this action. The parties agree that any further issues regarding ESI should be deferred until this Court has ruled on Defendants' motion to dismiss the amended complaint. The parties agree to address this in a supplemental Rule 26(f) report at that time.

4. **Rule 26(f)(3)(D): Issues about claims of privilege or of protection.**

The parties agree that negotiation concerning a protective order and any related issues of privilege should be deferred until this Court has ruled on Defendants' motion to dismiss the amended complaint. The parties agree to address this in a supplemental Rule 26(f) report at that time.

5. **Rule 26(f)(3)(E): Changes to be made in the limitations on discovery.**

The parties agree that decisions to be made about changes to the limitations on discovery should be deferred until this Court has ruled on Defendants' motion to dismiss the amended complaint. The parties agree to address this in a supplemental Rule 26(f) report at that time.

6. **Rule 26(f)(3)(F): Other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

At this time, the parties do not anticipate that the Court should issue any orders related to discovery. The parties agree to address whether any new need has arisen for further Court orders under Rule 26(c) or Rule 16(b) or (c) in a supplemental Rule 26(f) report once this Court has ruled on Defendants' motion to dismiss the amended complaint.

Dated: September 6, 2018                                  Respectfully submitted,

                                                                               */s/ Joseph M. Sellers*

Michael Eisenkraft (#6974)                            Joseph M. Sellers (admitted *Pro Hac Vice*)
Cohen Milstein Sellers & Toll PLLC        Geoffrey A. Graber (admitted *Pro Hac Vice*)
88 Pine St. ● 14th Floor                                  Julia A. Horwitz (admitted *Pro Hac Vice*)
New York, NY 10005                                      Alison S. Deich (*Pro Hac Vice* pending)
(212) 838-7797                                                 Cohen Milstein Sellers & Toll PLLC
                                                               1100 New York Ave. NW ● Fifth Floor
                                                               Washington, DC 20005
                                                               (202) 408-4600
                                          *Attorneys for Plaintiff*

                                                                 */s/ Michael A. Carvin*

James M. Gross (#1989)                                Michael A. Carvin (admitted *Pro Hac Vice*)
Jones Day                                                           Mary Ellen Powers (admitted *Pro Hac Vice*)
250 Vesey Street                                              William D. Coglianese (admitted *Pro Hac Vice*)
New York, New York 10281                       Jones Day
(212) 326-3939                                                 51 Louisiana Avenue N.W.
                                                               Washington, DC 20001
                                                               (202) 879-3939
                       *Attorneys for Donald J. Trump for President, Inc.*

Dated: September 6, 2018                                  Respectfully submitted,

                                                                 */s/ Robert Buschel*

                                                               Robert C. Buschel
                                                                 *Counsel of Record*
                                                               (FL Bar No. 0063436)
                                                               Buschel Gibbons, P.A.
                                                               One Financial Plaza – Suite 1300
                                                               100 S.E. Third Avenue
                                                               Fort Lauderdale, FL 33394
                                                               (954) 530-5301
                                                               Buschel@BGlaw-pa.com

                                          *Attorneys for Roger Stone*

|  |  |
|---|---|
| Dated:  September 6, 2018 | */s/ Scott S. Balber* <br> Scott S. Balber <br> Jonathan C. Cross <br> Michael P. Jones <br> Pamela K. Terry <br> Herbert Smith Freehills New York LLP <br> 450 Lexington Avenue, 14th Floor <br> New York, NY 10017 <br> (917) 542-7600 |

*Attorneys[3] for Aras Agalarov and Emin Agalarov*

|  |  |
|---|---|
| Dated:  September 6, 2018 | */s/ Abbe David Lowell* <br> Abbe David Lowell (#2981) <br> Christopher D. Man (Pro Hac Vice pending) <br> Winston & Strawn LLP <br> 1700 K Street NW <br> Washington, D.C.  20006 <br> 202-282-5000 |

*Attorneys for Jared Kushner*

|  |  |
|---|---|
| Dated:  September 6, 2018 | */s/ Alan S. Futerfas* <br> Alan F. Futerfas <br> 565 5th Avenue, 7th Floor <br> New York, NY 10017 <br> (212) 684-8400 |

*Attorneys for Donald Trump Jr.*

|  |  |
|---|---|
| Dated:  September 6, 2018 | */s/ Caroline Polisi* <br> Caroline Polisi <br> Pierce Bainbridge Beck Price &Hecht LLP <br> 20 West 23rd Street, Fifth Floor <br> New York, NY 10010 <br> (213) 262-9333 |

*Attorneys for George Papadopoulos.*

---

[3]   Counsel for Aras Agalarov and Emin Agalarov intend to file notices of appearance in this action shortly.  For the avoidance of doubt, neither this submission nor the subsequent notices of appearance constitute a waiver of any defenses available to either Aras Agalarov or Emin Agalarov, and all such defenses are expressly reserved.