UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEMOCRATIC NATIONAL COMMITTEE,

        Plaintiff,

v.

THE RUSSIAN FEDERATION *et. al.,*

        Defendants.

Case No. 18-CV-03501
**JURY DEMANDED**

---

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JARED KUSHNER'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Abbe David Lowell (NY Bar No. AL2981)
ADLowell@winston.com
Christopher D. Man *(pro hac)*
CMan@winston.com
Kyllan J. Gilmore
KGilmore@winston.com
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006
T: 1-202-282-5000
F: 1-202-282-5100

*Counsel for Jared Kushner*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

I.  PLAINTIFF STATES NO VALID RICO CLAIMS AGAINST KUSHNER ..................... 3

   A.  Plaintiff fails to allege Kushner joined the alleged enterprise. ............................... 3

   B.  Plaintiff fails to allege Kushner agreed to commit any predicate acts or that he poses any threat of future criminal activity. .................................................. 4

   C.  Plaintiff fails to allege Kushner joined a RICO conspiracy. ................................... 6

II. PLAINTIFF FAILS TO ALLEGE KUSHNER VIOLATED THE WIRETAP ACT OR D.C. UNIFORM TRADE SECRETS ACT ....................................................................... 7

III. PLAINTIFF FAILS TO ALLEGE KUSHNER WAS PART OF A CONSPIRACY ......... 8

IV. PLAINTIFF FAILS TO ALLEGE KUSHNER VIOLATED THE VIRGINIA COMPUTER CRIMES ACT ............................................................................................... 8

CONCLUSION .......................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbott Labs. v. Adelphia Supply USA*,
 2017 WL 57802 (E.D.N.Y. Jan. 4, 2017) ....................................................................................6

*Allstate Ins. Co. v. Lyons*,
 843 F. Supp. 2d 358 (E.D.N.Y. 2012) .........................................................................................6

*Anza v. Ideal Steel Supply Corp.*,
 547 U.S. 451 (2006) .....................................................................................................................6

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .....................................................................................................................5

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .....................................................................................................................9

*Catalyst & Chem. Servs., Inc. v. Glob. Ground Support*,
 350 F. Supp. 2d 1 (D.D.C. 2004) ................................................................................................8

*Cohen v. Cohen*,
 993 F. Supp. 2d 414 (S.D.N.Y. 2014) .........................................................................................4

*Dunlap v. Cottman Transmission Sys., LLC*,
 287 Va. 207, 754 S.E.2d 313 (2014) ...........................................................................................8

*Eagle One Roofing Contractors, Inc. v. Acquafredda*,
 2018 WL 1701939 (E.D.N.Y. Mar. 31, 2018) ............................................................................4

*L-3 Comm. Corp. v. Serco, Inc.*,
 2018 WL 1352093 (E.D. Va. Mar. 15, 2018) .............................................................................9

*Levine v. United States*,
 383 U.S. 265 (1966) .....................................................................................................................7

*Nat'l Grp. for Commc'ns & Computers Ltd. v. Lucent Techs. Inc.*,
 420 F. Supp. 2d 253 (S.D.N.Y. 2006) ..................................................................................... 6-7

*Paskar v. City of N.Y.*,
 3 F. Supp. 3d 129 (S.D.N.Y. 2014) .............................................................................................1

*Supinger v. Virginia*,
 167 F. Supp. 3d 795 (W.D. Va. 2016) .........................................................................................9

*U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*,
 303 F. Supp. 2d 432 (S.D.N.Y. 2004) ................................................................................ 4, 6

*United States v. Blackmon*,
 839 F.2d 900 (2d Cir. 1988) .................................................................................................. 7

*United States v. Freeman*,
 498 F.2d 569 (2d Cir. 1974) ............................................................................................. 2, 5

*United States v. O'Campo*,
 973 F.2d 1015 (1st Cir. 1992) ............................................................................................... 7

*World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*,
 530 F. Supp. 2d 486 (S.D.N.Y. 2007) ................................................................................... 2

**Statutes**

18 U.S.C. § 1962 ............................................................................................................... *passim*

Va. Code Ann. §18.2-152 ......................................................................................................... 8-9

18 U.S.C. §§ 2510-22 ............................................................................................................ 3, 7-8

D.C. Code Ann. § 36-401 ...................................................................................................... 3, 7-8

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 1

Defendant Jared Kushner joins Donald J. Trump for President, Inc.'s Reply in Support of Motion to Dismiss the Second Amended Complaint (Omnibus Reply), and submits this reply seeking dismissal of all claims against him for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's lengthy torture of RICO and conspiracy doctrines misses the simple point that the alleged facts, rather than Plaintiff's politically motivated hopes and conclusions, must support inferences of agreement and participation in the unlawful scheme to state these claims. Tacking "by unlawful means" on the end of a broad and legitimate political objective to win an election fails to demonstrate any agreement to commit a series of racketeering acts, and Plaintiff's insistence that Kushner knew of or even encouraged some of the alleged wrongdoing fails to state a claim that he joined or aided a conspiracy. *See* Kushner Br. at 5-11.

Regardless of how broadly Plaintiff defines the enterprise objective, the "illegal means" it alleges is the hacking and dissemination of DNC files to influence voters, conduct that would be complete by the time the votes were cast. Plaintiff does not allege Kushner was involved in hacking. Plaintiff only connects Kushner to the enterprise through his attendance at one meeting that he did not arrange or lead, and where he is not alleged to have done more than listen – claims that fail to support an inference that he agreed to the alleged scheme or conducted its affairs.[1] The

---

[1] Special Counsel Robert Mueller's report found that Kushner did not solicit or receive anything of value at the meeting, and considered it a "waste of time." 1 Mueller Rep. at 118, 185-88 (*available at* http://bit.ly/2L2cGqL). "In evaluating a motion to dismiss, the Court may consider… matters of which judicial notice may be taken… [and] [o]fficial government reports and other types of government records are appropriate for judicial notice." *Paskar v. City of N.Y.*, 3 F. Supp. 3d 129, 133–34 (S.D.N.Y. 2014).

1

best Plaintiff can do is attempt to impermissibly use Kushner's lawful associations as evidence that he joined and controlled the enterprise, but the law is clear this falls far short of stating a claim under RICO or conspiracy doctrines. *See* Kushner Br. at 10; *see also* 1 Mueller Rep. at 2 (concluding "the investigation did not establish that members of the Trump Campaign conspired or coordinated with the Russian government in its election interference activities").

Faced with this challenge, Plaintiff tries to instead bootstrap Kushner into the alleged conspiracy by labelling actions and statements he made long after the election as "attempts to obstruct justice" and claiming this implicates him in the pre-election conspiracy.[2] *See* Opp. at 57-58. First, Kushner did not attempt to obstruct justice. Kushner Br. 4-7; 1 Mueller Rep. at 181 ("The investigation did not establish any agreement among Campaign officials or between such officials and Russia-linked individuals-to interfere with or obstruct a lawful function of a government agency during the campaign or transition period."). Second, Kushner must first join a conspiracy before his acts can be considered in furtherance of the conspiracy. And this is still Plaintiff's problem, it alleges nothing showing Kushner ever joined whatever conspiracy he

---

[2] Plaintiff attempts to distinguish clear case law prohibiting it from leveraging a subsequent cover-up into a concluded pattern of racketeering activity to extend a conspiracy, Opp. at 65-67, but regardless of whether concealment could be part of a conspiracy, Kushner must still have agreed to the original criminal objective (influencing the election through hacking and disseminating files) for any later obstruction to constitute a predicate act. *See World Wrestling Entm't, Inc. v. Jakks Pac., Inc.,* 530 F. Supp. 2d 486, 512 (S.D.N.Y. 2007), *aff'd*, 328 F. App'x 695 (2d Cir. 2009) ("acts of concealment may have significance in lengthening the life of a criminal conspiracy only when these acts are done in furtherance of the main criminal objectives of the conspiracy"); *United States v. Freeman*, 498 F.2d 569, 575 (2d Cir. 1974) (no inference defendant is part of conspiracy "simply because he became a party to an effort to conceal several of the conspirators after the initial scheme had miscarried. … [Plaintiff must show that the act] (here, concealing the principals) was done in furtherance *of a prior criminal agreement among the conspirators.*") (emphasis added).

allegedly was trying to help conceal. Regardless of how these acts are construed, they are not predicate acts and do nothing to retroactively establish his earlier involvement.

Kushner's lack of agreement and participation in the hacking and dissemination of files similarly hamstrings Plaintiff's non-RICO claims, each of which deal with this series of events. With neither evidence of agreement nor a single action Kushner took to further the alleged scheme, he cannot be liable for conspiracy, and Plaintiff's attempts to circumvent this shortcoming with the "unlawful use" provisions of the Wiretap Act and D.C. Uniform Trade Secrets Act ignore that such "use" must still occur either as part of, or with knowledge of, the wrongful acquisition, and before it became accessible to the public through other sources. *See* Kushner Br. 11-15. Plaintiff does not identify a single instance of Kushner actually receiving or using the hacked DNC files, even after they were publicly disseminated, and so these claims too must be dismissed. *Id.*

## I. PLAINTIFF STATES NO VALID RICO CLAIMS AGAINST KUSHNER

Plaintiff concedes that a substantive RICO violation requires that each defendant 1) agree to the same unlawful purpose, 2) actively participate in the operation or management of the enterprise, 3) commit at least two predicate acts that are "related" to both the enterprise and co-conspirator predicate acts, and 4) pose a continuing threat of criminal activity. *See, e.g.*, Opp. at 17, 23, 61, 63; Kushner Br. at 3-4. Plaintiff acknowledges that a RICO conspiracy also requires agreement to join and participate in an enterprise committed to a substantive RICO violation, including the commission of at least two predicate acts. Opp. at 75; Kushner Br. at 10.

### A. Plaintiff fails to allege Kushner joined the alleged enterprise

Plaintiff's entire argument that Kushner joined and directed the affairs of the alleged enterprise is based on his involvement in a legitimate political organization. Kushner "was a 'senior advisor' to the Campaign" and therefore would attend meetings with other "senior

3

members of the Campaign," Opp. at 19, but these are at best "facts that, if proved, would demonstrate some degree of control over" lawful political activities—not an improper enterprise created to influence the election through hacking and disseminating Plaintiff's files to influence voters. *Eagle One Roofing Contractors, Inc. v. Acquafredda*, 2018 WL 1701939, at *8 (E.D.N.Y. Mar. 31, 2018). The fact that some alleged unlawful scheme may have shared the legitimate overall goal of securing the presidency and lawful actions were taken by some of the same players does not make it "reasonable to infer that Kushner directed the affairs of both enterprises." Opp. at 19. Even if the meeting he was asked to attend (and did not arrange or lead) was meant to further the alleged unlawful enterprise, "[i]t is not enough to merely take directions and perform 'tasks that are necessary and helpful' to the enterprise. . . ." *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432, 451-52 (S.D.N.Y. 2004). Here, Kushner did not even take directions or perform helpful tasks. He just listened and left early because the meeting was a waste of his time. As Plaintiff pleads nothing at all to justify the conclusion that Kushner joined or directed the affairs of any unlawful scheme, and cannot rely on his role and actions in a legitimate organization to prove something more nefarious, these RICO claims must be dismissed. *See Cohen v. Cohen*, 993 F. Supp. 2d 414, 425 (S.D.N.Y. 2014) ("Any number of a defendant's activities or affiliations might create the circumstances for a RICO predicate act, but the legal question is whether the predicate act could rationally be ascribed to the enterprise such that it was conduct of an enterprise within the meaning of the RICO act.").

### B. Plaintiff fails to allege Kushner agreed to commit any predicate acts or that he poses any threat of future criminal activity

Plaintiff alleges that Kushner conspired to commit economic espionage and theft of trade secrets based solely on the allegation that he was at that same one meeting where its commission by others was allegedly discussed. Opp. at 10. Plaintiff further claims Kushner committed

4

obstruction of justice, post-election, by initially failing to disclose the Trump Tower meeting on his security clearance form and allegedly making false statements to Congress about his knowledge of that meeting and his desire to establish a Russian communication channel after the election. *Id*. These allegations are meritless. He did not have to include that meeting on his security clearance forms (and did so out an abundance of caution only because of the Russia hysteria) and there is no basis anywhere for the allegation that he said one inaccurate word about that meeting. Regardless, none of these allegations would serve as RICO predicates. *See* Kushner Br. at 5-8.

Plaintiff alleges nothing supporting any inference that Kushner ever joined or participated in the alleged scheme to hack and disseminate files, so he cannot have conspired to commit economic espionage or theft of trade secrets. Nor did he obstruct justice,[3] and even if he had, courts consistently deny RICO liability based on an alleged cover-up unless it was a previously agreed upon part of the conspiracy. *See* Kushner Br. at 5-7; *see also Freeman*, 498 F.2d at 575 (must allege subsequent "cover up" was part of prior agreement to count as act of conspiracy); *see also* 1 Mueller Rep. at 187 (refusing to infer scienter from "concealment that occurred more than a year later, involved individuals who did not attend the June 9 meeting, and may reflect an intention to avoid political consequences, rather than any prior knowledge of illegality"[4]).

---

[3] *See* Kushner Br. at 6-7; *see also* 1 Mueller Rep. at 181 ("The investigation did not establish any agreement among Campaign officials or between such officials and Russia-linked individuals-to interfere with or obstruct a lawful function of a government agency during the campaign or transition period.").

[4] Where such obvious alternative motives to conspiratorial intent exist, Plaintiff cannot show that such actions were not "merely consistent with a defendant's liability," which "stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Opposition ignores that *each defendant's* RICO predicates must lead "directly to the plaintiff's injuries," *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006); Kushner Br. at 6; *see also Allstate Ins. Co. v. Lyons*, 843 F. Supp. 2d 358, 373–74 (E.D.N.Y. 2012) ("The alleged RICO violations of each defendant proximately caused Allstate's financial injury and therefore Allstate may properly bring this suit."). The alleged Kushner acts of obstruction did not contribute to Plaintiff's claimed injury, and cannot serve as RICO predicates. This claim must be dismissed.[5]

### C. Plaintiff fails to allege Kushner joined a RICO conspiracy

Plaintiff mischaracterizes Kushner's motion to dismiss as arguing he may not be guilty of a RICO conspiracy unless he "also committed substantive RICO violations," Opp. at 74, but Kushner's argument was that Plaintiff must allege that Kushner agreed to join and facilitate a scheme to secure the election through the illegal means alleged. *See* Kushner Br. at 10. Plaintiff claims a RICO conspiracy defendant need not be capable of committing agreed-upon predicates or be involved in the details of the scheme, Opp. at 75, but to establish that a defendant joined a conspiracy, plaintiff still must plead as to *each defendant* "words or actions [that] manifest[] an agreement to commit two predicate acts in furtherance of the common purpose of a RICO enterprise," *U.S. Fire*, 303 F. Supp. at 453, and "mere knowledge of [a] scheme, even coupled with personal benefit, is not enough …." *Abbott Labs. v. Adelphia Supply USA*, 2017 WL 57802, at *9 (E.D.N.Y. Jan. 4, 2017). Plaintiff failed to do so as to Kushner. Additionally, Kushner also argued that the RICO conspiracy count must fail where the substantive RICO claim is deficient (as it is here). *Nat'l Grp. for Commc'ns & Computers Ltd. v. Lucent Techs. Inc.*, 420 F. Supp. 2d 253, 272 (S.D.N.Y. 2006) ("Case law in this Circuit confirms that a 1962(d) conspiracy

---

[5] In addition to failing to serve as RICO predicates, the allegations pose no threat of continuing criminal activity—a showing required as to each individual defendant. *See* Kushner Br. at 7; Omnibus Reply at 17-18.

6

claim must be dismissed where the substantive RICO claim is deficient.").[6]  This claim must therefore be dismissed.

## II. PLAINTIFF FAILS TO ALLEGE KUSHNER VIOLATED THE WIRETAP ACT OF D.C. UNIFORM TRADE SECRETS ACT

Plaintiff attempts to bypass RICO and conspiracy agreement requirements by arguing that Kushner, collectively with Defendants, illegally "used" unlawfully obtained communications in violation of the Wiretap Act and D.C. Uniform Trade Secrets Act.  Opp. at 78, 93.  Of course, Plaintiff just assumes Kushner was part of the very agreement Plaintiff fails to substantiate, so the Opposition's list of purported "uses" of the information, none of which specifically involve Kushner, does nothing to establish his liability.  *Id.* at 78-80, 93.  No matter how liberally Plaintiff seeks to construe the term "use," it cannot rely solely on attendance at a meeting where Kushner did not solicit or receive anything to implicate him in the alleged wrongdoing—particularly where he is not alleged to have known the information he had hoped to learn was unlawfully obtained.  *See* Kushner Br. at 11-12.[7]  Moreover, not only would the use of such information be constitutionally protected, as it relates to issues of public concern, *see id.*; Omnibus Reply at 1-6, Plaintiff's arguments overlook that even if the files that were stolen were at one time confidential

---

[6] The Opposition also claims throughout that a defendant is "liable for all crimes that his co-conspirator committed" regardless of whether they were committed before he joined the conspiracy.  Opp. at 3; *see also id.* at 74, 99.  But a conspirator is not liable for the substantive offenses committed as part of a conspiracy prior to his joining the conspiracy.  *See Levine v. United States*, 383 U.S. 265, 266 (1966); *United States v. O'Campo*, 973 F.2d 1015, 1021 (1st Cir. 1992); *United States v. Blackmon*, 839 F.2d 900, 908–09 (2d Cir. 1988) ("[W]ith regard to *substantive offenses,* a defendant cannot be retroactively liable for offenses committed prior to his joining the conspiracy.").

[7] At most, the evidence "support[s] an inference that the Campaign anticipated receiving derogatory documents and information from official Russian sources" at the meeting.  1 Mueller Rep. at 185.

or trade secrets, that status was lost the moment they were disseminated publicly by others. *See id.*; *Catalyst & Chem. Servs., Inc. v. Glob. Ground Support*, 350 F. Supp. 2d 1, 9 (D.D.C. 2004) ("[O]nce material is publicly disclosed, it loses any status it ever had as a trade secret.").

### III.  PLAINTIFF FAILS TO ALLEGE KUSHNER WAS PART OF A CONSPIRACY

The Opposition offers nothing new in defending its civil conspiracy claim against Kushner except to extend its misunderstanding of co-conspirator liability to Virginian common law. Opp. at 94-96. Plaintiff's cited cases state that civil conspiracy in Virginia is not independently actionable, but instead serves only as a means of establishing co-conspirator liability for underlying offenses (*i.e.,* one cannot be convicted of "conspiracy," only of the underlying offense through a co-conspirator theory). *See id.* And while it is true that one who agrees to commit and facilitate the underlying offense may be liable even if it is ultimately committed by a co-conspirator, this does not mean, as Plaintiff believes, that one can join the conspiracy after it is committed and incur liability. *See id.* This is because a Virginian civil conspiracy does not exist independently of an agreement to commit the underlying offense animating the claim, and so once that offense is complete, there is no longer a conspiracy to join. *See Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 215, 754 S.E.2d 313, 317 (2014).

### IV.  PLAINTIFF FAILS TO ALLEGE KUSHNER VIOLATED THE VIRGINIA COMPUTER CRIMES ACT

Virginia uses civil conspiracy to extend vicarious liability to joint tortfeasors, and this is restricted to those who agreed to commit the underlying tort, *see supra*, Part III, but Plaintiff again seeks to sidestep the fact that Kushner never agreed to participate in any wrongdoing by stretching the VCCA beyond its statutory scope to include "aiders and abettors." *See* Opp. at 98 ("By contrast, Virginia law recognizes that '[a] defendant who aids and abets in the commission of a tort may be jointly liable for that tort,' even if he is not liable for a separate tort of aiding and

abetting."); *but see L-3 Comm. Corp. v. Serco, Inc.*, 2018 WL 1352093, at *9 (E.D. Va. Mar. 15, 2018) ("Virginia does not recognize an aiding and abetting theory of tort liability."); Omnibus Reply at 25.  This legal theory would effectively overturn the Virginia civil conspiracy doctrine, which does not permit co-conspirator liability on the bases of "aiding and abetting," but Plaintiff fails to state a claim even under that theory because it does not allege that Kushner said or did anything that could possibly be characterized as aiding and abetting.  *See* Kushner Br., at 14-15.  This claim too should therefore be dismissed.  *See Supinger v. Virginia*, 167 F. Supp. 3d 795, 821 (W.D. Va. 2016) (dismissing a conclusory claim under the VCCA because the "complaint lacks sufficient factual allegations 'to raise a right to relief above the speculative level'") (citing *Bell Atl. Corp. v. Twombly*,550 U.S. 544, 555 (2007)).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Mr. Kushner should be dismissed.

Dated: June 3, 2019                                  Respectfully submitted,

/s/ Abbe David Lowell

Abbe David Lowell (NY Bar No. AL2981)
ADLowell@winston.com
Christopher D. Man *(pro hac)*
CMan@winston.com
Kyllan J. Gilmore
KGilmore@winston.com
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006
T: 1-202-282-5000
F: 1-202-282-5100

*Counsel for Jared Kushner*

## CERTIFICATE OF SERVICE

      I certify that on June 3, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties.

Dated:   June 3, 2019                                  /s/ *Christopher D. Man*
                                                              Christopher D. Man

                                                              *Counsel for Jared Kushner*

## CERTIFICATION OF COMPLIANCE

I certify that this memorandum is 3499 words long (inclusive of footnotes) and a total of 9 pages, in compliance with the Court's Scheduling Order dated October 1, 2018.

Dated:   June 3, 2019                                      /s/ *Christopher D. Man*
                                                           Christopher D. Man

                                                           *Counsel for Jared Kushner*